UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
Evansville Division

| | |
|---|---|
| LYNNETTE J. KAISER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALCOA USA CORP. et al.,<br><br>Defendants. | Case No.: 3:20-cv-278<br><br>Demand for Jury Trial |

**[PROPOSED] ORDER GRANTING CLASS REPRESENTATIVE'S
MOTION FOR CLASS CERTIFICATION**

The Court has reviewed the Motion for Class Certification filed by Plaintiff Lynnette J. Kaiser ("Class Representative") on behalf of herself and all other persons similarly situated ("Class Members"). The Court also has reviewed and considered the materials submitted by the Class Representative in support of the Motion, as well as any materials submitted by Defendants in opposition to the Motion. The Court concludes that all requirements of Federal Rule of Civil Procedure 23 are satisfied and accordingly: (1) grants the Motion to Certify; (2) certifies the proposed class ("Class"), which is defined below; (3) appoints Mrs. Kaiser as the representative of the Class; and (4) appoints the law firms Macey Swanson LLP and Feinstein Doyle Payne & Kravec, LLC as class counsel.

The Court makes the following specific findings and rulings:

1.      For a class to be certified, the proposed group of litigants must satisfy the four requirements of Rule 23(a) and fall within one of the three subdivisions of Rule 23(b); in addition, the Court must find that the class is ascertainable, and that the appointment of class counsel satisfies Rule 23(g).

2. The Court finds that the Class is ascertainable. Among other things, Defendants have already communicated with Class Members by mail, advising that their benefits would be terminated, showing that Defendants are able to identify Class Members.

3. Because there are thousands of members in the Class, it is so numerous that joinder of all members is impracticable, satisfying Rule 23(a)(l).

4. There are common questions as to the Class, satisfying Rule 23(a)(2). Common questions include the significance to be accorded to the parties' course of performance, which is common to all Class Members and includes the fact that Alcoa USA Corp., its predecessors, or affiliated companies (collectively, "Alcoa") continued to provide the contractual retiree healthcare benefits at issue in this case for decades.

5. Rule 23(a)(3) is satisfied because the claims of Class Representative Kaiser are typical of the claims of Class. The claims of Mrs. Kaiser and the Class equally arise from, *inter alia*, the parties' course of performance.

6. Rule 23(a)(4) is satisfied because Class Representative Kaiser and her counsel will fairly and adequately protect the interests of the Class. First, Mrs. Kaiser has common interests with the unnamed members of the Class, as established by the fact that Rule 23(a)(2) commonality and Rule 23(a)(3) typicality are satisfied. Further, nothing suggests that Mrs. Kaiser has interests that are conflicting or antagonistic to the interests of Class Members. In addition, Mrs. Kaiser will vigorously represent the interests of the proposed Class through qualified counsel. In particular, the Court has considered the factors set forth in Rule 23(g)(l)(A) with regard to class counsel, as well as the Court's own observations about the conduct and efforts here of Plaintiffs' counsel. As set forth below, the Court concludes that under the considerations set forth in Rule 23(g)(l)(A), class counsel should be appointed.

7.     The Court also finds that the requirements of Rule 23(b)(2) are satisfied, *i.e.*, that Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class.  Specifically, Defendants have terminated company-paid retiree health insurance benefits for Medicare-eligible Class Members on a Class-wide basis. Accordingly, if Plaintiffs establish Defendants' liability, injunctive or declaratory relief is appropriate with respect to the Class as a whole.

8.     The Court also finds that the requirements of Rule 23(b)(l)(A) are satisfied, *i.e.*, that the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the Defendants.

9.     Based on the foregoing, the Court certifies the following Class as to all Counts in the Complaint:

> All former employees of Alcoa USA Corp., its predecessors, or affiliated companies (collectively, "Alcoa") who were represented by the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC, Aluminum Trades Council of Wenatchee, Washington AFL-CIO, the Longview Federated Aluminum Council, or a predecessor union, together with their eligible spouses, surviving spouses, and other dependents, who as of December 31, 2020 were eligible to receive uncapped health care benefits from Alcoa upon attaining Medicare-eligibility, and whose Alcoa-provided benefits or eligibility for those benefits was terminated as of January 1, 2021.

10.    The Court appoints Plaintiff Lynnette J. Kaiser as representative of the Class.

11.    The Court appoints the law firms Feinstein Doyle Payne & Kravec, LLC and Macey Swanson LLP as class counsel.  The Court finds that these attorneys will fairly and adequately represent the interests of the Class, in consideration of the work counsel has done in identifying or investigating potential claims in this action; counsel's experience in handling class

actions, other complex litigation, and claims of the type asserted in this action; counsel's knowledge of the applicable law; and the resources counsel will commit to representing the class.

By the Court:

_____

**Served electronically on all ECF-registered counsel.**