IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| LYNNETTE J. KAISER et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALCOA USA CORP. et al.,<br><br>Defendants. | No. 3:20-cv-278-RLY-MPB |

**DEFENDANTS' MOTION FOR LEAVE TO FILE SURREPLY
IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Defendants Alcoa USA Corp. ("Alcoa"), Retirees Group Benefit Plan for Certain Hourly Employees of Alcoa USA Corp., Medicare Exchange Healthcare Reimbursement Plan for Certain Medicare Eligible Retirees of Alcoa, and Alcoa Medicare Part B Reimbursement Plan for Certain Medicare Eligible Retirees of Alcoa USA (jointly, "Defendants") respectfully file this Motion for Leave to File Surreply in response to Plaintiffs' Reply Memorandum of Law in Support of their Motion for Class Certification, ECF No. 96 (the "Reply"), and state as follows:

1. Good cause exists to grant Defendants leave to file a surreply, as Plaintiffs' Reply attaches and relies heavily upon extensive new arguments and new evidence to which Defendants should have the opportunity to respond. *See Meinders v. UnitedHealthcare, Inc.*, 800 F.3d 853, 858 (7th Cir. 2015) (holding non-movant was deprived of due process after the district court denied his motion to file a surreply to respond to new evidence and argument raised for the first time in the movant's reply brief); *Haynes v. Ind. Univ.*, No. 1:15-cv-01717, 2017 WL 3243895, at *1 (S.D. Ind. July 31, 2017) (granting leave to file surreply to respond to new evidence in reply brief); *see also Brennan v. AT&T Corp.*, No. 04-CV-433, 2006 WL 306755, at

*8 (S.D. Ill. Feb. 8, 2006) (striking movant's "substantial new evidence" in reply brief in support of its earlier arguments because it would be "unfair" for the non-movant to not have an opportunity to respond).

2. Specifically, Plaintiffs' Reply introduces and relies upon extensive new collective bargaining agreements ("CBAs"). *See* ECF No. 97 (attaching 26 new CBAs). Further, Plaintiffs raise new arguments that were nowhere addressed in their opening motion and brief.

3. In their opening brief in support of class certification, Plaintiffs argued that commonality is satisfied by claiming that all of the applicable CBAs and summary plan descriptions ("SPDs") are common across the entire proposed class and contain similar language, and attached excerpts from a total of eight different CBAs. Pls.' Mem. of Law at 2 n.1, 17, ECF No. 82. However, Alcoa showed in its response that the limited number of documents identified by Plaintiffs apply to only a small fraction of the 3,153 putative class members who are divided across 48 facilities, and that Plaintiffs have not identified the majority of the applicable CBAs and SPDs on which they base their claims for a contractual right to benefits. *See* Alcoa's Resp. at 6-8, 10-14, ECF No. 90. Now, in their Reply, Plaintiffs attach and reply upon 26 new CBAs which they claim show that all class members "retired under CBAs with comparable language." Pls.' Reply at 2-6. Plaintiffs also argue, for the first time, that the use of undefined "subclasses" will satisfy commonality.

4. In addition, Plaintiffs' opening brief contended that Plaintiffs could alternatively satisfy commonality through extrinsic evidence such as the parties' course of performance and bargaining history, which they claimed constituted "implied terms" and evidence of past "practice, usage and custom" that could be considered "even where the CBA itself is not before the Court at all," under several principles of CBA interpretation. Pls.' Mem. of Law at 17.

However, Alcoa showed in its response that Plaintiffs' claims for vested benefits depend on the terms of the CBAs and other plan documents, and that their various legal theories of CBA interpretation did not allow them to sidestep those different documents to focus solely on extrinsic evidence in a bid to manufacture commonality.  See Alcoa's Resp. at 14-18.  Now, in their Reply, Plaintiffs argue for the first time that the "cap agreement" negotiations give rise to a classwide "latent ambiguity" in the CBAs and SPDs that opens the door to extrinsic evidence that satisfies commonality.  Reply at 8-12.

     5.     Further, Plaintiffs' opening brief made the conclusory argument that Plaintiffs do not have "any conflicting or antagonistic interests" with any putative class members, and that they have "every incentive to safeguard" their benefits "to which they are contractually entitled."  Pls.' Mem. of Law at 20-21.  Plaintiffs furthermore claimed that the new HRA program is not more financially advantageous than the prior fixed group plan that it replaced.  Id. at 18.  However, Alcoa's response demonstrated the existence of significant conflicts of interest between Plaintiffs and the putative class members that preclude certification.  Specifically, Alcoa showed how independent third-party analysis had determined that 99% of the putative class members would have better coverage through the HRA program than the prior fixed group plan that Plaintiffs are seeking to reinstate.  See Alcoa's Resp. at 20-25.  Now, in their Reply, Plaintiffs pivot to argue for the first time that the relief they are seeking is really "the *option* to return to the reinstated plan," and that there is therefore no conflict of interest for this new reason.  Pls.' Reply at 12-13 (emphasis added).

     6.     Additionally, Plaintiffs' opening brief argued that their proposed class should be certified under Rule 23(b)(1)(A), Rule 23(b)(2), or Rule 23(b)(3).  See Pls.' Mem. of Law at 22-24.  However, Alcoa's Response showed that Plaintiffs have failed to satisfy any of these rules.

3

*See* Alcoa's Resp. at 25-34.  Now, in their Reply, Plaintiffs remark that "this case fits within Rule 23(b)(1)(B) too, which provides that certification is appropriate where an individual adjudication [] 'as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications . . . .'" Pls.' Reply at 17.  Plaintiffs have never before claimed that the proposed class should be certified under Rule 23(b)(1)(B).

7.  Moreover, as previously stated, Alcoa's Response showed that Plaintiffs have failed to satisfy Rule 23(b)(1)(A), Rule 23(b)(2), or Rule 23(b)(3).  *See* Alcoa's Resp. at 25-34.  Now, in their Reply, Plaintiffs seek to rebut Alcoa's arguments by making vague references for the first time to different procedural steps the Court "could" take in managing a class action, including "opting-out" and bifurcation.  Plaintiffs did not raise these arguments in their motion or opening brief.

8.  Plaintiffs' Reply contends that these new arguments and additional evidence show that class certification is proper.

WHEREFORE, Defendants respectfully request that the Court grant them leave to file a surreply, which proposed filing is attached hereto as **Exhibit 1**.

Respectfully submitted,

MARK MILLER LAW OFFICE

Dated: June 8, 2022

/s/ *Mark E. Miller*
Mark E. Miller (Attorney No. 10458-82)
915 Main Street – Suite 203
P.O. Box 3009
Evansville, Indiana  47730
Telephone: 812.303.3444
mmiller@indianalawonline.com

K&L GATES LLP

Thomas Birsic (admitted *pro hac vice*)
Jeffrey Richter (admitted *pro hac vice*)
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222
Telephone: 412.355.6500
Fax: 412.355.6501
thomas.birsic@klgates.com
jeff.richter@klgates.com

Rosemary Alito (admitted *pro hac vice*)
One Newark Center, Tenth Floor
Newark, New Jersey 07102
Telephone: 973.848.4000
Fax: 973.848.4001
rosemary.alito@klgates.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that, on June 8, 2022, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court to be served on all counsel of record by operation of the Court's CM/ECF filing system.

/s/ *Mark E. Miller*
Mark E. Miller