

# UNITED STATES DISTRICT COURT
## Southern District of Indiana

**Kristine L. Seufert, Clerk of Court**

Birch Bayh Federal Building
& U.S. Courthouse, Room 105
46 East Ohio Street
Indianapolis, IN 46204
(317) 229-3700

U.S. Courthouse, Room 104
921 Ohio Street
Terre Haute, IN 47807
(812) 231-1840

Winfield K. Denton Federal Building
& U. S. Courthouse, Room 304
101 NW Martin Luther King Blvd.
Evansville, IN 47708
(812) 434-6410

Lee H. Hamilton Federal Building
& U.S. Courthouse, Room 210
121 West Spring Street
New Albany, IN 47150
(812) 542-4510

April 14, 2025

Joel R. Hurt
FEINSTEIN DOYLE PAYNE & KRAVEC LLC
429 Fourth Avenue
Law & Finance Building
Pittsburgh, PA 15219

Thomas E. Birsic
K&L GATES LLP
210 Sixth Avenue
Pittsburg, PA 15222-2613

RE: LYNNETTE J. KAISER, et al v. ALCOA USA CORP., et al

CAUSE NO: 3:20-cv-00278-RLY-CSW

Dear Appellants and Appellees:

Please be advised that the Notice of Appeal filed in 3:20-cv-00278-RLY-CSW has been forwarded to the United States Court of Appeals for the Seventh Circuit. The Clerk of the Seventh Circuit will assign an appellate case number, docket the appeal, and notify case participants of the Seventh Circuit case number assigned to this matter.

Please review Seventh Circuit Rule 10 (enclosed) for guidance regarding record preparation.

Please contact the Clerk's office with any questions or concerns.

Sincerely,
Kristine L. Seufert
Clerk of Court

By Laura Townsend, Deputy Clerk
812-542-4511

## Selected Rules for Reference

**CIRCUIT RULE 10. Preparation and Accessibility of Record in District Court Appeals**

**(a) Record Preparation Duties.**

**(1) Within 14 days of filing the notice of appeal the district court must ensure the district court docket is complete and made available electronically to the court of appeals.**

**(2) The clerk of the district court must prepare and hold any confidential record or exhibit not available electronically on the district court docket until requested by the court of appeals.**

**(3) Counsel must ensure, within 21 days of filing the notice of appeal, that all electronic and non electronic documents necessary for review on appeal are on the district court docket.**

(b) *Correction or Modification of Record.* A motion to correct or modify the record pursuant to Rule 10(e), Fed. R. App. P., or a motion to strike matter from the record on the ground that it is not properly a part thereof must be presented first to the district court. That court's order ruling on the motion must be included as part of the record and a notice of the order must be sent to the court of appeals.

(c) *Order or Certification with Regard to Transcript.* Counsel and court reporters are to utilize the form prescribed by this court when ordering transcripts or certifying that none will be ordered. For specific requirements, see Rules 10(b) and 11(b), Fed. R. App. P.

(d) *Ordering Transcripts in Criminal Cases.*

(1) *Transcripts in Criminal Justice Act Cases.* At the time of the return of a verdict of guilty or, in the case of a bench trial, an adjudication of guilt in a criminal case in which the defendant is represented by counsel appointed under the Criminal Justice Act (C.J.A.), counsel for the defendant must request a transcript of testimony and other relevant proceedings by completing a C.J.A. Form No. 24 and giving it to the district judge. If the district judge believes an appeal is probable, the judge must order transcribed so much of the proceedings as the judge believes necessary for an appeal. The transcript must be filed with the clerk of the district court within 40 days after the return of a verdict of guilty or, in the case of a bench trial, the adjudication of guilt or within seven days after sentencing, whichever occurs later. If the district judge decides not to order the transcript at that time, the judge must retain the C.J.A. Form No. 24 without ruling. If a notice of appeal is filed later, appointed counsel or counsel for a defendant allowed after trial to proceed on appeal in forma pauperis must immediately notify the district judge of the filing of a notice of appeal and file or renew the request made on C.J.A. Form No. 24 for a free transcript.

(2) *Transcripts in Other Criminal Cases.* Within 14 days after filing the notice of appeal in other criminal cases, the appellant or appellant's counsel must deposit with the court reporter the estimated cost of the transcript ordered pursuant to Rule 10(b), Fed. R. App. P., unless the district court orders that the transcript be paid for by the United States. A non-indigent appellant must pay a pro rata share of the cost of a transcript prepared at the request of an indigent co-defendant under the Criminal Justice Act unless the district court determines that fairness requires a different division of the cost. Failure to comply with this paragraph will be cause for dismissal of the appeal.

(e) *Indexing of Transcript.* The transcript of proceedings to be part of the record on appeal (and any copies prepared for the use of the court or counsel in the case on appeal) must be bound by the reporter, with the pages consecutively numbered throughout. The transcript of proceedings must contain a suitable index, as well as the following information:

(1) An alphabetical list of witnesses, giving the pages on which the direct and each other examination of each witness begins.

(2) A list of exhibits by number, with a brief description of each exhibit indicating the nature of its contents, and with a reference to the pages of the transcript where each exhibit has been identified, offered, and received or rejected.

(3) A list of other significant portions of the trial such as opening statements, arguments to the jury, and instructions, with a reference to the page where each begins.

When the record includes transcripts of more than one trial or other distinct proceeding, and it would be cumbersome to apply this paragraph to all the transcripts taken together as one, the rule may be applied separately to each transcript of one trial or other distinct proceeding.

(f) *Presentence Reports.* The presentence report is part of the record on appeal in every criminal case. The district court must maintain this report under seal, unless it has already been placed in the public record in the district court. If the report is under seal, the report may not be included in the appendix to the brief or the separate appendix under Fed. R. App. P. 30 and Circuit Rule 30. Counsel of record may review the presentence report but may not review the probation officer's written comments and any other portion submitted in camera to the trial judge.

(g) *Effect of Omissions from the Record on Appeal.* When a party's argument is countered by a contention of waiver for failure to raise the point in the trial court or before an agency, the party opposing the waiver contention must give the record cite where the point was asserted and also ensure that the record before the court of appeals contains the relevant document or transcript.

NOTE:   The complete Federal Rules of Appellate Procedure & Rules of the 7th Circuit Court of Appeals are available at: http://www.ca7.uscourts.gov/Rules/Rules/rules.pdf



# UNITED STATES DISTRICT COURT
## Southern District of Indiana

**Kristine L. Seufert, Clerk of Court**

| | | | |
|---|---|---|---|
| Birch Bayh Federal Building<br>& U.S. Courthouse, Room 105<br>46 East Ohio Street<br>Indianapolis, IN 46204<br>(317) 229-3700 | U.S. Courthouse, Room 104<br>921 Ohio Street<br>Terre Haute, IN 47807<br>(812) 231-1840 | Winfield K. Denton Federal Building<br>& U. S. Courthouse, Room 304<br>101 NW Martin Luther King Blvd.<br>Evansville, IN 47708<br>(812) 434-6410 | Lee H. Hamilton Federal Building<br>& U.S. Courthouse, Room 210<br>121 West Spring Street<br>New Albany, IN 47150<br>(812) 542-4510 |

April 14, 2025

RE:  LYNNETTE J. KAISER, et al v. ALCOA USA CORP., et al

CAUSE NO:  3:20-cv-00278-RLY-CSW

Dear Appellants:

A Notice of Appeal was filed in the above case on April 11, 2025. However, a "Docketing Statement" was <u>not filed</u> along with the Notice of Appeal, as required by <u>Circuit Rule 3(c)</u> of the U.S. Court of Appeals for the Seventh Circuit. A copy of the rule is attached for reference.

Pursuant to the Seventh Circuit Rule 3(c), the appellant must serve on all parties a docketing statement and file said statement with the Clerk of the Seventh Circuit within seven (7) days of the filing of the Notice of Appeal.

<u>IMPORTANT</u>: Please do not submit the docketing statement to the U.S. District Court. The docketing statement must be filed electronically with the Seventh Circuit pursuant to Circuit Rule 25.  If the appellant is proceeding pro se, then the docketing statement should be filed on paper by mailing the same to the address below:

> Christopher Conway, Clerk
> United States Court of Appeals
> 219 South Dearborn Street, Suite 2722
> Chicago, IL 60604

Please contact the Clerk's office with any questions or concerns.

> Sincerely,
> Kristine L. Seufert,
> Clerk of Court
>
> By Laura Townsend, Deputy Clerk
> 812-542-4511

## Selected Rules for Reference

CIRCUIT RULE 3. Notice of Appeal, Docketing Fee, Docketing Statement, and Designation of Counsel of Record

(a) *Forwarding Copy of Notice of Appeal.* When the clerk of the district court sends to the clerk of this court a copy of the notice of appeal, the district court clerk shall include any docketing statement. In civil cases the clerk of the district court shall include the judgments or orders under review, any transcribed oral statement of reasons, opinion, memorandum of decision, findings of fact, and conclusions of law. The clerk of the district court shall also complete and include the Seventh Circuit Appeal Information Sheet in the form prescribed by this court.

(b) *Dismissal of Appeal for Failure to Pay Docketing Fee.* If a proceeding is docketed without prepayment of the docketing fee, the appellant shall pay the fee within 14 days after docketing. If the appellant fails to do so, the clerk is authorized to dismiss the appeal.

(c)(1) *Docketing Statement.* The appellant must serve on all parties a docketing statement and file it with the clerk of the district court at the time of the filing of the notice of appeal or with the clerk of this court within seven days of filing the notice of appeal. The docketing statement must comply with the requirements of Circuit Rule 28(a). If there have been prior or related appellate proceedings in the case, or if the party believes that the earlier appellate proceedings are sufficiently related to the new appeal, the statement must identify these proceedings by caption and number. The statement also must describe any prior litigation in the district court that, although not appealed, (a) arises out of the same criminal conviction, or (b) has been designated by the district court as satisfying the criteria of 28 U.S.C. §1915(g). If any of the parties to the litigation appears in an official capacity, the statement must identify the current occupant of the office. The docketing statement in a collateral attack on a criminal conviction must identify the prisoner's current place of confinement and its current warden; if the prisoner has been released, the statement must describe the nature of any ongoing custody (such as supervised release) and identify the custodian. If the docketing statement is not complete and correct, the appellee must provide a complete one to the court of appeals clerk within 14 days after the date of the filing of the appellant's docketing statement.

(2) Failure to file the docketing statement within 14 days of the filing of the notice of appeal will lead to the imposition of a $100 fine on counsel. Failure to file the statement within 28 days of the filing of the notice of appeal will be treated as abandonment of the appeal, and the appeal will be dismissed. When the appeal is docketed, the court will remind the litigants of these provisions.

(d) *Counsel of Record.* The attorney whose name appears on the docketing statement or other document first filed by that party in this court will be deemed counsel of record, and a separate notice of appearance need not be filed. If the name of more than one attorney is shown, the attorney who is counsel of record must be clearly identified. (There can be only one counsel of record.) If no attorney is so identified, the court will treat the first listed as counsel of record. The court will send documents only to the counsel of record for each party, who is responsible for transmitting them to other lawyers for the same party. The docketing statement or other document must provide the post office address and telephone number of counsel of record. The names of other members of the Bar of this Court and, if desired, their post office addresses, may be added but counsel of record must be clearly identified. An attorney representing a party who will not be filing a document shall enter a separate notice of appearance as counsel of record indicating the name of the party represented. Counsel of record may not withdraw, without consent of the court, unless another counsel of record is simultaneously substituted.

NOTE:   The complete Federal Rules of Appellate Procedure & Rules of the 7th Circuit Court of Appeals are available at: http://www.ca7.uscourts.gov/Rules/Rules/rules.pdf

## THE SETTLEMENT CONFERENCE PROGRAM
## U.S. COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Pursuant to Rule 33 of the Federal Rules of Appellate Procedure[1] and Circuit Rule 33, the Court conducts conferences with counsel and clients to encourage and facilitate the settlement of civil appeals. Rule 33 conferences are conducted in all types of fully-counseled civil appeals except immigration, social security, habeas corpus, prisoners' civil rights, sentencing, and mandamus cases. The Court spontaneously notices most eligible appeals for Rule 33 conferences. Attorneys for one or more parties may also request that a conference be conducted in any eligible case.

Counsel and clients are well-advised to explore opportunities for settlement at the appellate level.Regardless of how unlikely it may seem, the fact is that many cases can be settled at this stage, substituting a certain and acceptable outcome for the risk and expense of further litigation. The Court's Settlement Conference Office has assisted counsel in settling many appeals without unduly delaying the progress of those appeals which do not yield to settlement efforts.      The following information is intended to assist practitioners and their clients in understanding how the Seventh Circuit's settlement conference program works and how they can make the best use of it to achieve favorable results.

- **How do counsel learn that a Rule 33 conference will be conducted in their appeal?**
  A Notice of Rule 33 Settlement Conference is posted on the docket. The Notice is an order of the Court advising counsel of the date and time of the conference, whether it is to be in person or by telephone, and how they and their clients are expected to prepare.

- **How can a Rule 33 conference be requested?**
  Counsel are invited to request a Rule 33 conference by contacting the Settlement Conference Office, U.S. Court of Appeals for the Seventh Circuit, 219 S. Dearborn, Room 1120, Chicago, Illinois 60604-1705 (Tel. (312) 435-6883/Fax (312) 435-6888/E-mail:  settlement@ca7.uscourts.gov ). At the request of any party or parties in an eligible appeal, the Settlement Conference Office will schedule a Rule 33 conference if its calendar permits. Counsel are then advised by notice that a conference will be held.

- **Do other parties have to be informed that a conference was requested?**
  No. If a party prefers to keep its request confidential, the Settlement Conference Office will not disclose to other parties or to the Court that the conference was requested.

- **Is participation in Rule 33 conferences optional?**
  No. When a Rule 33 conference is scheduled, participation is mandatory.

- **Are clients required to attend?**
  Clients and insurance representatives are required to attend Rule 33 conferences whenever the Settlement Conference Office so directs. When clients or insurance representatives have not been directed to attend the initial conference, they must be available by phone – with full settlement authority – for the duration of the conference.

- **Is it mandatory to settle?**
  No. Whether to settle is ultimately for the parties and their counsel to decide. However, counsel and parties are required to participate with the utmost diligence and good faith. Experience shows that settlements can often be achieved when neither side thought it possible.

---

[1] FRAP Rule 33 provides: "Appeal Conferences. The Court may direct the attorneys, and in appropriate cases the parties, to participate in one or more conferences to address any matter that may aid in the disposition of the proceedings, including the simplification of the issues and the possibility of settlement. A conference may be conducted in person or by telephone and be presided over by a judge or other person designated by the court for that purpose. Before a settlement conference, attorneys must consult with their clients and obtain as much authority as feasible to settle the case. As a result of a conference, the court may enter an order controlling the course of the proceedings or implementing any settlement agreement."

- **Who conducts Rule 33 conferences?**
  The Court has delegated the responsibility for conducting Rule 33 conferences to three full-time conference attorneys: Joel N. Shapiro, Rocco J. Spagna, and Jillisa Brittan. All were civil litigators in private practice prior to their appointment by the Court.

- **Is there a fee for the services of the conference attorney?**
  No. The assistance of the Settlement Conference Office is available to appellate litigants at no charge.

- **Must each party's lead attorney attend the Rule 33 conference?**
  Yes. It is essential that each party be represented at the Rule 33 conference by an attorney who not only is conversant with the case but is the attorney on whose advice the party relies. If more than one attorney meets these criteria, either of them may represent the client in the Rule 33 conference.

- **How is it decided whether a Rule 33 conference will be conducted by telephone or in person?**
  When all participants reside in the Chicago metropolitan area, Rule 33 conferences are usually held in the Settlement Conference Office at the United States Courthouse. Otherwise, conferences are generally conducted by telephone. The telephone equipment used in these conferences can accommodate more than a dozen separate lines and enables the conference attorney to speak privately with any combination of participants. Experience indicates that telephone conferences are generally as effective as in-person conferences in fostering settlements.

- **Are in-person conferences ever held outside Chicago?**
  Because the resources of the settlement conference program are limited, in-person conferences cannot routinely be held throughout the Circuit. However, from time to time in-person conferences are conducted at locations other than Chicago. If the participants believe that an in-person conference outside Chicago would be more productive than a conference by telephone, they are welcome to suggest it.

- **Are Rule 33 conferences confidential?**
  Yes. The Court requires all participants to keep what is said in these conferences strictly confidential. Communications, oral and written, which take place in the course of Rule 33 proceedings may not be disclosed to anyone other than the litigants, their counsel, and the conference attorney.

- **Do judges of the Court of Appeals learn what has happened at a Rule 33 conference?**
  No. Participants in Rule 33 conferences, including the conference attorney, are forbidden to impart to any judge or other court personnel, in the Court of Appeals or elsewhere, what has been communicated in these conferences.

- **What occurs at a Rule 33 conference?**
  Rule 33 conferences are official proceedings of the Court but are off-the-record and relatively informal. Discussion is conversational rather than argumentative. The focus is on realistically assessing the prospects of the appeal, the risks and costs of further litigation, the interests of the parties, and the benefits each side can gain through settlement. The conference attorney ordinarily meets with counsel both together and separately. Settlement proposals are discussed. A resolution may or may not be reached during the initial conference. Often, follow-up conferences or shuttle negotiations are conducted. Letters or draft proposals may be exchanged. By the conclusion of the Rule 33 process, the parties will have either reached an agreement to settle or learned how far apart they are and what are the remaining obstacles to settlement.

- **Is discussion of settlement limited to the appeal itself?**
  Not necessarily. If settlement of the appeal will not dispose of the entire case, or if related litigation is pending in other forums, the parties are invited and encouraged to explore the possibility of a global settlement.

- **Is briefing deferred when a Notice of Rule 33 Conference is issued?**
  Briefing is usually postponed until after the initial conference. If further modification of the briefing schedule would be conducive to settlement, an order to that effect may later be entered. What preparation is required of

counsel? In preparation for the initial Rule 33 conference, attorneys are required to consult rigorously with their clients and obtain as much authority as feasible to settle the case. Counsel must also review their legal and factual contentions with a view to being able to discuss candidly the prospects of the appeal and the case as a whole. If the conference attorney requests copies of pleadings, hearing transcripts, or other material in anticipation of the conference, counsel are expected to provide it promptly.

- **What is the role of the conference attorney?**

Because the format of Rule 33 conferences is flexible and each appeal is dealt with on its own terms, the conference attorney plays a variety of roles. He or she acts as moderator, facilitator, and intermediary. The conference attorney serves as a neutral evaluator and a reality check. He or she may suggest terms of settlement. Without being coercive, the conference attorney acts as a determined advocate for settlement.

- **What can counsel expect of the conference attorney**?

Before the initial conference, the conference attorney will have familiarized him or herself with the history of the litigation, the posture of the case, and the issues on appeal. During the conference, the conference attorney will seek additional information about the background of the dispute and the parties' interests, claims and defenses in order to explore all possibilities for a voluntary resolution. The conference attorney is strictly impartial. He or she does not advocate for any party and avoids making comments that could advantage one side or another in arguing the issues on appeal. The conference attorney will disclose any affiliation or prior representation of which he or she is aware that could call his or her neutrality into question. The conference attorney does not force any party to settle or to accept terms it is not willing to accept. While he or she urges parties to take advantage of opportunities to settle favorably, the conference attorney recognizes that settlement is not always possible.

- **How can counsel make best use of the Rule 33 conference to benefit their clients?**

Recognize that the Rule 33 conference is an opportunity to achieve a favorable outcome for your client. Without laying aside the advocate's responsibility, approach the conference as essentially cooperative rather than adversarial. Help your client make settlement decisions based not on overconfidence or wishful thinking, but on a realistic assessment of the case; not on emotion, however justified it may be, but on rational self-interest. Suggest terms of settlement that maximize the benefits of settlement for all parties. Take advantage of the opportunity to talk confidentially and constructively with counsel for the other parties and, if clients are present, to address them respectfully but convincingly. Let the conference attorney know how he or she can help you obtain a satisfactory resolution. Be candid. Don't posture. Listen closely to what other participants have to say. Give the process a chance to work.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| LYNNETTE J. KAISER, on behalf of herself and all others similarly situated, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:20-cv-00278-RLY-CSW |
| ALCOA USA CORP., *et al.*, | ) ) | |
| Defendants. | ) ) | |

**ENTRY GRANTING PLAINTIFFS' PARTIAL MOTION FOR SUMMARY JUDGMENT AS TO LIABILITY AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT**

On January 1, 2021, Defendant Alcoa USA Corporation[1] unilaterally terminated the health benefits it provided to Medicare-eligible retirees through a fixed group health plan and replaced that plan with a health reimbursement arrangement.  Plaintiffs are a group of former Alcoa employees and Union members[2] who retired from Alcoa plants prior to the 1993 collective bargaining agreement taking effect and their dependents.[3] They contend Alcoa guaranteed them lifetime healthcare benefits that could not be unilaterally diminished by Alcoa and that the new health reimbursement arrangement

---

[1] The other Defendants are three ERISA plans sponsored and administered by Alcoa for the retiree plaintiffs.

[2] Two national Unions that engaged in bargaining with Alcoa for the collective bargaining agreements at issue in this case are also plaintiffs.

[3] Because Alcoa has merged (and then later separated from) other companies over the years, not all retirees in the class are "Alcoa" retirees.  The court refers to all members of the class as "Alcoa retirees" because no party disputes that Alcoa provides all members of the class their retirement benefits.  Moreover, none of the current litigants have discussed any differences between different groups of retirees, nor proposed any subclasses for the resolution of issues particular to one group of retirees, but not any other.

1

operates to reduce their healthcare benefits in violation of those guarantees. This court certified a Rule 23(b)(2) class to answer the common question of whether Alcoa first received the ability to limit retirees' future benefits in the 1993 collective bargaining agreement. Following the close of discovery, Plaintiffs and Defendants moved for summary judgment. The court heard oral argument on those motions on January 25, 2024. For the reasons that follow, the court now **GRANTS** Plaintiffs' motion for partial summary judgment as to liability and **GRANTS in part** and **DENIES in part** Defendants' cross-motion for summary judgment.

## I.    Background

Alcoa, like many corporations, bargains with collective groups of employees who have formed unions. (*See, e.g.*, Filing No. 147-9, 1988 Alcoa-USW Collective Bargaining Agreement). These negotiations have resulted in collective bargaining agreements stretching at least as far back as 1968. (*See* Filing No. 97-1, 1968 Alcoa-USW Collective Bargaining Agreement). Each of these agreements contains promises by Alcoa to provide employees healthcare benefits during their retirements. (*See, e.g.*, 1988 Alcoa-USW Collective Bargaining Agreement at 98). The exact scope of these promises is the issue in this case.

Beginning with the 1993 changes to the generally accepted accounting principles, Alcoa faced increasing healthcare costs. *See, e.g.*, *Curtis v. Alcoa, Inc.*, No. 3:06-cv-448,

2011 WL 850410, at ¶ 7 (E.D. Tenn. March 9, 2011)).[4]  This led to Alcoa proposing a cap on the healthcare expenditures it would expend on behalf of the retirees around the same time.  (Filing No. 136-8, Porter Dep. at 28–37).  After much gnashing of teeth by the Unions and concessions from Alcoa, the Unions allowed Alcoa to implement a cap but required deferring the cap's implementation until after the next round of collective bargaining.  (*Id.*).  At first, the parties could not agree to when the cap would engage but ultimately agreed to implement the cap on January 1, 2007.  (Filing No. 136-11, Kovaloski Dep. at 26–32).

When Alcoa attempted to implement the cap, a group of retirees who retired after the 1993 cap agreement brought suit.  *Curtis*, 2011 WL 850410.  In their view, the cap was not supposed to be real, but was for accounting purposes only.  *See id.* at ¶ 264.  The post-1993 retirees sought a preliminary injunction, which Alcoa defeated in part on the ground that the post-1993 retirees—who were seeking lifetime, uncapped benefits— "seek to receive benefits as if they had retired before June 1, 1993."  (Filing No. 132-4 at 22).  Alcoa also sought summary judgment on the explanation that plaintiffs' "theory is that this cap letter had no effect whatsoever, that the rights of the people who retired after 1993 are exactly the same as the rights of people who retired before 1993."  (Filing No. 132-21 at 59).  After the *Curtis* court denied summary judgment, the case proceeded to an

---

[4] The court takes judicial notice of the *Curtis* trial and appellate docket pursuant to Federal Rule of Evidence 201.  *See Daniel v. Cook Cnty.*, 833 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts.").

eight-day bench trial where Alcoa explained it "will [pay healthcare benefits] for the rest of these people's lives." (*Id.* at 72).

Ultimately, the *Curtis* district court, in a comprehensive decision, found for Alcoa and explained the promise of healthcare benefits was a promise of healthcare benefits for life, but those lifelong benefits were subject to the healthcare cap. *Curtis*, 2011 WL 850410, at ¶ 237 ("[P]laintiffs' health benefits are lifetime benefits . . . subject to the cap."). Yet that court's judgment did not contain any declaration that the plaintiffs had lifelong healthcare benefits. (*Curtis*, Docket at Filing No. 524 ("**IT IS ORDERED AND ADJUDGED** that the plaintiffs take nothing . . . .") (emphasis in original)). The post-1993 retirees sought to amend that judgment to add an express declaration that "Plaintiffs' healthcare benefits under the Alcoa Inc. plan(s) are vested lifetime benefits in accordance with ¶¶ 236 and 237 of the Court's Findings of Fact and Conclusions of Law filed March 9, 2011." (Filing No. 132-25, at 1). Alcoa opposed the motion on the ground that "[e]ven before this Court's ruling, Alcoa was committed to providing benefits to members of the plaintiff class at the 2006 cap level; as such, a formal order that those benefits are vested would provide members of the class with nothing more than what Alcoa has agreed to give them." (Filing No. 132-27 at 2). The *Curtis* court denied the retirees' motion. (*Curtis*, Docket at Filing No. 541).

The retirees appealed; Alcoa did not cross-appeal nor contest the district court's findings. (*See generally Curtis v. Alcoa*, No. 12-5801, 6th Cir. Docket). Based on Alcoa's arguments that the district court correctly found the post-1993 retirees' benefits had vested but were subject to the cap, the Sixth Circuit affirmed and explicitly

4

reaffirmed that the retirees had lifelong healthcare benefits. *Curtis v. Alcoa*, 525 F. App'x 371, 381 (6th Cir. 2013) (explaining the district court did not commit error in finding "plaintiffs are entitled to *lifetime*, capped *healthcare benefits*") (emphasis in original). Alcoa did not seek a modification of that order, a rehearing *en banc*, or cross-petition for a writ of certiorari. (*See generally Curtis v. Alcoa*, 6th Cir. Docket).

Things proceeded amicably until Alcoa announced it would transition pre-1993 retirees from their old, fixed group health plan to a newer health reimbursement arrangement. (Filing No. 90-1, Ackerman Decl. ¶¶ 2, 7). Willis Towers Watson provided some analysis indicating this would provide cost savings for retirees in the short term. (Ackerman Decl. ¶ 3–5). However under the health reimbursement arrangement, Alcoa could terminate healthcare benefits "at any time," 33% of post-1993 retirees are not receiving healthcare benefits, and the burden of inflation shifts from Alcoa onto the retirees. (Filing No. 49-1, New Plan SPD at 3; Filing No. 90, Alcoa's Br. in Opp. to Class Certification at 5; Filing No. 150-5, Allen Dep. at 176). Believing this new plan reduced their benefits and that Alcoa had promised them lifelong benefits that could not be unilaterally reduced (as Alcoa stated in the *Curtis* litigation), Plaintiff Lynette Kaiser brought suit on behalf of a putative class of pre-1993 retirees and their dependents and spouses to enjoin Alcoa from removing the old plan. (Filing No. 1, Compl.). The court certified this class as proposed. (Filing No. 108).

## II.    Legal Standard

Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

of law." Fed. R. Civ. P. 56(a).  That requires reviewing the record in the "light most favorable to the nonmoving party and draw[ing] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009).  When reviewing cross-motions for summary judgment, "we construe all inferences in favor of the party against whom the motion under consideration is made." *Schlaf v. Safeguard Prop., LLC*, 899 F.3d 459, 465 (7th Cir. 2018) (quoting *Hendricks-Robinson v. Excel Corp.*, 154 F.3d 685, 692 (7th Cir. 1998)).

The mere existence of an alleged factual dispute is not sufficient to defeat a motion for summary judgment.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).  That is because "[i]t is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which [it] relies." *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008).

## III.    Discussion

The retirees bring a civil action under 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(3) to enforce the collective bargaining agreements the retirees retired under.  In their view, the collective bargaining agreements promised them lifelong healthcare benefits, which were abridged when Alcoa transitioned them from the old, fixed group health plan to the new health reimbursement arrangement plan.  The parties spill a considerable amount of ink discussing the exact contours of the specific bargaining agreements and why these agreements do or do not provide healthcare benefits for the rest of the retirees' lives.  The court, however, begins with whether the doctrine of judicial estoppel prohibits Alcoa

from arguing the retirees do not have lifelong healthcare benefits. Finding that it does, the court need proceed no farther into the analysis of whether the retirees have lifelong healthcare benefits, and thus turns to Alcoa's non-estopped arguments for summary judgment: the retirees have not shown the new plan is not reasonably commensurate with the old plan, and the retirees' claim under 29 U.S.C. § 1132(a)(3) is barred by their claim under 29 U.S.C. § 1132(a)(1)(B). The court takes these arguments in turn.

### A.    Judicial Estoppel

"[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position . . . ." *Davis v. Wakelee*, 156 U.S. 680, 689 (1895). This rule is judicial estoppel, and its purpose is to "prevent the perversion of the judicial process." *In re Cassidy* 892 F.2d 637, 641 (7th Cir. 1990). Due to its purpose, judicial estoppel "is an equitable doctrine invoked by a court at its discretion." *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). And because the doctrine may be invoked *sua sponte*, the court need not accept a waiver of it. *See Bethesda Lutheran Homes & Servs., Inc. v. Born*, 238 F.3d 853, 858 (7th Cir. 2001).

Three factors guide the court's discretion in applying judicial estoppel. *In re Knight-Celotex, LLC*, 695 F.3d 714, 721 (7th Cir. 2012) (citing *New Hampshire*, 532 U.S. at 750–51). First, whether the party against whom estoppel is sought has taken a position "clearly inconsistent" with its earlier position. *United States v. Hook*, 195 F.3d 299, 306 (7th Cir. 1999). Second, whether the party succeeded in persuading a court to accept that party's earlier position. *See Frazier-Hill v. Chi. Transit Auth.*, 75 F.4th 797,

804 (7th Cir. 2023) ("Having convinced the district court otherwise, the doctrine of judicial estoppel prevents [Plaintiff] from having it both ways). And third, whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *In re Knight*, 695 F.3d at 721–22.

This is not a set of "inflexible prerequisites or an exhaustive formula" for applying judicial estoppel, *New Hampshire*, 532 U.S. at 751; rather, these three factors are "general guideposts that must be considered in the context of all the relevant equities in any given case," *In re Knight*, 695 F.3d at 722. Thus, other considerations, such as the magnitude of the interpretative task left to the district court in the original proceeding, can influence the analysis. *See In re Airadigm Commc'ns, Inc.*, 616 F.3d 642, 662–63 (7th Cir. 2010) (finding judicial estoppel "particularly appropriate in the setting of this case, in which the parties . . . assist[ed] the bankruptcy court in interpreting the meaning of" a reorganization plan). For example, in *Airadigm*, a bankruptcy court was challenged with interpreting a complicated, seven-year-old plan of reorganization. *Id.* at 647. In considering that plan, the bankruptcy court heard argument from the financier of the reorganization, who argued in the papers and at oral argument that a different "Back-up plan" controlled a creditor's claim which did not allow for recovery by the creditor. *Id.* at 662. The bankruptcy court agreed, which saved the financier $47 million on the $49 million claim. *Id.* On appeal and after the creditor assigned its claims to the financier, the financier reversed course and argued it was entitled to the $49 million claim under the primary plan of reorganization. *Id.* at 661. The Seventh Circuit applied judicial estoppel

8

because the "bankruptcy court was faced with no small task" due to "numerous interpretative difficulties." *Id.* If the court allowed a beneficiary to that agreement to change course, "it would give the impression that, rather than helping the bankruptcy court to interpret the plan, [the financier] hoodwinked that court." *Id.*

The application of judicial estoppel is appropriate here to bar Alcoa from arguing it is not obligated to provide pre-1993 retirees lifetime benefits. First, Alcoa's position in this litigation is diametrically opposed to its position in *Curtis v. Alcoa, Inc.*, No. 3:06-cv-448, 2011 WL 850410 (E.D. Tenn. Mar. 9, 2011). That litigation concerned the healthcare benefits cap Alcoa and the Unions negotiated in 1993 for post-1993 retirees. When Alcoa sought to implement the cap, in accord with its agreement with the Unions, a group of employees sued arguing that "the cap [was] not real," and was, instead, to disguise Alcoa's retiree obligations for accounting purposes. *Id.* at *45, 49. That court found for Alcoa after an eight-day bench trial and held "that plaintiffs are entitled to lifetime, capped healthcare benefits." *Id.* at 55.

In *Curtis*, Alcoa made multiple statements relevant to proceedings here. For example, in opposing the *Curtis* plaintiffs' motion for a preliminary injunction, Alcoa explained that the post-1993 retirees—who were seeking lifetime, uncapped benefits— "seek to receive benefits as if they had retired before June 1, 1993," which necessarily implies that pre-1993 retirees had lifetime, uncapped benefits. (Filing No. 132-4 at 22). And this was not merely a blunder; Alcoa explained the *Curtis* plaintiffs' "theory" was untenable because that theory would mean "that th[e] cap letter had no effect whatsoever, that the rights of the people who retired after 1993 are exactly the same as the rights of

9

people who retired before 1993." (Filing No. 132-21 at 59). In other words, Alcoa took the position before the *Curtis* district court that without the cap, "the rights" of pre- and post-1993 retirees "are the same," (i.e., the only difference between pre- and post-1993 retirees was the cap). (*Id.*).

Alcoa further represented that retiree health benefits were guaranteed for life. For example, it explained to the *Curtis* court that it would continue to pay retirees' healthcare benefits for the rest of their lives, which necessitated the cap in the first instance. (*Id.* at 87 ("Alcoa's paying almost $8,000 per person pre-Medicare. We'll continue to do that for the rest of their lives.")). Further context makes clear that Alcoa made this comment in reference to the written CBA between Alcoa and the Union. (*Id.* at 72 ("We are forced to return to the written . . . deal. Alcoa is living up to that deal. Alcoa . . . will [pay healthcare benefits] for the rest of these people's lives.")). Further, after the district court entered judgment for Alcoa, the plaintiffs sought to amend that judgment to add an express declaration that "Plaintiffs' healthcare benefits under the Alcoa Inc. plan(s) are vested lifetime benefits in accordance with ¶¶ 236 and 237 of the Court's Findings of Fact and Conclusions of Law filed March 9, 2011." (Filing No. 132-25, at 1). Alcoa opposed the motion, but not on whether Plaintiffs were entitled to vested benefits: "Even before this Court's ruling, Alcoa was committed to providing benefits to members of the plaintiff class at the 2006 cap level; as such, a formal order that those benefits are vested would provide members of the class with nothing more than what Alcoa has agreed to give them." (Filing No. 132-27 at 2). That, ultimately, persuaded the *Curtis* court not to amend its judgment.

These representations are clearly inconsistent with Alcoa's position in this case. Alcoa now contends it never promised any retirees that it would provide healthcare benefits for the rest of their lives. (*But see* Filing No. 132-21 at 87 ("Alcoa's paying almost $8,000 per person pre-Medicare. We'll continue to do that for the rest of their lives")). Moreover, Alcoa quite clearly explained in *Curtis* that it believed there to be a singular difference between pre-1993 and post-1993 retirees: the cap. If, as Alcoa represented to the *Curtis* court, post-1993 retirees have lifetime healthcare benefits, Alcoa necessarily represented that pre-1993 retirees had lifetime healthcare benefits because, according to Alcoa, the only difference between the two groups was the presence of the cap for post-1993 retirees.

Most importantly, these representations persuaded the *Curtis* court. That court adopted the exact position suggested by Alcoa that post-1993 retirees were "entitled to lifetime, capped healthcare benefits." *Curtis*, 2011 WL 850410, at *55; (*cf.* Filing No. 132-21 at 72 ("The Union agreed to th[e] cap. . . . We are forced to return to the written . . . deal. Alcoa is living up to that deal. Alcoa . . . will [pay healthcare benefits] for the rest of these people's lives.")). Alcoa certainly took this as a victory when it explained that "[t]he Court agreed with Alcoa—that Plaintiffs' benefits had vested 'subject to the cap' . . . ." (Filing 132-27 at 7). The district court even acceded to Alcoa's argument that no specific declaration that post-1993 retirees had lifetime healthcare benefits was necessary because such a declaration would be duplicative of Alcoa's contractual promises when it denied Plaintiffs' motion to amend the judgment. *See Curtis v. Alcoa, Inc.*, No. 3:06-cv-448, Filing No. 541 (E.D. Tenn. June 11, 2012). Alcoa's

11

representations and concessions that retirees had lifetime healthcare benefits were so pervasive that the Sixth Circuit remarked off-hand that "[u]nder the parties' 1988 CBA that expired in 1992, [Alcoa] provided lifetime, uncapped retiree healthcare benefits." *Curtis v. Alcoa, Inc.*, 525 F. App'x 371, 373 (6th Cir. 2013). Put differently, based on Alcoa's representations that it agreed with the *Curtis* plaintiffs' position on the length of benefits, it was simply unquestioned that pre-1993 retirees had lifetime healthcare benefits.

Allowing Alcoa to reverse course and argue that pre-1993 employees have no guaranteed lifetime retiree healthcare benefits would provide Alcoa an unfair advantage. As the Seventh Circuit has explained, "[j]udicial estoppel is designed to prevent parties from obtaining an unfair advantage *by* taking a present position that is inconsistent with one successfully taken in the past." *Massuda v. Panda Exp., Inc.*, 759 F.3d 779, 783 (7th Cir. 2014) (emphasis added). Alcoa would quite clearly gain an unfair advantage by taking the position that pre-1993 retirees do not have lifetime healthcare benefits, which is inconsistent with a position "successfully taken in the past." *Id.*

The complexity of the interpretive question posed to this court and the *Curtis* court also weighs in favor of applying judicial estoppel. The *Curtis* court was tasked with sifting through decades of continuous bargaining between the Unions and Alcoa. The parties submitted around 9,382 pages of documentary exhibits at trial.[5] *See Curtis*, Filing Nos. 565–77. Alcoa was also the only entity with any experience at the bargaining table;

---

[5] This does not include deposition excerpts and trial testimony, which easily stretch multiple hundred more pages. *See Curtis*, Filing Nos. 547–64.

the plaintiffs were not parties to the early negotiations between Alcoa and the Unions (who were not themselves a party).   This is similar to the position of the bankruptcy court in *Airadigm*.  Like the situation there, allowing Alcoa to reverse its position would give the impression that Alcoa hoodwinked the *Curtis* court instead of assisting it in sifting through the voluminous record and lengthy bargaining history.

Alcoa brings forward two arguments for why judicial estoppel would be inappropriate.  Neither is persuasive.  First, Alcoa argues its statements were taken out of context; its position in *Curtis* was actually that no retiree received lifetime healthcare benefits.  Second, judicial estoppel would be inappropriate because the Sixth Circuit does not give preclusive effect to judgments prior to the Supreme Court's decision in *M&G Polymers USA, LLC v. Tackett*, 574 U.S. 427 (2015).  *Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Kelsey-Hayes Co.*, 854 F.3d 862, 872 (6th Cir. 2017) ("[G]iven the Court's strong language in *Tackett*, we will not give pre-*Tackett* decisions on these exact issues preclusive effect.").

Alcoa's first argument is not exactly correct—the supposedly missing context is that Alcoa argued both positions in the alternative and, in doing so, maintained both positions before the *Curtis* district court (instead of only one as Alcoa suggests).   But the relevant inquiry is not just the arguments Alcoa made, but which argument persuaded the district court.  Because it was Alcoa's argument that retirees had lifetime, capped healthcare benefits that persuaded the *Curtis* court, judicial estoppel locks Alcoa into that position.  This accords with the treatment given by the Courts of Appeal that have considered this topic.  *See Gabarick v. Laurin Mar. (Am.) Inc.*, 753 F.3d 550, 554 (5th

13

Cir. 2014) (explaining that "the fact that a party's previous position was an alternative argument is not determinative" such that "[o]nce a court has accepted and relied upon one of a party's several alternative positions, any argument inconsistent with that position may be subject to judicial estoppel"); *see also In re B&P Baird Holdings, Inc.*, 759 F. App'x 468, 479 (6th Cir. 2019) (explaining judicial estoppel "does not bar a party from contradicting itself, but from contradicting a court's determination that was based on that party's position") (quoting *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1217 n.3 (7th Cir. 1990)). This makes sense: if a party seeks to maintain an alternative argument before a court, it must be prepared to be locked into that position should it prove persuasive.

Equally important to the exercise of the court's discretion here is that Alcoa abandoned its argument that retirees did not have lifetime healthcare benefits. The *Curtis* district court was quite clear in its opinion that post-1993 retirees had lifetime healthcare benefits. *See Curtis*, 2011 WL 850410, at *52 ("[T]he court finds that . . . plaintiffs are entitled to lifetime, capped healthcare benefits."). Alcoa never sought reconsideration of this portion of the opinion, nor did it cross appeal or raise that issue in the plaintiffs' appeal. (*See Curtis v. Alcoa*, No. 12-5801, Docket at Filing No. 41). To the contrary, it repeatedly asked the Sixth Circuit to affirm the district court's "correct" findings and argued that healthcare benefits had vested. (*See, e.g., id.* at 24–30 ("The district court found that Appellants' benefits vested only at retirement . . . . The district court's findings were not in error."); *see also id.* at 53 (citing the district court's finding that Alcoa provided certain healthcare benefits to retirees and stating that "Alcoa provides

14

Appellants more than the vested benefits to which they were entitled under the CBAs in existence when they retired.")).  Indeed, when the Sixth Circuit affirmed that plaintiffs had lifetime benefits explicitly, *see Curtis*, 525 F. App'x 371 at 381, Alcoa did not cross-petition for a writ of certiorari or seek *en banc* review of that determination. (*See Curtis v. Alcoa*, No. 12-5801, Docket at Filing Nos. 67 (Plaintiff's Petition for Rehearing *En Banc*), 73 (Alcoa's Opposition to the Petition for Rehearing *En Banc*), and 92 (Plaintiff's Petition for a Writ of Certiorari)).  So while there may be some situations where it may not be appropriate to discretionarily estop a party from asserting a position it previously asserted as an alternative argument, this case does not present one of those situations.

Second, that the Sixth Circuit would not give preclusive effect to the *Curtis* decision does lend much weight toward not applying judicial estoppel.  Judicial estoppel is about "the fact of inconsistency itself" rather than "the fact of adjudication," which means "[j]udicial estoppel has little to do with preclusion by judgment, even when it requires reliance by a court on a prior inconsistent position."  Wright & Miller, *Federal Prac. & Proc.*, § 4477 (3d ed.).  To be sure, judicial estoppel may be inappropriate where "the defendants' change in position resulted from circumstances outside their control—namely, a change in controlling . . . law." *Jarrard v. CDI Telecom., Inc.*, 408 F.3d 905, 915 (7th Cir. 2005).  But that principle applies when a party cannot maintain its prior position due to substantive changes in the law.  *Id.* (refusing to apply judicial estoppel because Defendant "could not have argued their prior position without running afoul of controlling Indiana caselaw").  Any legal change here is essentially evidentiary, not substantive.  Just because the method the Sixth Circuit uses to interpret the parties'

15

intentions changed,[6] does not mean the parties' intentions actually changed or that the parties are no longer permitted to agree to vest benefits.  The switch in position here is not necessary for reasons outside Alcoa's control.

Having decided judicial estoppel is appropriate, the remaining issue is the scope of the estoppel, meaning what Alcoa is barred from arguing.  Plaintiffs argue Alcoa should be barred from arguing pre-1993 retirees do not have lifetime healthcare benefits because Alcoa explicitly tied pre- and post-1993 retirees' benefits to each other, with the only difference being that post-1993 retirees' lifetime benefits were subject to a cap.  Alcoa contends that estoppel should only bar it from arguing post-1993 retirees' health benefits were lifelong because the *Curtis* case involved different issues—whether the cap was real—and different plaintiffs.  Plaintiffs get the better of the argument because the legal issues and the specific plaintiffs are not germane to the issue of estoppel.  Alcoa did make representations about pre-1993 retirees' benefits that helped persuade the *Curtis* court, even if that was not strictly the issue presented in that case.  For that reason, Alcoa is barred from arguing pre-1993 retirees do not have lifetime healthcare benefits.[7]  Accordingly, the class has established, as a matter of law, that they had a right to lifetime healthcare benefits from Alcoa.

---

[6] As the Seventh Circuit has noted, the Supreme Court's decision in *Tackett* is entirely consistent with its precedent on vesting in collective bargaining agreements, so it is not clear there was a change in controlling law at all.  *See Stone v. Signode Indus. Grp., LLC*, 943 F.3d 381, 385 (7th Cir. 2019) ("*Tackett* and *Reese* are consistent with the approach we have taken for decades.").

[7] At no point did Alcoa indicate there were any differences between different sects of pre-1993 retirees; it continuously discussed pre-1993 retirees as one monolithic group.  Indeed, the undisputed evidence confirms this.  (*See, e.g.*, Filing No. 90-1, Willis Towers Watson Analysis at 89 (comparing "uncapped" pre-1993 retirees as a single group to other groups of retirees)).

### B.        Comparability of the New Plan

Alcoa argues the new health reimbursement arrangement plan is reasonably commensurate with the retirees' prior insurance plan, which Alcoa contends means it did not violate its contractual promises.  Plaintiffs respond that they do not need to show the new plan was not reasonably commensurate under governing law and, in the alternative, that the undisputed facts show the health reimbursement arrangement plan is not reasonably commensurate with the old, fixed group health plan.  Because no reasonable jury could find the health reimbursement arrangement plan is reasonably commensurate with the old, fixed group health plan, the court does not address whether a plaintiff needs to show the new plan is not reasonably commensurate to prevail.

The health reimbursement arrangement is not reasonably commensurate with the old plan for three reasons.  First, the new plan expressly provides that Alcoa can terminate the benefits "at any time," which is a substantial decrease from the retirees' current lifelong benefits.  (Filing No. 49-1, New Plan SPD at 3).  Second, 33% of the class is receiving no benefits because they are not eligible for the new plan, despite Alcoa guaranteeing them healthcare benefits for life.[8]  (Filing No. 90, Alcoa's Br. in Opp'n to Class Certification at 5 (conceding that only "67% of the proposed class" was receiving

---

[8] Alcoa frames this as a decision to "affirmatively decline to participate," but provides no reason why that matters.  Alcoa promised to provide lifetime benefits and it is not currently providing any benefits under the new plan.  That the new plan would allow a retiree to have no benefits means the new plan represents a significant reduction in the benefits available to that retiree.  No evidence suggests that the retirees' decision not to enroll in the new plan was a decision to forego healthcare benefits instead of a decision not to deal with the difficulties a health reimbursement account might present.

17

benefits under the new plan)). Third, the new plan diminishes retiree benefits by shifting the burden of rising healthcare costs onto the retirees instead of being borne by Alcoa, which eats away at the real benefits retained by the retirees. (*See* Filing No. 150-5, Allen Dep. at 176). All this demonstrates that Alcoa's changes "significantly reduced" the "general level of benefits" available to the retirees. *Diehl v. Twin Disc, Inc.*, 102 F.3d 301, 311 (7th Cir. 1996) (explaining a new plan is not reasonably commensurate if it significantly reduces the general level of benefits).

To be sure, Alcoa has come forward with some evidence suggesting employees may be better off in some ways over the short term, but this does not create a genuine dispute as to the above diminution of rights. For example, even if the new plan provided less out-of-pocket costs in its first year of operation, (*see* Filing No. 90-1 at ¶¶ 3–5 (analyzing retiree out-of-pocket costs under the old and new plan)), that Alcoa unilaterally transformed retirees' lifetime benefits into gratuitous benefits at Alcoa's leisure represents a significant decrease in retirees' benefits regardless of the short-term monetary gain. Accordingly, the retirees' have shown, as a matter of law, that Alcoa breached their collective bargaining agreements by unilaterally reducing their healthcare benefits despite the contractual promise for lifelong healthcare benefits.

### C.    Plaintiffs' § 1132(a)(3) Claim Is Barred

Plaintiffs brought suit under 29 U.S.C. § 1132 to enjoin Alcoa from removing the old, fixed group health plan. They did so through two subsections of that statute: § 1132(a)(1)(B) and § 1132(a)(3). Section 1132(a)(1)(B) allows a "participant or beneficiary" to bring a civil action "to recover benefits due to him under the terms of his

18

plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  Section 1132(a)(3), alternatively, allows a participant, beneficiary, or fiduciary "to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan" or "to obtain other appropriate equitable relief."  Alcoa moves for summary judgment on the ground that § 1132(a)(3) relief is barred because Plaintiffs can adequately obtain relief through § 1132(a)(1)(B). *See Dean v. Nat'l Prod. Workers Union Severance Tr. Plan*, 46 F.4th 535, 544 (7th Cir. 2022) ("[A] participant generally cannot pursue both a [§ 1132(a)(1)(B)] claim and a [§ 1132(a)(3)] claim if the two claims seek the same relief or are based on the same allegations.").  Plaintiffs have not responded to this argument but continue to seek the injunction identified in their complaint.  Thus, on the understanding that Alcoa argues Plaintiffs may receive their requested injunction under § 1332(a)(1)(B) which bars an injunction under § 1132(a)(3), judgment for Alcoa on Plaintiffs § 1132(a)(3) claim is proper.  *Cf. Stone v. Signode Indus. Grp., LLC*, 943 F.3d 381, 385 (7th Cir. 2019) (affirming a district court's grant of a permanent injunction for a claim brought under 29 U.S.C. § 1332(a)(1)(B)).

## IV.    Conclusion

For the foregoing reasons, the court **GRANTS** Plaintiffs' Partial Motion for Summary Judgment as to Liability (Filing No. 131) and **GRANTS in part** and **DENIES in part** Defendants' Cross-Motion for Summary Judgment (Filing No. 145).  Defendants' Cross-Motion is granted only with respect to Plaintiffs' claim under 29 U.S.C. § 1132(a)(3) and denied on every other ground.

**IT IS SO ORDERED** this 25th day of March 2024.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsels of Record.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

LYNNETTE J. KAISER, *et al.*,            )
                                          )
                        Plaintiffs,       )
                                          )
                v.                        )      No. 3:20-cv-00278-RLY-CSW
                                          )
ALCOA USA CORP., *et al.*,               )
                                          )
                        Defendants.       )

**ENTRY GRANTING PLAINTIFFS' MOTION FOR
ENTRY OF ORDER OF JUDGMENT**

On January 1, 2021, Defendant Alcoa USA Corporation unilaterally terminated the healthcare benefits it provided to Medicare-eligible retirees through a fixed group healthcare plan and replaced that plan with a healthcare reimbursement arrangement. Plaintiffs, retired Alcoa employees, their dependents, and their unions, sued Alcoa and three ERISA plans sponsored and administered by Alcoa, asserting that Alcoa's termination of their prior healthcare benefits violated the Labor Management Relations Act ("LMRA") and the Employee Retirement Income Security Act ("ERISA"). On March 25, 2024, the court granted Plaintiffs' Motion for Partial Summary Judgment as to Liability and granted in part and denied in part Defendants' Cross-Motion for Summary Judgment. With liability now established, Plaintiffs now move for entry of an order of judgment. For the reasons set forth below, the court **GRANTS** Plaintiffs' motion.

1

## I.     Background

### A.     Alcoa's Healthcare Plans

For years, Alcoa provided supplemental Medicare coverage to retirees and their eligible spouses and dependents through a fixed group healthcare plan ("the Prior Plan"). (Filing No. 30-1, Allen Decl. ¶ 2).  The Prior Plan included medical and prescription drug coverage.  (*Id.*).  Retirees submitted claims of healthcare expenses for payment when they used an out-of-network provider.  (Filing No. 175-5, 2002 Retiree SPD[1] at 38).  Retirees could submit claims "by the end of the year following the year in which the expense was incurred."  (*Id.*).  Additionally, Alcoa reimbursed retirees' Medicare Part B premiums. (Allen Decl. ¶ 2; *see, e.g.*, Filing No. 10-10, 1979 Retiree SPD at 33–34).

Effective January 1, 2021, Alcoa terminated the Prior Plan.  (*See* Filing No. 90-1, Ackerman Decl. ¶ 7).  Alcoa replaced the Prior Plan with a new arrangement whereby Alcoa provides retirees and eligible spouses with funds through a healthcare reimbursement account ("HRA") to purchase their own healthcare plan from an insurance exchange secured and identified by Alcoa.  (Allen Decl. ¶ 4).  Unused HRA funds rollover each year.  (*Id.*).  During the 2021 plan year, Alcoa's annual contributions for class members varied from $2,500 to $3,400, depending on when and from what facility the employee retired.  (Ackerman Decl. ¶ 15).

Retirees can use the HRA funds to pay for "any qualified medical expense, such as their healthcare and prescription drug premiums or out-of-pocket medical costs such as a

---

[1] An SPD is a summary plan description that describes benefits and is incorporated into a collective bargaining agreement.  (*See* Filing No. 132, Pls.' Summ. J. Br. at ECF pp. 9–10).

deductible or copayment." (Allen Decl. ¶ 4). Prior to enrollment, retirees were informed: "Alcoa determines reimbursable expenses, which vary by program. That is why we don't provide you a list in this guide." (Filing No. 10-16, Benefits Letter at ECF p. 3). Retirees would receive a list of reimbursable expenses around two weeks after coverage started. (*Id.*).

Under the HRA Plan, Alcoa stopped directly reimbursing retirees for their Medicare Part B premiums. A letter to retirees explained: "Alcoa's reimbursement of your Medicare Part B premium, if you were receiving it, will end because it is now a part of Alcoa's contribution." (Filing No. 30-6, Enrollment Letter at ECF p. 3).

Retirees initially had only one opportunity to enroll in the HRA Plan, with a deadline of December 31, 2020. (*See* Allen Decl. ¶ 5). At the time of class certification, Alcoa estimated the class consisted of approximately 3,153 individuals. (Ackerman Decl. ¶ 12). By the end of the enrollment deadline, 2,091 class members enrolled in the HRA Plan. (*Id.* ¶ 13). 794 class members "affirmatively declined to enroll." (*Id.*). 268 individuals could not be reached and did not enroll. (*Id.* ¶ 14).

### B.    Litigation History

On December 10, 2020, Plaintiffs filed suit, alleging that collective bargaining agreements ("CBAs") provided lifetime healthcare benefits to retirees and their dependents and that Alcoa's unilateral termination of the Prior Plan violated the LMRA, 29 U.S.C. § 185(a), and ERISA, 29 U.S.C. § 1132(a)(1)(B), (a)(3). (Filing No. 1, Compl. ¶¶ 1, 9–10).

On December 16, 2020, Plaintiffs moved for a preliminary injunction enjoining

Defendants from terminating retiree healthcare coverage. (Filing No. 8). The parties subsequently reached an agreement for Plaintiffs to withdraw their motion for a preliminary injunction. (Filing No. 68, Joint Status Report). In exchange for Plaintiffs' withdrawal of the motion, Defendants agreed, among other things, to: (1) permit putative class members who did not enroll in the HRA Plan for 2021 to enroll for 2022 during the open enrollment period; (2) provide class members who enroll in eligible coverage for 2022 a minimum HRA contribution of $3,400 for 2022; and (3) allow Medicare Part B premiums to be a reimbursable expense for all class members who enroll in eligible coverage for 2022. (Filing No. 70, Order Implementing Settlement Agreement). During the 2022 plan year enrollment period, an additional 29 individuals enrolled in the HRA Plan, raising the number of class members enrolled to 2,120. (Ackerman Decl. ¶ 14).

On February 11, 2022, Plaintiffs moved for class certification. (Filing No. 81). The court granted the motion and certified, under Rule 23(b)(2), a class of Alcoa retirees and their eligible spouses and other dependents who were previously eligible to receive uncapped healthcare benefits from Alcoa and whose benefits were terminated as of January 1, 2021. (Filing No. 108 at 14).

On February 1, 2023, the parties filed a Motion to Approve Joint Proposed Scheduling Plan. (Filing No. 125). In the motion, they represented that "economy and efficiency will be best promoted if discovery relating to the calculation of Plaintiffs' claimed damages, including expert reports and expert discovery, if any, [takes] place after the Court's ruling on the Parties' dispositive motions." (*Id.*). They requested leave to propose additional dates for damages discovery after the court ruled on dispositive

4

motions. (*Id.*). The court granted the motion. (Filing No. 129, Order Approving Joint Proposed Scheduling Plan). Pursuant to that order, the parties were to propose additional dates related to damages discovery within 21 days after the court's order on dispositive motions. (*Id.*).

The parties filed cross-motions for summary judgment. (Filing Nos. 131, 145). The court granted Plaintiffs' Motion for Partial Summary Judgment as to Liability and granted in part and denied in part Defendants' Cross-Motion for Summary Judgment. (Filing No. 166, Summ. J. Entry). The court held that class members had a right to lifetime healthcare benefits from Alcoa and that the HRA Plan is not reasonably commensurate with the Prior Plan. (*Id.* at 16–17). As such, Alcoa breached retirees' CBAs by unilaterally reducing their healthcare benefits. (*Id.* at 18). The court granted summary judgment for Defendants with respect to Plaintiffs' § 1132(a)(3) claim because Plaintiffs could adequately obtain relief under § 1132(a)(1)(B). (*Id.* at 18–19).

Following the court's summary judgment ruling, the parties did not file proposed dates for damages discovery as required by the court's Order Approving Joint Proposed Scheduling Plan. (*See* Filing No. 129). Instead, Plaintiffs filed a Motion for Entry of Order of Judgment, requesting a permanent injunction that they submit "will obviate the need for damages discovery." (Filing No. 167, Pls.' Mot. for Entry of Order of J. ¶ 3).

## II.    Legal Standard

Pursuant to Federal Rule of Civil Procedure 58(a), every judgment must be set out in a separate document. Fed. R. Civ. P. 58(a). Under Rule 58(d), "[a] party may request

that judgment be set out in a separate document as required by Rule 58(a)."  Fed. R. Civ.

P. 58(d).

## III.    Discussion

Plaintiffs brought an ERISA claim under 29 U.S.C. § 1132(a)(1)(B), which

provides: "A civil action may be brought . . . by a participant or beneficiary . . . to recover

benefits due to him under the terms of his plan, to enforce his rights under the terms of

the plan, or to clarify his rights to future benefits under the terms of the plan."  Because

the remedy provided in § 1132(a)(1)(B) "is designed 'to protect contractually defined

benefits,'" "the cause of action offers typical contract forms of relief, including recovery

of benefits accrued or otherwise due, declaratory judgments to clarify plan benefits, and

injunctions against future denial of benefits."  *Larson v. United Healthcare Ins.*, 723 F.3d

905, 911 (7th Cir. 2013) (quoting *Mass. Mut. Life Ins. v. Russell*, 473 U.S. 134, 148

(1985)).  "In fashioning relief for a plaintiff who has sued to enforce her rights under

ERISA," courts focus "on what is required in each case to fully remedy the defective

procedures given the *status quo* prior to the denial or termination of benefits."  *Schneider*

*v. Sentry Grp. Long Term Disability Plan*, 422 F.3d 621, 629 (7th Cir. 2005) (internal

quotation marks omitted).

Plaintiffs request an injunction requiring Alcoa to reinstate the Prior Plan and

maintain it for the lifetime of the class members.  (Pls.' Mot. for Entry of Order of J. ¶ 3).

Plaintiffs submit that the Prior Plan should be reinstated retroactive to January 1, 2021.

(*Id.*).  The court first addresses the prospective effect of Plaintiffs' proposed injunction

before turning to its retroactive effect.

6

### A.    Prospective Reinstatement

Defendants "do not dispute that Plaintiffs have the right to an injunction to reinstate the prior plan in light of the Court's ruling on liability." (Filing No. 170, Defs.' Resp. at 2). Despite this acknowledgment, Defendants spend considerable time discussing the "significant administrative disruption and harm to" class members Defendants contend will result once the court reinstates the Prior Plan prospectively. (*Id.* at 9–12). Additionally, Defendants note that they intend to appeal, that implementing the injunction prior to Seventh Circuit review could result in further harm, and that they will file a motion to immediately stay any injunction to reinstate the Prior Plan pending appeal. (*Id.* at 9). Given Defendants' acknowledgment that prospective reinstatement of the Prior Plan must follow from the court's summary judgment order, the court does not consider Defendants' arguments regarding potential disruption and harm to class members at this time. The court will consider Defendants' arguments if they raise them in a motion to stay the injunction.

Additionally, in their surreply, Defendants allege Plaintiffs changed the scope of their requested injunction and ask that the court "order the reinstatement of the Prior Plan as an option for Class Members who want it." (Filing No. 176, Defs.' Surreply at 2). Their request stems from Plaintiffs' statement that they "have repeatedly explained that Alcoa is free to offer the HRA as an option so long as it maintains the Prior Plan to which the retirees have a lifetime right." (Filing No. 175, Pls.' Reply at ECF p. 2). Plaintiffs made this statement to respond to Defendants' contentions about harm that will befall class members upon reinstatement of the Prior Plan: "[N]o retiree will be harmed by

Plaintiffs' requested remedy and any harm that results from the termination of the HRA will be the fault of Alcoa, not Plaintiffs." (*Id.*).  The court does not understand Plaintiffs to have changed the scope of injunctive relief they are seeking—reinstatement of the Prior Plan for all class members.  (*See* Pls.' Mot. for Entry of Order of J. ¶ 3).  Indeed, Plaintiffs later explained that "Plaintiffs' position is what it always has been, which is that Alcoa should be ordered to reinstate the Prior Plan and make it available for all Class Members for the rest of their lives." (Filing No. 179, Pls.' Reply in Supp. of Mot. to Strike Alcoa's Surreply at 5 n.2; *see also id.* ("If Alcoa chooses to maintain the HRA and give Class Members the option to enroll in that instead of the Prior Plan, great . . . .")).

Plaintiffs are entitled to reinstatement of the Prior Plan in light of the court's summary judgment ruling that class members had a lifetime right to healthcare benefits under the Prior Plan.  Plaintiffs' request for reinstatement did not change throughout the briefing.  As such, the court concludes that the appropriate prospective remedy is a permanent injunction requiring that Alcoa reinstate and maintain the Prior Plan for all class members for the rest of their lives.

### B.    Retroactive Reinstatement

Plaintiffs request that the court reinstate the Prior Plan retroactive to January 1, 2021, "the effective date of the unlawful termination." (Pls.' Mot. for Entry of Order of J. ¶ 3).  There are three components to Plaintiffs' request for retroactive reinstatement.  First, they maintain that class members should be able to submit claims for payment of health and prescription drug expenses they incurred while the Prior Plan was terminated. (*Id.*).  Second, they request that Alcoa be ordered to pay class members the Medicare Part

8

B premiums that would have been reimbursed if Alcoa had not terminated the Prior Plan. (*Id.*). Third, they submit that both payment of claims for medical expenses and Medicare Part B premiums should be made with interest. (*Id.*). The court addresses each component of Plaintiffs' proposed injunction in turn.

### 1.    Submission of Claims for Coverage Under the Prior Plan

Plaintiffs request that, in connection with retroactive reinstatement, class members "should be permitted to submit for payment claims for health and prescription drug expenses incurred from January 1, 2021 through the time Alcoa reinstates the Prior Plan." (*Id.*). Plaintiffs submit that "Alcoa should notify Class Members of their ability to submit claims for health care and prescription drug expenses incurred, retroactive to January 1, 2021." (*Id.* ¶ 5).

In deciding the appropriate remedy in ERISA benefits cases, courts have noted a distinction between cases involving an initial denial of benefits and cases involving a termination of benefits. *See Hackett v. Xerox Corp. Long-Term Disability Income Plan*, 315 F.3d 771, 775 (7th Cir. 2003). "The distinction focuses on what is required in each case to fully remedy the defective procedures given the *status quo* prior to the denial or termination." *Id.* at 776. Where "the plan administrator did not afford adequate procedures in its initial denial of benefits, the appropriate remedy respecting the *status quo* . . . is to provide the claimant with the procedures that she sought in the first place." *Id.* "If the claimant prevails on remand before the plan administrator, then the claimant would be entitled to retroactive benefits from the time at which the initial denial occurred." *Id.* On the other hand, "where the plan administrator terminated benefits

9

under defective procedures," the appropriate remedy respecting the status quo is "the continuation of benefits." *Id.*; *see also Schneider*, 422 F.3d at 630 ("[R]etroactive reinstatement of benefits is the proper remedy when, for instance, a plan's claims procedure did not comply with ERISA's requirements for full and fair review." (internal quotation marks omitted)).

Consistent with the principle of restoring the status quo, courts have entered permanent injunctions requiring employers to make class members whole for expenses incurred due to changes in healthcare benefits. In *Hargrove v. EaglePicher Corp.*, the court found that the employer violated ERISA by unilaterally modifying vested retirement healthcare benefits. 852 F. Supp. 2d 851, 856 (E.D. Mich. 2012). The court ordered the defendant to "promptly restore the *status quo ante* and provide class members" with the previous healthcare benefits. *Id.* at 857. The court further ordered: "Defendant shall promptly take such action as necessary to identify, and make whole class members for, the expenses incurred by class members due to the defendant's unilateral changes imposed on the class members during the period from January 1, 2010 until the date that the *status quo ante* is restored." *Id.* In another case involving unilateral changes to the healthcare coverage provided by the CBA, the court entered a permanent injunction that required the defendants to "[p]romptly take such action as necessary to make whole each class member for, expenses incurred by the class member due to defendants' unilateral changes, until each class member is made whole and the *status quo ante* is fully restored." *United Steel, Paper & Forestry, Rubber, Mfg., Energy,*

*Allied Indus. & Serv. Workers Int'l Union, AFL-CIO-CLC v. Kelsey-Hayes Co.*, No. 11-15497, 2013 WL 2435079, at *4 (E.D. Mich. June 5, 2013).

The court finds that allowing class members to submit claims for health expenses incurred after Alcoa terminated the Prior Plan is appropriate and will best restore the status quo. Under the Prior Plan, retirees submitted healthcare expenses for payment when they used an out-of-network provider. (2002 Retiree SPD at 38). Thus, by allowing class members to submit claims for expenses incurred while the Prior Plan was terminated and having a claims administrator determine whether such claims would have been covered under the Prior Plan, class members will be permitted to do what they would have done all along had the Prior Plan not been terminated. This is as close to the status quo as possible. Furthermore, this remedy is analogous to the common ERISA remedy of remand and akin to the injunctions in *Hargrove* and *Kelsey-Hayes Co.* requiring employers to identify and make class members whole for expenses incurred due to unlawful changes to healthcare benefits.

Moreover, permitting class members to submit claims respects several other ERISA principles. In ERISA cases, courts adhere to a general principle that claims for benefits should typically be resolved by a plan administrator before courts adjudicate such claims. *See Pakovich v. Broadspire Servs., Inc.*, 535 F.3d 601, 607 (7th Cir. 2008) ("[W]hen the plan administrator has not issued a decision on a claim for benefits that is now before the courts, the matter must be sent back to the plan administrator to address the issue in the first instance."); *Hackett*, 315 F.3d at 776 ("[T]he court is not in the place to make the determination of entitlement to benefits. The court must not substitute its

11

own judgment for that of the administrator.").  This principle is also reflected in the requirement that an ERISA plaintiff must exhaust administrative remedies before filing suit.  *See Zhou v. Guardian Life Ins. Co. of Am.*, 295 F.3d 677, 679 (7th Cir. 2002). Additionally, allowing for submission of claims will enable class members to "enforce [their] rights under the terms of the plan," § 1132(a)(1)(B), by allowing them to exercise their right to a "full and fair review by the appropriate named fiduciary" of a decision denying a claim for benefits, § 1133(2).

Defendants assert that submission of claims for medical expenses is an improper remedy for five reasons.  First, they claim that Plaintiffs' proposed injunction ignores the coverage that class members received under the HRA Plan and would result in double recovery for class members who already received coverage for the same claims under the HRA Plan.  In reply, Plaintiffs clarify that they "do not seek such a double recovery because if a retiree has already received full coverage under another plan, they have incurred no expenses and there is no claim to submit."  (Pls.' Reply at ECF p. 16; *see also* Filing No. 175-1, Ackerman Dep. at ECF pp. 56–57 (agreeing that class members could only submit claims for expenses for which they had not already been reimbursed)).  As such, the court does not find that the ability to submit such claims would result in an improper double recovery.

Second, Defendants maintain Alcoa lacks "the administrative capability or medical expertise" necessary to process claims for healthcare expenses.  (Defs.' Resp. at 14). They also assert that "Alcoa does not have visibility into the individual plans purchased by Class Members under the HRA Plan or their out-of-pocket expenses, due in large part

12

to HIPAA restrictions." (*Id.* at 15–16).  However, the plans that provided health benefits under the Prior Plan are defendants in this case,[2] (Compl. ¶¶ 20–21), and have the medical expertise needed to process the claims.  Moreover, having to engage a claims administrator to process such claims is not inherently burdensome on Alcoa because Alcoa must engage a claims administrator anyway to adjudicate prospective claims under the Prior Plan.  (Ackerman Dep. at ECF p. 55).[3]  Indeed, the Prior Plan permitted retirees to submit claims "by the end of the year following the year in which the expense was incurred," so even if the Prior Plan was reinstated only prospectively, class members would be able to submit claims for past expenses incurred dating back to 2024.  (2002 Retiree SPD at 38).

Additionally, placing the burden on class members to submit claims will mitigate Defendants' concerns.  As a practical matter, because the proposed injunction requires class members to investigate their expenses and take action to submit a claim, it is unlikely that all outstanding claims will be submitted.  *Cf. Hollins v. Church Church Hittle + Antrim*, No. 2:20-CV-304, 2023 WL 2754383, at *3 (N.D. Ind. Apr. 3, 2023) (noting concern with class action settlement requiring class members to submit claims because the "claim rate is almost always well below 100-percent").  As to Defendants' lack of visibility into retirees' individual plans under the HRA Plan, by putting the onus

---

[2] The plans are: Retirees Group Benefit Plan for Certain Hourly Employees of Alcoa USA Corp. and Alcoa Medicare Part B Reimbursement Plan for Certain Medicare Eligible Retirees of Alcoa USA.  (Compl. ¶¶ 20–21).

[3] At the time of her deposition, Alcoa's Compensation and Benefits Consultant did not know whether the same claims administrator could adjudicate both retroactive and prospective claims. (Ackerman Dep. at ECF pp. 55–56).

13

on class members to submit claims and the supporting documentation necessary to establish a claim was not covered under the HRA Plan, Alcoa should not need to know what plan each class member selected. As such, the court is not persuaded that Alcoa will be incapable of or unduly burdened by the requirement that it process claims for retroactive coverage.

Third, Defendants argue that Plaintiffs cannot recover money damages through an injunction. *See Mondry v. Am. Fam. Mut. Ins.*, 557 F.3d 781, 804 (7th Cir. 2009) ("Almost invariably . . . suits seeking (whether by judgment, injunction or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages,' . . . since they seek no more than compensation for loss resulting from the defendant's breach of legal duty." (first omission in original) (quoting *Bowen v. Massachusetts*, 487 U.S. 879, 918–19 (1988) (Scalia, J., dissenting))). Defendants cite a few ERISA cases for this proposition. For example, in *Mondry*, the court held that the plaintiff could not recover on her claim for $303.89 that was not paid for speech therapy. *Id.* Importantly, these ERISA cases all involved claims under 29 U.S.C. § 1132(a)(3), which only authorizes injunctive relief or "other appropriate equitable relief." *Id.* Thus, the courts concluded that the plaintiffs' requested injunctions, which were really requests for damages, were improper because they brought claims under § 1132(a)(3). *See id.*; *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255 (1993) (concluding that plaintiffs were in fact seeking compensatory damages and thus their requested relief was not equitable relief permitted under § 1132(a)(3)); *Great-W. Life & Annuity Ins. v. Knudson*, 534 U.S. 204, 210–11 (2002) (holding that plaintiffs could not obtain, under § 1132(a)(3), an

injunction to compel the payment of money due). By contrast, in *Mondry*, the court noted that plaintiff could have recovered the $303.89 owed under § 1132(a)(1)(B), "which expressly authorizes a suit by a plan participant to recover benefits due to him under the terms of the plan." 557 F.3d at 804–05 (cleaned up). Here, Plaintiffs were granted summary judgment on their § 1132(a)(1)(B) claim and are seeking an injunction based on that claim, not a claim under § 1132(a)(3).[4] (*See* Summ. J. Entry at 18–19). Accordingly, the ERISA cases cited by Defendants involving § 1132(a)(3) claims are not controlling.

Defendants also cite several out of circuit cases at other procedural stages for the proposition that monetary damages cannot be recovered through an injunction. *See Jaffee v. United States*, 592 F.2d 712, 714–15 (3d Cir. 1979) (holding that request for medical care was a claim for damages, not injunctive relief eligible for interlocutory appeal under 28 U.S.C. § 1292(a)(1)); *Richards v. Delta Air Lines, Inc.*, 453 F.3d 525, 530 (D.C. Cir. 2006) (denying class certification under Rule 23(b)(2) because plaintiff "effectively [sought] a declaratory judgment that Delta owes monetary damages and an injunction requiring Delta to pay them"); *Barraza v. C.R. Bard Inc.*, 322 F.R.D. 369, 387 (D. Ariz. 2017) (denying request for class certification under Rule 23(b)(2) because plaintiffs' requested injunction was really "an order that defendants pay money to compensate them for an injury"); *Creech v. Emerson Elec. Co.*, No. 3:15-cv-14, 2019 WL 1723716, at *12–13 (S.D. Ohio Apr. 18, 2019) (rejecting class certification under Rule

---

[4] The court granted summary judgment for Defendants on Plaintiffs' §1132(a)(3) claim because Plaintiffs could adequately obtain relief through § 1132(a)(1)(B). (Summ. J. Entry at 18–19).

23(b)(2) because plaintiff's proposed injunctive remedy was functionally a claim for money damages).  These cases do not persuade the court that Plaintiffs' proposed remedy is improper in this context, given that this case is not at a procedural stage dependent on the nature of the requested injunction and in light of the ERISA case law discussed above authorizing retroactive reinstatement and remand of claims to plan administrators.

Fourth, Defendants contend that Plaintiffs' request for an injunction allowing class members to submit claims for payment of healthcare expenses is at odds with the principles of injunctive relief, given that "[t]he basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." *Sampson v. Murray*, 415 U.S. 61, 88 (1974).  Defendants further argue that injunctions are limited to prospective relief.  *See Swanigan v. City of Chicago*, 881 F.3d 577, 583 (7th Cir. 2018) ("[A]n injunction is a forward-looking remedy.").  But as explained above, in the ERISA context, courts have explicitly retroactively reinstated benefits.  *See Hackett*, 315 F.3d at 777.

Lastly, Defendants argue that Plaintiffs' legal authority does not support their proposed injunction because the cases they cite involved disability benefits.  Defendants contend that, given the nature of disability benefits, retroactive reinstatement of benefits in that context is simply an award of money damages, not an injunction.  But the court concludes that restoring the status quo remains the goal in the health insurance context, and retroactive reinstatement is the best way to do that.  *See Hatch v. Wolters Kluwer U.S., Inc. Health Plan*, No. 20 C 7168, 2023 WL 4930286, at *20 (N.D. Ill. Aug. 1, 2023) (applying the status quo standard in the health insurance context and retroactively

16

reinstating benefits).  Moreover, the Seventh Circuit has found remand appropriate in a case involving denial of health insurance benefits.  *See Huss v. IBM Med. & Dental Plan*, 418 F. App'x 498, 508 (7th Cir. 2011).  Plaintiffs' request that class members be able to submit claims for payment of health expenses to effectuate retroactive reinstatement is akin to the remand remedy in ERISA cases.

In sum, the court finds that an injunction enabling class members to submit claims for medical expenses incurred to Alcoa is an appropriate remedy that will best restore the status quo.

### 2.    *Medicare Part B Premiums*

As part of retroactive reinstatement, Plaintiffs' proposed injunction would mandate that Alcoa pay class members their Medicare Part B premiums from January 1, 2021, to reinstatement, "less any documented reimbursement Class Members already received through the HRA for such premiums."  (Pls.' Mot. for Entry of Order of J. ¶ 7). Defendants object to reimbursement of Medicare Part B premiums, stating that "[t]he amounts provided under the HRA Plan have always accounted for the Medicare Part B premium reimbursement," and class members "received a monetary value equivalent to the Medicare Part B Premium, even if Alcoa did not permit the funds to be used to reimburse Medicare Part B premiums until 2022."  (Defs.' Resp. at 30–31).  Thus, according to Defendants, reimbursement of Medicare Part B premiums would result in an "inequitable windfall and double recovery to Class Members enrolled in the HRA Plan." (*Id.* at 31); *see Montgomery v. Aetna Plywood, Inc.*, 39 F. Supp. 2d 915, 939 (N.D. Ill. 1998) ("ERISA plaintiffs are not entitled to receive a double recovery of damages.").

17

Defendants only argue that Plaintiffs' proposed remedy is improper with respect to class members enrolled in the HRA Plan. There are roughly 1,000 class members not enrolled in the HRA Plan who have not received any of the funds Alcoa has contributed. (*See* Ackerman Decl. ¶¶ 13–14; Filing No. 170-4, Second Ackerman Decl. ¶ 7). These class members are entitled to Medicare Part B premium reimbursement from January 1, 2021, to the time of reinstatement.

Furthermore, the court finds that class members who enrolled in the HRA are also entitled to payment of their Medicare Part B premiums, less any documented reimbursement through the HRA Plan. Alcoa certainly represented that "Alcoa's reimbursement of your Medicare Part B premium . . . will end because it is now a part of Alcoa's contribution" through the HRA Plan. (Enrollment Letter at ECF p. 3). Nonetheless, Alcoa's reimbursement of Medicare Part B premiums was a discrete benefit of the Prior Plan laid out in the applicable SPDs. (*See, e.g.*, 1979 Retiree SPD at 33–34). And class members were not necessarily receiving reimbursement of those premiums through the HRA Plan until 2022, pursuant to the settlement agreement. (*See* Order Implementing Settlement Agreement; Allen Decl. ¶ 4 (explaining that retirees could use HRA funds "to pay for any *qualified* medical expense" (emphasis added)). Accordingly, to make class members whole and restore the status quo, *see Schneider*, 422 F.3d at 629, Alcoa must reimburse class members' Medicare Part B premiums, as it would have under the Prior Plan, less any documented reimbursement they already received through the HRA Plan. This will not result in an improper double recovery.

18

3.    *Prejudgment Interest*

Plaintiffs request that claims for medical expenses and Medicare Part B premiums paid pursuant to retroactive reinstatement be paid with prejudgment interest.  "Courts award prejudgment interest because compensation deferred is compensation reduced by the time value of money, and only prejudgment interest can make the plaintiff whole." *Frey v. Coleman*, 903 F.3d 671, 682 (7th Cir. 2018) (internal quotation marks omitted). The Seventh Circuit has held that "prejudgment interest should be presumptively available to victims of federal law violations.  Without it, compensation of the plaintiff is incomplete and the defendant has an incentive to delay." *Fritcher v. Health Care Serv. Corp.*, 301 F.3d 811, 820 (7th Cir. 2002).  The presumption in favor of prejudgment interest "is specifically applicable to ERISA cases." *Id.*  District courts have discretion in whether and how to award prejudgment interest. *Frey*, 903 F.3d at 682.  The court agrees that an award of prejudgment interest is appropriate here to make Plaintiffs whole.

The parties disagree about what interest rate should be applied.  Plaintiffs advocate for the current prime rate, which is now 7.5%.[5]  Defendants believe that the weighted average prime interest rate from the onset of litigation through judgment should apply. The Seventh Circuit has explained that, in awarding prejudgment interest, "the best starting point is to award interest at the market rate, which means an average of the prime rate for the years in question." *Cement Div., Nat'l Gypsum Co. v. City of Milwaukee*, 144 F.3d 1111, 1114 (7th Cir. 1998) (emphasis omitted); *see also In re Oil Spill by the Amoco*

---

[5] *Historical Prime Rate*, JPMorganChase, https://www.jpmorganchase.com/legal/historical-prime-rate (last visited Mar. 24, 2025).  All prime rate data is derived from this source.

*Cadiz off the Coast of France on March 16, 1978*, 954 F.2d 1279, 1332 (7th Cir. 1992) ("[I]t should be plain that the market rate in question is the one *during* the litigation—when the defendant had the use of money that the court has decided belongs to the plaintiff—not the going rate at the end of the case."). During this litigation, the prime rate has ranged from 3.25% to 8.5%. The court concludes that the rate of interest should account for changes to the prime rate over the years and declines to award interest at the current prime rate.

Instead, the court finds the approach that best balances equity and workability in this case is to apply the simple average prime interest rate from the initiation of this lawsuit to the date of judgment. During this litigation, interest rates started and stayed low during the COVID-19 pandemic and then quickly rose in 2022 and have since remained at the higher end of the range. Because of the nature of the injunction, class members' entitlement to payment through claims or premium reimbursement will vary widely in date, with expenses incurred in early 2021 (while the prime rate was low) and in 2024 (while the prime rate was relatively high).[6] It would be unfair for the low interest rates of the COVID-19 pandemic to unduly drag down the interest rate when a significant amount of unpaid claims will have accrued in the latter half of this litigation, when the prime rate was higher. Accordingly, the court finds it appropriate to apply the simple

---

[6] Technically, to achieve the most precise result, the average prime rate (whether weighted or simple) should be calculated for each and every expense based on the date by which each class member should have been reimbursed for each expense. But that would be an onerous task for the parties to undertake to only result in potentially negligible differences in interest computation. It is far more workable to calculate an average based on the duration of the litigation.

average prime rate that prevailed from the time suit commenced to judgment.  *See J.K.J. v. Polk County*, Nos. 15-cv-428, 15-cv-433, 2018 WL 2271166, at *2 (W.D. Wis. May 17, 2018) (explaining that the simple average prime rate, as opposed to the weighted average prime rate, "not only seems more practical, it appears to be more widely accepted by the Seventh Circuit"); *see Cement Div.*, 144 F.3d at 1114 ("[T]he best starting point is to award interest" by using the "average of the prime rate for the years in question." (emphasis omitted)).  By the court's calculation, that figure is 6.5%.

Courts in the Seventh Circuit typically compound interest either annually or monthly.  *Allen v. Int'l Truck & Engine Corp.*, No. 1:02-cv-00902-RLY-MJD, 2017 WL 1382610, at *10 (S.D. Ind. Apr. 18, 2017).  "Compound interest generally more fully compensates a plaintiff . . . ."  *Am. Nat'l Fire Ins. ex rel. Tabacalera Contreras Cigar Co. v. Yellow Freight Sys., Inc.*, 325 F.3d 924, 938 (7th Cir. 2003).  The court finds that compounding interest monthly is appropriate.  As one court put it:

> Because monthly compounding of interest is standard on everything from mortgages to credit cards to car loans, such compounding is appropriate here. By compounding the interest at a lesser frequency, Defendants would be profiting from their wrong and Plaintiff would not be compensated fully for the lost value of her money in the marketplace.

*Cabernoch v. Union Lab. Life Ins.*, No. 06 C 1515, 2009 WL 2497669, at *4 (N.D. Ill. Aug. 14, 2009).  Monthly compounding is appropriate because it will better compensate class members and ensure Alcoa "does not benefit from what amounts to an interest-free loan obtained as a result of illegal activity."  *Allen*, 2017 WL 1382610, at *10.

In sum, the court concludes that class members are entitled to prejudgment interest, at the average prime rate of 6.5%, compounded monthly, on claims for medical

21

expenses and Medicare Part B premiums paid to class members pursuant to retroactive reinstatement.

### C.    Decertification

Defendants contend that Plaintiffs' proposed injunction allowing class members to submit claims for medical expenses incurred is a request for damages improperly disguised as an injunction.  Defendants therefore request that the court decertify the class with respect to individualized retrospective damages.  As explained above, Plaintiffs' proposed remedy regarding claim submission is appropriate injunctive relief that applies to all class members.  Because the court is entering a permanent injunction that applies to all class members, and Plaintiffs are no longer seeking damages, decertification is unwarranted.

### D.    Plaintiffs' Motion to Strike Defendants' Surreply

In Defendants' response in opposition to Plaintiffs' Motion for Entry of Order of Judgment, Defendants rely on two declarations by Tiffany Ackerman, a Compensation and Benefits Consultant for Alcoa.  (*See* Defs.' Resp. at 3, 10, 26).  The parties subsequently filed a Joint Motion for Extension of Time to File Reply to Motion for Entry of Order of Judgment and for Surreply.  (Filing No. 171).  The parties requested an extension of time for Plaintiffs to file their reply, taking into account that Plaintiffs would depose Ackerman.  (*Id.* ¶ 4).  Additionally, the parties "agreed that Defendants should be permitted to file a surreply to address any arguments by Plaintiffs regarding Ms. Ackerman's deposition testimony."  (*Id.* ¶ 6).  The court granted the motion, which ordered that Defendants must "file any surreply by August 5, 2024."  (Filing No. 174

(emphasis omitted)).  Defendants filed a surreply.  (Filing No. 176).  Plaintiffs move to strike the surreply, asserting that Defendants' surreply went beyond the parties' agreement to "argue a second time about the same issues that were raised by Plaintiffs' motion." (Filing No. 177, Pls.' Mot. to Strike at 4).

The court finds that Defendants' surreply is an appropriate response to new evidence and argument raised in Plaintiffs' reply.  "The decision to permit the filing of a surreply is purely discretionary and should generally be allowed only for valid reasons, such as when the movant raises new arguments in a reply brief."  *Meraz-Camacho v. United States*, 417 F. App'x 558, 559 (7th Cir. 2011); *see also Miller v. Madison Cnty. Bd. of Comm'rs*, No. 1:21-cv-02609-JMS-MJD, 2023 WL 2837867, at *5 (S.D. Ind. Apr. 7, 2023) (explaining that a surreply may be filed "when it is necessary to address new arguments or evidence raised in the reply brief" (internal quotation marks omitted)). Plaintiffs acknowledge that Ackerman's deposition testimony is new evidence cited in their reply.  (Pls.' Mot. to Strike at 3).  Plaintiffs also raise a new argument in analogizing their requested injunction to remand.  (*See* Pls.' Reply at ECF pp. 13–16 (discussing remand); Pls.' Mot. for Entry of Order of J. (not mentioning remand)).  Accordingly, the court **DENIES** Plaintiffs' motion to strike.[7]

---

[7] Because the court concludes that Defendants' surreply was proper based on new evidence and argument raised in Plaintiffs' reply, the court need not address Plaintiffs' argument that Defendants' surreply exceeded the terms of the parties' agreement.

### IV.    Conclusion

For the foregoing reasons, Plaintiffs' Motion to Strike Alcoa's Surreply (Filing No. 177) is **DENIED**.  Plaintiffs' Motion for Entry of Order of Judgment (Filing No. 167) is **GRANTED**, except to the extent the court in its discretion awards prejudgment interest at the average prime rate.  Plaintiffs shall have **45 days** from the date of this Entry to file a motion for attorney's fees, costs, and expenses.  The injunction shall be set forth in a separate order.  Additionally, final judgment shall follow by separate order.

**IT IS SO ORDERED** this 28th day of March 2025.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

LYNNETTE J. KAISER, *et al.*,              )
                                           )
           Plaintiffs,              )
                                           )
           v.                       )          No. 3:20-cv-00278-RLY-CSW
                                           )
ALCOA USA CORP., *et al.*,                 )
                                           )
           Defendants.              )

## ORDER GRANTING PERMANENT INJUNCTION

Consistent with the court's summary judgment entry concluding that class members had a right to lifetime healthcare benefits from Alcoa and that Alcoa breached their collective bargaining agreements by unilaterally reducing their healthcare benefits, the court **DECLARES** that class members are entitled to lifetime healthcare benefits from Alcoa and issues the following permanent injunction:

1. Consistent with this declaration of rights, Alcoa must promptly reinstate and maintain for the lifetime of all class members the fixed group health and prescription drug benefit plan, including Medicare Part B premium reimbursement ("the Prior Plan"), provided to class members before January 1, 2021, and notify class members that the Prior Plan has been reinstated pursuant to this Order.

2. The Prior Plan shall be reinstated retroactive to January 1, 2021. Class members are entitled to submit for payment claims for health and prescription drug expenses incurred from January 1, 2021, through the time Alcoa reinstates

1

the Prior Plan.  Alcoa must notify class members of their right, pursuant to this Order, to submit claims for health and prescription drug expenses incurred from January 1, 2021.

3. Alcoa shall pay to class members the standard Medicare Part B premium amounts from January 1, 2021, through the time Alcoa reinstates the Prior Plan, less any documented payment through which a class member has already received reimbursement for those Medicare Part B premiums through Alcoa's healthcare reimbursement account ("HRA") arrangement.

4. All claims paid pursuant to paragraph 2 and all Medicare Part B premiums paid pursuant to paragraph 3 shall be paid with prejudgment interest to class members at a rate of 6.5%, compounded monthly.

5. No later than sixty days after entry of this Order, Alcoa must file with the court a detailed explanation of its actions pursuant to paragraphs 1, 2, 3, and 4.  In addition, Alcoa must meet and confer with Plaintiffs to the extent Plaintiffs have any questions about the reinstatement of coverage, the claims process, or the payment of Medicare Part B premiums.

**IT IS SO ORDERED** this 28th day of March 2025.


RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana


Distributed Electronically to Registered Counsel of Record.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

LYNNETTE J. KAISER, *et al.*,                 )
                                              )
                    Plaintiffs,               )
                                              )
        v.                                    )      No. 3:20-cv-00278-RLY-CSW
                                              )
ALCOA USA CORP., *et al.*,                    )
                                              )
                    Defendants.               )

**FINAL JUDGMENT**

The court has granted summary judgment for Plaintiffs and issued a permanent

injunction.  Accordingly, the court now enters final judgment in favor of the Plaintiffs and

against the Defendants.

**IT IS SO ORDERED** this 28th day of March 2025.


_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Kristine L. Seufert, Clerk


BY: _____
     Deputy Clerk, U.S. District Court


Distributed Electronically to Registered Counsel of Record.

1

# *** PUBLIC DOCKET ***

APPEAL,CLOSED

## U.S. District Court
## Southern District of Indiana (Evansville)
## CIVIL DOCKET FOR CASE #: 3:20-cv-00278-RLY-CSW

KAISER et al v. ALCOA USA CORP. et al          Date Filed: 12/10/2020
Assigned to: Judge Richard L. Young             Date Terminated: 03/28/2025
Referred to: Magistrate Judge Crystal S. Wildeman   Jury Demand: Plaintiff
Cause: 29:185 Labor/Mgt. Relations (Contracts)  Nature of Suit: 720 Labor: Labor/Mgt.
                                                Relations
                                                Jurisdiction: Federal Question

**Plaintiff**

**ROBERT W. SIMPKINS**               represented by    **Barry A. Macey**
*TERMINATED: 01/07/2022*                                MACEY SWANSON AND ALLMAN
                                                        445 N Pennsylvania St
                                                        Suite 401
                                                        Indianapolis, IN 46204
                                                        (317)637-2345
                                                        Fax: (317)637-2369
                                                        Email: bmacey@maceylaw.com
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Jeffrey A. Macey**
                                                        Macey Swanson LLP
                                                        429 N. Pennsylvania Street
                                                        Ste 204
                                                        Indianapolis, IN 46204
                                                        317-637-2345
                                                        Email: jmacey@maceylaw.com
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Joel R. Hurt**
                                                        FEINSTEIN DOYLE PAYNE & KRAVEC
                                                        LLC
                                                        429 Fourth Avenue
                                                        Law & Finance Building
                                                        Suite 1300
                                                        Pittsburgh, PA 15219
                                                        412 281-8400
                                                        Fax: 412 281-1007
                                                        Email: jhurt@fdpklaw.com
                                                        *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*

**Pamina Ewing**
FEINSTEIN DOYLE PAYNE &
KRAVEC, LLC
429 Fourth Avenue
Law & Office Building
Suite 1300
Pittsburgh, PA 15219
412 281-8400
Fax: 412 281-1007
Email: pewing@fdpklaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ruairi McDonnell**
FEINSTEIN DOYLE PAYNE &
KRAVEC, LLC
429 Fourth Avenue
Law & Finance Building
Suite 1300
Pittsburgh, PA 15219
412 281-8400
Fax: 412 281-1007
Email: rmcdonnell@fdpklaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **LYNNETTE J. KAISER** | represented by | **Barry A. Macey** |
| *on behalf of herself and all other persons* | | (See above for address) |
| *similarly situated* | | *ATTORNEY TO BE NOTICED* |

**Jeffrey A. Macey**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joel R. Hurt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Pamina Ewing**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ruairi McDonnell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/ CLC** | represented by | **Barry A. Macey** (See above for address) *ATTORNEY TO BE NOTICED* |

**David R. Jury**
UNITED STEELWORKERS
60 Boulevad of the Allies
Room 807
Pittsburgh, PA 15222-1214
412 562-2545
Fax: 412 562-2524
Email: djury@usw.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey A. Macey**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joel R. Hurt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Pamina Ewing**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ruairi McDonnell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO** | represented by | **Barry A. Macey** (See above for address) *ATTORNEY TO BE NOTICED* |

**Jeffrey A. Macey**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joel R. Hurt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Pamina Ewing**

(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ruairi McDonnell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**ALCOA USA CORP.**                    represented by  **Jeffrey P. Richter**
                                                        K&L GATES LLP
                                                        210 Sixth Avenue
                                                        Pittsburg, PA 15222-2613
                                                        412 355-8970
                                                        Fax: 412 355-6501
                                                        Email: jeff.richter@klgates.com
                                                        *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Mark E. Miller**
                                                        Mark Miller Law Office
                                                        915 Main Street, Suite 203
                                                        PO Box 3009
                                                        Evansville, IN 47730-3009
                                                        (812) 303-3444
                                                        Email: mmiller@indianalawonline.com
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Rosemary Alito**
                                                        K&L GATES LLP
                                                        One Newark Center
                                                        Tenth Floor
                                                        Newark, NJ 07102-5285
                                                        973 848-4000
                                                        Fax: 973 848-4001
                                                        Email: rosemary.alito@klgates.com
                                                        *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Thomas E. Birsic**
                                                        K&L GATES LLP
                                                        210 Sixth Avenue
                                                        Pittsburg, PA 15222-2613
                                                        412 355-6538
                                                        Fax: 412 355-6501
                                                        Email: thomas.birsic@klgates.com
                                                        *PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Defendant**

| **RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP.** | represented by | **Jeffrey P. Richter** (See above for address) *PRO HAC VICE* *ATTORNEY TO BE NOTICED* |
| | | **Mark E. Miller** (See above for address) *ATTORNEY TO BE NOTICED* |
| | | **Rosemary Alito** (See above for address) *PRO HAC VICE* *ATTORNEY TO BE NOTICED* |
| | | **Thomas E. Birsic** (See above for address) *PRO HAC VICE* *ATTORNEY TO BE NOTICED* |

**Defendant**

| **MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA** | represented by | **Jeffrey P. Richter** (See above for address) *PRO HAC VICE* *ATTORNEY TO BE NOTICED* |
| | | **Mark E. Miller** (See above for address) *ATTORNEY TO BE NOTICED* |
| | | **Rosemary Alito** (See above for address) *PRO HAC VICE* *ATTORNEY TO BE NOTICED* |
| | | **Thomas E. Birsic** (See above for address) *PRO HAC VICE* *ATTORNEY TO BE NOTICED* |

**Defendant**

| **ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA** | represented by | **Jeffrey P. Richter** (See above for address) *PRO HAC VICE* *ATTORNEY TO BE NOTICED* |
| | | **Mark E. Miller** (See above for address) *ATTORNEY TO BE NOTICED* |

Rosemary Alito
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

Thomas E. Birsic
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/10/2020 | 1 | COMPLAINT against ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP., filed by UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC, LYNNETTE J. KAISER, Aluminum Trades Council of Wenatchee, Washington AFL-CIO, ROBERT W. SIMPKINS. (Filing fee $402, receipt number 0756-6317505) (Attachments: # 1 Exhibit Exhibit 1: 1988 USW Master Agreement, # 2 Exhibit Exhibit 2: 1988 ABG Master Agreement, # 3 Exhibit Exhibit 3: 1979 Alcoa Retiree SPD, # 4 Exhibit Exhibit 4: 1981 Retiree SPD, # 5 Exhibit Exhibit 5: 1986 Retiree SPD, # 6 Exhibit Exhibit 6: Reynolds Retiree SPD, # 7 Exhibit Exhibit 7: 2020 Notice re: Benefit Termination, # 8 Exhibit Exhibit 7: 2021 Via Benefits Advantage, # 9 Civil Cover Sheet CCS Page 1, # 10 Civil Cover Sheet CCS Page 2, # 11 Proposed Summons)(Macey, Jeffrey) (Entered: 12/10/2020) |
| 12/10/2020 | 2 | NOTICE of Appearance by Jeffrey A. Macey on behalf of Plaintiffs Aluminum Trades Council of Wenatchee, Washington AFL-CIO, LYNNETTE J. KAISER, ROBERT W. SIMPKINS, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC. (Macey, Jeffrey) (Entered: 12/10/2020) |
| 12/11/2020 | 3 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (AAS) (Entered: 12/11/2020) |
| 12/11/2020 | 4 | Summons Issued as to ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP. (AAS) (Entered: 12/11/2020) |
| 12/15/2020 | 5 | MOTION for Attorney(s) Pamina Ewing to Appear pro hac vice (Filing fee $100, receipt number 0756-6325736), filed by Plaintiffs ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, LYNNETTE J. KAISER, ROBERT W. SIMPKINS, UNITED STEEL, PAPER AND FORESTRY, |

| | | RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC. (Attachments: # 1 Exhibit Exhibit A: Certification, # 2 Text of Proposed Order)(Macey, Jeffrey) (Entered: 12/15/2020) |
|---|---|---|
| 12/16/2020 | 6 | NOTICE of Appearance by Jeffrey A. Macey on behalf of Plaintiffs ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, LYNNETTE J. KAISER, ROBERT W. SIMPKINS, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC. (Macey, Jeffrey) (Entered: 12/16/2020) |
| 12/16/2020 | 7 | ORDER granting 5 Motion to Appear pro hac vice. Attorney Pamina Ewing for ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO,Pamina Ewing for LYNNETTE J. KAISER,Pamina Ewing for ROBERT W. SIMPKINS,Pamina Ewing for UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC added. Signed by Magistrate Judge Matthew P. Brookman on 12/16/2020. (JRB) (Entered: 12/16/2020) |
| 12/16/2020 | 8 | MOTION for Preliminary Injunction , filed by Plaintiffs ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, LYNNETTE J. KAISER, ROBERT W. SIMPKINS, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC. (Attachments: # 1 Text of Proposed Order)(Ewing, Pamina) (Entered: 12/16/2020) |
| 12/16/2020 | 9 | BRIEF/MEMORANDUM in Support re 8 MOTION for Preliminary Injunction , filed by Plaintiffs ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, LYNNETTE J. KAISER, ROBERT W. SIMPKINS, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC. (Ewing, Pamina) (Entered: 12/16/2020) |
| 12/16/2020 | 10 | DECLARATION of Cary Burnell re 8 Motion for Preliminary Injunction by ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, LYNNETTE J. KAISER, ROBERT W. SIMPKINS, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC. (Attachments: # 1 Exhibit 1 - 1980 Alcoa USW CBA, # 2 Exhibit 2 - 1980 Alcoa Aluminum Workers CBA, # 3 Exhibit 3 - 1983 Alcoa USW CBA, # 4 Exhibit 4 - 1983 Alcoa ABG CBA, # 5 Exhibit 5 - 1986 Alcoa USW CBA, # 6 Exhibit 6 - 1986 Alcoa ABG CBA, # 7 Exhibit 7 - 1988 Alcoa USW CBA, # 8 Exhibit 8 - 1988 Alcoa ABG CBA, # 9 Exhibit 9 - 1992 Alcoa USW Extension Agmt, # 10 Exhibit 10 - 1979 Retiree SPD, # 11 Exhibit 11 -1981 Retiree SPD, # 12 Exhibit 12 - 1986 Retiree SPD, # 13 Exhibit 13 - 1990 RMC Retiree Group Benefit Plan, # 14 Exhibit 14 - 1979 Alcoa USW Active SPD, # 15 Exhibit 15 - Pages from 2019 Alcoa Annual Report, # 16 Exhibit 16 - 2021 Enrollment Guide Cover Letter, # 17 Exhibit 17 - 2021 Enrollment Guide, # 18 Exhibit 18 - 2021 Advantage Guide, # 19 Exhibit 19 - alzheimers-facts-and-figures-2019R, # 20 Exhibit 20 - 2020-12-09 R Simpkins Via Benefits Search Results 26 MAPD Plans, # 21 Exhibit 21 - |

| | | |
|---|---|---|
| | | 2020-12-09 R Simpkins Via Benefits Search Result 30 Medigap Plans, # 22 Exhibit 22 - 2020-12-09R Simpkins Via Benefits Search Results 21 Part D Plans, # 23 Exhibit 23 - Medicare Beneficiaries Out of Pocket Expenses for Health Care, # 24 Exhibit 24 - Data Note_ Prescription Drugs and Older Adults _ KFF, # 25 Exhibit 25 - Trends in Retail Prices of Specialty Rx Widely Used by Older Americans 2006-2015, # 26 Exhibit 26 - VIA Benefits Selection Confirmation, # 27 Exhibit 27 - The New York Times 12-16-2020 Article, # 28 Exhibit 28 - NBER Working Paper (Managing Intelligence Skilled Experts & AI in Markets) April 2020)(Ewing, Pamina) (Entered: 12/16/2020) |
| 12/16/2020 | 11 | DECLARATION *of George Barnett* re 8 Motion for Preliminary Injunction by ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, LYNNETTE J. KAISER, ROBERT W. SIMPKINS, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC. (Attachments: # 1 Exhibit A - DH VIA Benefits Notice, # 2 Exhibit B - PK VIA Benefits Notice)(Ewing, Pamina) (Entered: 12/16/2020) |
| 12/16/2020 | 12 | DECLARATION of L. Kaiser re 8 Motion for Preliminary Injunction by ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, LYNNETTE J. KAISER, ROBERT W. SIMPKINS, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC. (Attachments: # 1 Exhibit 1 - Decl. of Lynnette J. Kaiser Signature Page, # 2 Exhibit 2 - Text of Decl. of Lynnette J. Kaiser (Final))(Ewing, Pamina) (Entered: 12/16/2020) |
| 12/16/2020 | 13 | DECLARATION of Douglas Rapp re 8 Motion for Preliminary Injunction by ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, LYNNETTE J. KAISER, ROBERT W. SIMPKINS, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC. (Ewing, Pamina) (Entered: 12/16/2020) |
| 12/16/2020 | 14 | MOTION for Emergency Hearing , filed by Plaintiffs ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, LYNNETTE J. KAISER, ROBERT W. SIMPKINS, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC. (Attachments: # 1 Text of Proposed Order)(Ewing, Pamina) (Entered: 12/16/2020) |
| 12/17/2020 | 15 | NOTICE of Appearance by Barry A. Macey on behalf of Plaintiffs ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, LYNNETTE J. KAISER, ROBERT W. SIMPKINS, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC. (Macey, Barry) (Entered: 12/17/2020) |
| 12/17/2020 | 16 | Amended MOTION for Emergency Hearing re 14 MOTION for Emergency Hearing , filed by Plaintiffs ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, LYNNETTE J. KAISER, ROBERT W. SIMPKINS, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC. (Attachments: # 1 Text |

| | | |
|---|---|---|
| | | of Proposed Order)(Ewing, Pamina) (Entered: 12/17/2020) |
| 12/17/2020 | 17 | MOTION for Attorney(s) Joel Hurt to Appear pro hac vice (Filing fee $100, receipt number 0756-6329361), filed by Plaintiffs ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, LYNNETTE J. KAISER, ROBERT W. SIMPKINS, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC. (Attachments: # 1 Exhibit A: Certification, # 2 Text of Proposed Order)(Macey, Jeffrey) (Entered: 12/17/2020) |
| 12/17/2020 | 18 | MOTION for Attorney(s) Ruairi McDonnell to Appear pro hac vice (Filing fee $100, receipt number 0756-6329376), filed by Plaintiffs ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, LYNNETTE J. KAISER, ROBERT W. SIMPKINS, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC. (Attachments: # 1 Exhibit A: Certification, # 2 Text of Proposed Order)(Macey, Jeffrey) (Entered: 12/17/2020) |
| 12/17/2020 | 19 | MOTION for Attorney(s) David R. Jury to Appear pro hac vice (Filing fee $100, receipt number 0756-6329385), filed by Plaintiff UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC. (Attachments: # 1 Exhibit A: Certification, # 2 Text of Proposed Order)(Macey, Jeffrey) (Entered: 12/17/2020) |
| 12/18/2020 | 20 | ORDER granting 17 Motion to Appear pro hac vice - This cause has come before the Court upon the motion of Jeffrey A. Macey of the law firm Macey Swanson LLP, seeking an Order granting Joel Hurt of Feinstein Doyle Payne& Kravec, LLC leave to appear pro hac vice for the purpose of appearing as counsel on behalf of all named plaintiffs and all others similarly situated to the individual plaintiffs in the above-styled cause only. Being fully advised, it is now ORDERED that the motion be, and hereby is, GRANTED. SEE ORDER. Signed by Magistrate Judge Matthew P. Brookman on 12/18/2020. (AAS) (Entered: 12/18/2020) |
| 12/18/2020 | 21 | ORDER granting 18 Motion to Appear pro hac vice. Attorney Ruairi McDonnell for ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO,Ruairi McDonnell for LYNNETTE J. KAISER,Ruairi McDonnell for ROBERT W. SIMPKINS,Ruairi McDonnell for UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC added. Copy sent to counsel via US Mail. Signed by Magistrate Judge Matthew P. Brookman on 12/18/2020. (JRB) (Entered: 12/18/2020) |
| 12/18/2020 | 22 | ORDER granting 19 Motion to Appear pro hac vice. Attorney David R. Jury for UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC added. copy sent to counsel via US Mail. Signed by Magistrate Judge Matthew P. Brookman on 12/18/2020. (JRB) (Entered: 12/18/2020) |

| 12/18/2020 | 23 | WAIVER OF SERVICE Returned Executed, filed by UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC, LYNNETTE J. KAISER, ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, ROBERT W. SIMPKINS. ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA waiver sent on 12/17/2020; ALCOA USA CORP. waiver sent on 12/17/2020; MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA waiver sent on 12/17/2020; RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP. waiver sent on 12/17/2020. (Ewing, Pamina) (Entered: 12/18/2020) |
|---|---|---|
| 12/21/2020 | 24 | NOTICE of Filing by All Plaintiffs (Attachments: # 1 Exhibit A - Declaration of Robert W. Simpkins in Support of Plaintiffs' Motion for Preliminary Injunction) (Ewing, Pamina) (Entered: 12/21/2020) |
| 12/22/2020 | 25 | ORDER GRANTING 16 Plaintiffs' Amended Emergency Motion for Telephone Conference. A Telephonic Status Conference is set for 12/22/2020 at 09:30 AM (Central Time) before Magistrate Judge Matthew P. Brookman. The Emergency Motion for Telephone Conference (Dkt. No. 14 ) is DENIED as MOOT. Signed by Magistrate Judge Matthew P. Brookman on 12/22/2020.(TMB) (Entered: 12/22/2020) |
| 12/22/2020 | 27 | MINUTE ORDER for proceedings held before Magistrate Judge Matthew P. Brookman: Status Conference held on 12/22/2020. The briefing schedule for Plaintiffs' Motion for Preliminary Injunction (Docket No. 8 ) shall be as follows: Defendants' Response shall be filed by December 30, 2020. Plaintiffs' Reply shall be filed by January 4, 2021. The parties request a 2-hour hearing thereafter. A Telephonic Settlement Conference is set for 1/21/2021 at 10:00 AM (Central Time) before Magistrate Judge Matthew P. Brookman. Signed by Magistrate Judge Matthew P. Brookman. (TMB) (Entered: 12/22/2020) |
| 12/22/2020 | 28 | NOTICE of Appearance by Mark E. Miller on behalf of Defendants ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP.. (Miller, Mark) (Entered: 12/22/2020) |
| 12/30/2020 | 29 | Corporate Disclosure Statement by ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP. identifying Corporate Parent ALCOA USA CORP. for ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP... (Miller, Mark) |

| | | (Entered: 12/30/2020) |
|---|---|---|
| 12/30/2020 | 30 | RESPONSE in Opposition re 8 MOTION for Preliminary Injunction , filed by Defendants ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L)(Miller, Mark) (Entered: 12/30/2020) |
| 01/04/2021 | 31 | REPLY in Support of Motion re 8 MOTION for Preliminary Injunction , filed by Plaintiffs ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, LYNNETTE J. KAISER, ROBERT W. SIMPKINS, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC. (Attachments: # 1 Declaration of Cary Burnell)(Ewing, Pamina) (Entered: 01/04/2021) |
| 01/15/2021 | 33 | MOTION for Attorney(s) Rosemary Alito to Appear pro hac vice (Filing fee $100, receipt number 0756-6368652), filed by Defendants ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP.. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(Miller, Mark) (Entered: 01/15/2021) |
| 01/15/2021 | 34 | MOTION for Attorney(s) Thomas E. Birsic to Appear pro hac vice (Filing fee $100, receipt number 0756-6368666), filed by Defendants ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP.. (Attachments: # 1 Exhibit A - Certification, # 2 Text of Proposed Order)(Miller, Mark) (Entered: 01/15/2021) |
| 01/15/2021 | 35 | MOTION for Attorney(s) Jeffrey P. Richter to Appear pro hac vice (Filing fee $100, receipt number 0756-6368698), filed by Defendants ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP.. (Attachments: # 1 Exhibit A - Certification, # 2 Text of Proposed Order)(Miller, Mark) (Entered: 01/15/2021) |
| 01/15/2021 | 36 | MOTION *for Clarification*, filed by Defendants ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR |

| | | CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP.. (Miller, Mark) (Entered: 01/15/2021) |
|---|---|---|
| 01/19/2021 | 37 | ORDER granting 34 Motion to Appear pro hac vice. Attorney Thomas E. Birsic for ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA,Thomas E. Birsic for ALCOA USA CORP.,Thomas E. Birsic for MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA,Thomas E. Birsic for RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP. added. Signed by Magistrate Judge Matthew P. Brookman on 1/19/2021. (JRB) (Entered: 01/19/2021) |
| 01/19/2021 | 38 | ORDER granting 33 Motion to Appear pro hac vice. Attorney Rosemary Alito for ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA,Rosemary Alito for ALCOA USA CORP.,Rosemary Alito for MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA,Rosemary Alito for RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP. added. Signed by Magistrate Judge Matthew P. Brookman on 1/19/2021. (JRB) (Entered: 01/19/2021) |
| 01/19/2021 | 39 | ORDER granting 35 Motion to Appear pro hac vice. Attorney Jeffrey P. Richter for ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA,Jeffrey P. Richter for ALCOA USA CORP.,Jeffrey P. Richter for MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA,Jeffrey P. Richter for RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP. added. Signed by Magistrate Judge Matthew P. Brookman on 1/19/2021. (JRB) (Entered: 01/19/2021) |
| 01/20/2021 | 40 | ORDER granting 36 Motion for Clarification - The court hereby GRANTS Defendants' Motion for Clarification of the December 22, 2020 Order 27 to the extent that it confirms that the January 21, 2021, setting is only a settlement conference and will not include oral argument or evidentiary hearing on any pending motion. Any discussion of the merits of any pending motions or evidence may occur informally as part of settlement discussions. Signed by Magistrate Judge Matthew P. Brookman on 1/20/2021. (JRB) (Entered: 01/20/2021) |
| 01/22/2021 | 41 | MINUTE ORDER for proceedings held before Magistrate Judge Matthew P. Brookman: Settlement Conference held on 1/21/2021. The parties were present and represented by counsel. The parties conducted settlement negotiations, but they were unable to reach an agreement. No further orders are entered at this time. Signed by Magistrate Judge Matthew P. Brookman. (TMB) (Entered: 01/22/2021) |
| 02/16/2021 | 42 | ANSWER to 1 Complaint , filed by All Defendants.(Miller, Mark) (Entered: 02/16/2021) |
| 03/10/2021 | 43 | *Proposed Joint* CASE MANAGEMENT PLAN TENDERED, filed by Plaintiffs ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, LYNNETTE J. KAISER, ROBERT W. SIMPKINS, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED |

| | | INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC . (Ewing, Pamina) (Entered: 03/10/2021) |
|---|---|---|
| 03/12/2021 | 44 | ORDER: CASE MANAGEMENT PLAN APPROVED AS AMENDED - Dispositive Motions due by 12/10/2021. Discovery due by 10/10/2021. Telephonic Status Conference set for 5/24/2021 at 09:30 AM (Central Time) before Magistrate Judge Matthew P. Brookman. Signed by Magistrate Judge Matthew P. Brookman on 3/12/2021.(JRB) (Entered: 03/12/2021) |
| 03/22/2021 | 45 | MOTION to Bifurcate , filed by Plaintiffs ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, LYNNETTE J. KAISER, ROBERT W. SIMPKINS, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC. (Attachments: # 1 Text of Proposed Order)(Ewing, Pamina) (Entered: 03/22/2021) |
| 03/22/2021 | 46 | BRIEF/MEMORANDUM in Support re 45 MOTION to Bifurcate , filed by Plaintiffs ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, LYNNETTE J. KAISER, ROBERT W. SIMPKINS, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC. (Attachments: # 1 Exhibit A - Joint Case Mgmt. Proposed Order (ASARCO), # 2 Exhibit B - Proposed Case Mgmt. Order (Babcock and Wilcox), # 3 Exhibit C - Amended Case Mgmt. Order (Gerdau), # 4 Exhibit D - Joint Discovery Plan (Resolute Forest), # 5 Exhibit E - Joint Report of Planning Meeting (Century), # 6 Exhibit F - Decl. of W. Payne in Support of Bifurcation (PPG), # 7 Exhibit G - Order Granting Joint Motion for Bifurcation (Johnson Controls), # 8 Exhibit H - Second Amended Order (Briggs))(Ewing, Pamina) (Entered: 03/22/2021) |
| 04/05/2021 | 47 | RESPONSE in Opposition re 45 MOTION to Bifurcate , filed by Defendants ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP.. (Attachments: # 1 Exhibit 1 - Butch proposed joint CMP, # 2 Exhibit 2 - Contreras class cert order, # 3 Exhibit 3 - Comer class cert order, # 4 Exhibit 4 - Dewhurst class cert order, # 5 Exhibit 5 - Zanghi rule 26(f) report, # 6 Exhibit 6 - Zanghi class cert order, # 7 Exhibit 7 - Tackett class cert order, # 8 Exhibit 8 - Tackett bifurcation order, # 9 Exhibit 9 - Winnett class cert order, # 10 Exhibit 10 - Winnett bifurcation order, # 11 Exhibit 11 - Grove class cert order, # 12 Exhibit 12 - Merrill class cert order, # 13 Exhibit 13 - Curtis class cert order, # 14 Exhibit 14 - Curtis bifurcation order, # 15 Exhibit 15 - Temme class cert order, # 16 Exhibit 16 - Amos joint motion to extend discovery, # 17 Exhibit 17 - Amos opp to mot to bifurcate)(Miller, Mark) (Entered: 04/05/2021) |
| 04/12/2021 | 48 | REPLY in Support of Motion re 45 MOTION to Bifurcate , filed by Plaintiffs ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, LYNNETTE J. KAISER, ROBERT W. SIMPKINS, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC. (Ewing, Pamina) (Entered: 04/12/2021) |

| 04/12/2021 | 49 | DECLARATION of Pamina Ewing re 48 Reply in Support of Motion by All Plaintiffs. (Attachments: # 1 Exhibit Medicare Exchange HRA SPD, # 2 Exhibit Via Benefits Reimbursement Guide (HRA), # 3 Exhibit K. Allen Email to C. Burnell, # 4 Exhibit Judgment Entry - (Whirlpool), # 5 Exhibit Case Mgmt. Rep. - (Gerdau Ameristeel), # 6 Exhibit Rep. of Parties' Planning Meeting - (Century Aluminum)) (Ewing, Pamina) (Entered: 04/12/2021) |
|---|---|---|
| 04/19/2021 | 50 | Exhibit List *Preliminary Exhibit List*, filed by Plaintiffs ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, LYNNETTE J. KAISER, ROBERT W. SIMPKINS, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC. (Hurt, Joel) (Entered: 04/19/2021) |
| 04/19/2021 | 51 | Witness List *Preliminary Witness List*, filed by Plaintiffs ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, LYNNETTE J. KAISER, ROBERT W. SIMPKINS, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC. (Hurt, Joel) (Entered: 04/19/2021) |
| 04/19/2021 | 52 | Submission of Signature Requirement re 50 Exhibit List by All Plaintiffs. (Ewing, Pamina) (Entered: 04/19/2021) |
| 04/19/2021 | 53 | Submission of Signature Requirement re 51 Witness List by All Plaintiffs. (Ewing, Pamina) (Entered: 04/19/2021) |
| 04/26/2021 | 54 | Exhibit List *Preliminary*, filed by Defendants ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP., Witness List *Preliminary*, filed by Defendants ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP.. (Miller, Mark) (Entered: 04/26/2021) |
| 04/29/2021 | 55 | SCHEDULING ORDER: Telephonic status conference on MAY 10, 2021 at 11:00 a.m. before the Honorable Richard L. Young, Judge. The information needed to participate in this telephonic conference will be provided by a separate notification. Signed by Judge Richard L. Young on 4/29/2021.(JRB) (Entered: 04/29/2021) |
| 05/10/2021 | 57 | Minute Entry for telephonic conference held 5/10/21 before Judge Richard L. Young. Telephonic status Conference is set for 6/3/2021 at 11:00 AM (Central Time) before Judge Richard L. Young. Dialing instructions shall issue by separate entry. (Entered: 05/10/2021) |
| 05/26/2021 | 60 | MINUTE ORDER for proceedings held before Magistrate Judge Matthew P. Brookman: Status Conference held on 5/25/2021. Telephonic Status Conference set for 6/14/2021 at 10:00 AM (Central Time) before Magistrate Judge Matthew P. |

| | | |
|---|---|---|
| | | Brookman. Signed by Magistrate Judge Matthew P. Brookman. (LES) (Entered: 05/26/2021) |
| 06/03/2021 | 61 | Minute Entry for status conference held 6/03/21 before Judge Richard L. Young. Parties appear by telephone; Plaintiffs by Pamina Ewing and Joel Hurt and Defendants by Thomas Birsic, Rosemary Alito, Jeffrey Richter and Mark Miller. The hearing is held and concluded. No further orders are issued at this time. (TMD) (Entered: 06/08/2021) |
| 06/11/2021 | 63 | STATUS REPORT by All Plaintiffs. (Ewing, Pamina) (Entered: 06/11/2021) |
| 06/15/2021 | 64 | MINUTE ORDER for proceedings held before Magistrate Judge Matthew P. Brookman: Status Conference held on 6/14/2021. Settlement Conference set for 9/30/2021 at 09:00 AM (Central Time) in room #328, United States Courthouse, 101 Northwest MLK Boulevard, Evansville, Indiana before Magistrate Judge Matthew P. Brookman. Status Conference set for 8/20/2021 at 09:30 AM (Central Time) Telephonic before Magistrate Judge Matthew P. Brookman. Signed by Magistrate Judge Matthew P. Brookman. (TMB) (Entered: 06/15/2021) |
| 06/22/2021 | 65 | STATUS REPORT *of All Parties* by ALCOA USA CORP.. (Alito, Rosemary) (Entered: 06/22/2021) |
| 06/23/2021 | 66 | Submission of Signature Requirement re 65 Status Report by ALCOA USA CORP.. (Birsic, Thomas) (Entered: 06/23/2021) |
| 06/23/2021 | 67 | ORDER - This matter is before the Court sua sponte. Per the request in the Parties' Joint Status Report filed June 22, 2021 65 , the Court DIRECTS the parties to submit an additional joint status report on or before June 28, 2021. Signed by Magistrate Judge Matthew P. Brookman on 6/23/2021.(JRB) (Entered: 06/23/2021) |
| 06/28/2021 | 68 | STATUS REPORT *JOINT* by All Plaintiffs. (Ewing, Pamina) (Entered: 06/28/2021) |
| 07/02/2021 | 69 | NOTICE *to Court with Proposed Order*, filed by Defendant ALCOA USA CORP., re 8 MOTION for Preliminary Injunction . (Attachments: # 1 Text of Proposed Order Proposed Order re: Plaintiffs' Motion for Preliminary Injunction) (Alito, Rosemary) (Entered: 07/02/2021) |
| 07/06/2021 | 70 | ORDER re 8 MOTION for Preliminary Injunction filed by LYNNETTE J. KAISER, ROBERT W. SIMPKINS, ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC - The Court enters the following Order setting forth the Parties' agreed upon resolution of Plaintiffs' Motion for Preliminary Injunction, SEE ORDER. Signed by Judge Richard L. Young on 7/6/2021.(AAS) (Entered: 07/06/2021) |
| 07/12/2021 | 71 | Joint MOTION for Extension of Time to *Extend Case Management Dates*, filed by Plaintiffs ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, LYNNETTE J. KAISER, ROBERT W. SIMPKINS, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC. (Attachments: # 1 Text of Proposed Order Proposed Order to Jt Motion to Ext Case Mgmt Deadlines)(Ewing, Pamina) (Entered: 07/12/2021) |

| 07/15/2021 | 72 | ORDER granting 71 Motion for Extension of Time to File - Dispositive Motions due by 3/10/2022. Discovery due by 1/10/2022. SEE ORDER.. Signed by Magistrate Judge Matthew P. Brookman on 7/15/2021.(JRB) (Entered: 07/15/2021) |
| --- | --- | --- |
| 08/20/2021 | 74 | MINUTE ORDER for proceedings held before Magistrate Judge Matthew P. Brookman: Status Conference held on 8/20/2021. Parties were represented by counsel. No further orders are entered at this time. Signed by Magistrate Judge Matthew P. Brookman. (TMB) (Entered: 08/20/2021) |
| 09/22/2021 | 75 | ORDER denying 45 Motion to Bifurcate - Plaintiffs' Motion to Bifurcate Docket No. 45 is DENIED. Plaintiffs may reraise this request at a later juncture in accordance with the discussion in this entry. See Order. Signed by Magistrate Judge Matthew P. Brookman on 9/22/2021. (AAS) (Entered: 09/22/2021) |
| 10/01/2021 | 76 | MINUTE ORDER for proceedings held before Magistrate Judge Matthew P. Brookman: Settlement Conference held on 9/30/2021. The parties were present and represented by counsel. The parties conducted settlement negotiations, but they were unable to reach an agreement. Status Conference set for 10/6/2021 at 01:30 PM (Central Time) Telephonic before Magistrate Judge Matthew P. Brookman. Signed by Magistrate Judge Matthew P. Brookman. (TMB) (Entered: 10/01/2021) |
| 10/13/2021 | 78 | MINUTE ORDER for proceedings held before Magistrate Judge Matthew P. Brookman: Status Conference held on 10/6/2021. Section III-J and Section IV of the Case Management Plan are amended. ***SEE ORDER*** Status Conference set for 5/4/2022 at 09:00 AM (Central Time) Telephonic before Magistrate Judge Matthew P. Brookman. Signed by Magistrate Judge Matthew P. Brookman. (TMB) (Entered: 10/13/2021) |
| 01/06/2022 | 79 | Unopposed MOTION to Withdraw *Plaintiff Robert W. Simpkins' Unopposed Motion to Withdraw as Class Representative*, filed by Plaintiffs ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, LYNNETTE J. KAISER, ROBERT W. SIMPKINS, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC. (Attachments: # 1 Text of Proposed Order)(Ewing, Pamina) (Entered: 01/06/2022) |
| 01/07/2022 | 80 | ORDER granting 79 PLAINTIFF ROBERT W. SIMPKINS' MOTION TOWITHDRAW AS CLASS REPRESENTATIVE - SEE ORDER. Signed by Magistrate Judge Matthew P. Brookman on 1/7/2022. (JRB) (Entered: 01/07/2022) |
| 02/11/2022 | 81 | MOTION to Certify Class , filed by Plaintiff LYNNETTE J. KAISER. (Attachments: # 1 Text of Proposed Order)(Ewing, Pamina) (Entered: 02/11/2022) |
| 02/11/2022 | 82 | BRIEF/MEMORANDUM in Support re 81 MOTION to Certify Class , filed by Plaintiff LYNNETTE J. KAISER. (Ewing, Pamina) (Entered: 02/11/2022) |
| 02/11/2022 | 83 | DECLARATION of Pamina Ewing re 81 Motion to Certify Class by LYNNETTE J. KAISER. (Attachments: # 1 Exhibit Ex. 1 - 1977 Alcoa CBA, # 2 Exhibit Ex. 2 - 1977 Alcoa & AWIU CBA, # 3 Exhibit Ex. 3 - 1980 Alcoa USW CBA, # 4 Exhibit Ex. 4 - 1980 Alcoa AWIU CBA, # 5 Exhibit Ex. 5 - 1983 Alcoa USW CBA, # 6 Exhibit Ex. 6 - 1983 Alcoa ABG CBA, # 7 Exhibit Ex. 7 - 1986 Alcoa USW CBA, # 8 Exhibit Ex. 8 - 1986 Alcoa ABG CBA, # 9 Exhibit Ex. 9 - 1988 Alcoa USW CBA, # 10 Exhibit Ex. 10 - 1988 Alcoa ABG CBA, # 11 Exhibit Ex. 11 - 88-92 Alcoa ATC Wenatchee CBA, # 12 Exhibit Ex. 12 - 1979 Alcoa Retiree SPD, # 13 Exhibit Ex. 13 - 1981 Alcoa USW Retiree SPD, # 14 Exhibit Ex. 14 - 1986 Alcoa |

| | | |
|---|---|---|
| | | USW Retiree SPD, # [15] Exhibit Ex. 15 - 1990 Reynolds Retiree SPD, # [16] Exhibit Ex. 16 - FDPK Firm Bio, # [17] Exhibit Ex. 17 - Macey Swanson Firm Bio)(Ewing, Pamina) (Entered: 02/11/2022) |
| 03/09/2022 | 84 | Joint MOTION for Extension of Time to *Extend Case Management Dates*, filed by Defendants ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP.. (Attachments: # [1] Text of Proposed Order)(Miller, Mark) (Entered: 03/09/2022) |
| 03/11/2022 | 85 | ORDER GRANTING JOINT MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION FOR CLASS CERTIFICATION AND COMPLETE FACT DISCOVERY - The deadlines contained in the Court's October 13, 2021 scheduling order at Dkt. No. [78] are amended as follows: April 11, 2022: Defendant's response to motion for class certification May 1, 2022: Plaintiffs' reply in support of class certification July 28, 2022: Close of fact discovery By April 6, 2022, the Parties will submit a proposal with respect for the remaining deadlines in the Court's October 13, 2021 scheduling order at Dkt. No. [78] . Signed by Magistrate Judge Matthew P. Brookman on 3/11/2022.(AAS) (Entered: 03/11/2022) |
| 04/06/2022 | 86 | STIPULATION *(STIPULATED ORDER)*, re [85] Order on Motion for Extension of Time to FileSchedulingSet/Reset Motion Response/Reply Deadlines, filed by Plaintiffs ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, LYNNETTE J. KAISER, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC. (Ewing, Pamina) Modified on 4/7/2022 (TMB). (Entered: 04/06/2022) |
| 04/06/2022 | 87 | Joint MOTION for Extension of Time to File Response to April 25, 2022 re [81] MOTION to Certify Class *and to File Reply to May 24, 2022*, filed by Defendants ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP.. (Attachments: # [1] Text of Proposed Order)(Miller, Mark) (Entered: 04/06/2022) |
| 04/07/2022 | 88 | ORDER granting [86] STIPULATION PURSUANT TO THE COURT'S ORDER GRANTING JOINT MOTION FOR EXTENSION OF TIME - SEE ORDER FOR DEADLINES. Signed by Magistrate Judge Matthew P. Brookman on 4/7/2022. (AAS) (Entered: 04/07/2022) |
| 04/07/2022 | 89 | ORDER granting [87] Joint Motion for Extension of Time to File Response to April 25, 2022 re [81] MOTION to Certify Class *and to File Reply to May 24, 2022*, [81] MOTION to Certify Class . Signed by Magistrate Judge Matthew P. Brookman on 4/7/2022. (AAS) (Entered: 04/07/2022) |
| 04/25/2022 | 90 | RESPONSE in Opposition re [81] MOTION to Certify Class , filed by Defendants ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., |

| | | |
|---|---|---|
| | | MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP.. (Attachments: # 1 Exhibit 1. Ackerman Declaration, # 2 Exhibit 2. Burnell Deposition Excerpts, # 3 Exhibit 3. Kaiser Deposition Excerpts)(Miller, Mark) (Entered: 04/25/2022) |
| 04/26/2022 | 91 | NOTICE AND ORDER - On the Court's own motion, due to a scheduling conflict, the TELEPHONIC STATUS CONFERENCE set for May 4, 2022, is hereby RESCHEDULED for MAY 9, 2022 at 9:30 a.m., Evansville time (CDT), before the Honorable Matthew P. Brookman, United States Magistrate Judge. The information needed by counsel to participate in this telephonic conference will be provided by a separate notification. Signed by Magistrate Judge Matthew P. Brookman on 4/26/2022.(AAS) (Entered: 04/26/2022) |
| 05/10/2022 | 93 | MINUTE ORDER for proceedings held before Magistrate Judge Matthew P. Brookman. Status Conference held on 5/9/2022. Status Conference set for 11/21/2022 at 09:00 AM (Central Time) Telephonic before Magistrate Judge Matthew P. Brookman. Signed by Magistrate Judge Matthew P. Brookman. (TMB) (Entered: 05/10/2022) |
| 05/19/2022 | 94 | Consent MOTION for Extension of Time to File Reply to June 1, 2022 re 81 MOTION to Certify Class , filed by Plaintiff LYNNETTE J. KAISER. (Attachments: # 1 Text of Proposed Order)(Ewing, Pamina) (Entered: 05/19/2022) |
| 05/20/2022 | 95 | ORDER granting 94 Consent MOTION for Extension of Time to File Reply to 81 MOTION to Certify Class , 81 MOTION to Certify Class to 6/1/2022. Signed by Magistrate Judge Matthew P. Brookman on 5/20/2022. (JRB) (Entered: 05/20/2022) |
| 06/01/2022 | 96 | REPLY in Support of Motion re 81 MOTION to Certify Class , filed by Plaintiff LYNNETTE J. KAISER. (Ewing, Pamina) (Entered: 06/01/2022) |
| 06/01/2022 | 97 | DECLARATION of Pamina Ewing re 96 Reply in Support of Motion by LYNNETTE J. KAISER. (Attachments: # 1 Exhibit Ex. 1 1968-06-01 Alcoa USW Agr. SPK00003815-3906, # 2 Exhibit Ex. 2 1971-06-01 Alcoa USW Agr. SPK00003907-3980, # 3 Exhibit Ex 3 1983-05-30 Alcoa USW Agr. SPK00004061-4141, # 4 Exhibit Ex. 4 1971-06-01 Alcoa AWIU Agr. SPK00002889-2949, # 5 Exhibit Ex. 5 1974-02-01 Alcoa AWIU Agr. SPK00002950-3024, # 6 Exhibit Ex. 6B Reynolds USW 1968 1971 CBA (USW 001801), # 7 Exhibit Ex. 6B Reynolds USW 1968 1971 CBA (USW 001858), # 8 Exhibit Ex. 7 Reynolds USW 1977 Master (USW 001262), # 9 Exhibit Ex. 8 REYNOLDS Master 1986 CBA, # 10 Exhibit Ex. 9 REYNOLDS Master 1988 CBA, # 11 Exhibit Ex. 10 WENATCHEE 1986 CBA, # 12 Exhibit Ex. 11 LOGANS FERRY 1983 CBA, # 13 Exhibit Ex. 12 LOGANS FERRY 1986 CBA, # 14 Exhibit Ex. 13 FT. MEADE 1988 CBA, # 15 Exhibit Ex. 14 EASTALCO 1983 CBA, # 16 Exhibit Ex. 15 EASTALCO 1986 CBA, # 17 Exhibit Ex. 16 EASTALCO 1989 CBA, # 18 Exhibit Ex. 17 Reynolds Baton Rouge 1988 CBA (USW 001661), # 19 Exhibit Ex. 18 Reynolds Bellwood 1971 CBA (USW 001089), # 20 Exhibit Ex. 19 Reynolds Bellwood 1974 CBA (USW 001123), # 21 Exhibit Ex. 20 REYNOLDS Bellwood 1981 CBA, # 22 Exhibit Ex. 21 Reynolds Bellwood 1986 CBA (USW 001625), # 23 Exhibit Ex. 22 Reynolds Longview 1983 CBA (USW 001602), # 24 Exhibit Ex. 23 Reynolds Louisville and Richmond 1977 CBA (USW001010), # 25 Exhibit Ex. 24 REYNOLDS Louisville 1986 CBA, # 26 Exhibit Ex. 25 REYNOLDS Richmond VA 1986 CBA, # 27 Exhibit Ex. 26 |

| | | |
|---|---|---|
| | | Reynolds Sherwin 1983 CBA (USW 001567), # 28 Exhibit Ex. 27 Reynolds St. Lawrence 1971 CBA (USW 001045), # 29 Exhibit Ex. 28 SPK00006188-SPK00006206_REDACTED (2), # 30 Exhibit Ex. 29 SPK00005992-SPK0006043 HourlyRetiree_SPD1, # 31 Exhibit Ex. 30 2002-01-01 Medical SPD (RET-40) SPK6084, # 32 Exhibit Ex. 31 111-00 Alcoa's Memo in response to Qs in June 27 2007 Order, # 33 Exhibit Ex. 32 507-2 Alcoa's PFOFCOL, # 34 Exhibit Ex. 33 64 - Alcoa's Brief IOT Motion for Preliminary Injunction, # 35 Exhibit Ex. 34 2006-05-31 Alcoa USW Agr. SPK00003547-3642, # 36 Exhibit Ex. 35A 2019-09-19 Alcoa USW Agr. Massena SPK00002202-2276, # 37 Exhibit Ex. 35B 2019-09-19 Alcoa USW Agr. Massena SPK00002276-2346, # 38 Exhibit Ex. 35C 2019-09-19 Alcoa USW Agr. Massena SPK00002347-2415, # 39 Exhibit Ex. 36 PTE 20 - 1993 ABG MoS 2046139-20--15545, # 40 Exhibit Ex. 37 PTE 21 - Alcoa 1993 MoS 2046139-21--17730, # 41 Exhibit Ex. 38 Michaud Testimony in Curtis, # 42 Exhibit Ex. 39 2021-01-01 Medicare Exchange HRA SPD (RWS0030-47)) (Ewing, Pamina) (Entered: 06/01/2022) |
| 06/08/2022 | 98 | MOTION for Leave to File *DEFENDANTS' SURREPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION*, filed by Defendants ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP.. (Attachments: # 1 Exhibit 1 - Proposed Surreply, # 2 Text of Proposed Order)(Miller, Mark) (Entered: 06/08/2022) |
| 06/17/2022 | 99 | STIPULATION *(STIPULATED ORDER) regarding Damages Discovery*, filed by Plaintiffs ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, LYNNETTE J. KAISER, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC. (Ewing, Pamina) (Entered: 06/17/2022) |
| 06/29/2022 | 100 | Joint MOTION for Extension of Time to *Extend Case Management Deadlines and to Amend Joint Case Management Plan with Respect to Damages Discovery*, filed by Plaintiffs ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, LYNNETTE J. KAISER, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC. (Attachments: # 1 Text of Proposed Order)(Ewing, Pamina) (Entered: 06/29/2022) |
| 06/30/2022 | 101 | ORDER GRANTING JOINT MOTION FOR EXTENSION OF CASE MANAGEMENT DEADLINES AND TO AMEND JOINT CASE MANAGEMENT PLAN WITH RESPECT TO DAMAGES DISCOVERY - Dispositive Motions due by 10/19/2022, Discovery due by 9/19/2022. SEE ORDER FOR ADDITIONAL DEADLINES. Signed by Magistrate Judge Matthew P. Brookman on 6/30/2022.(AAS) (Entered: 06/30/2022) |
| 07/01/2022 | 102 | ORDER granting 98 Defendants' Motion for Leave to File Surreply in response to Plaintiffs' Reply Memorandum of Law in Support of their Motion for Class Certification - IT IS HEREBY ORDERED that Defendants shall file the proposed surreply attached to their motion as a separate entry in the case within five (5) days |

| | | from the date of this order. Signed by Magistrate Judge Matthew P. Brookman on 7/1/2022. (AAS) (Entered: 07/01/2022) |
|---|---|---|
| 07/05/2022 | 103 | Surreply re 81 MOTION to Certify Class , filed by Defendants ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP.. (Miller, Mark) (Entered: 07/05/2022) |
| 08/17/2022 | 104 | NOTICE of Change of Attorney Information. Consistent with Local Rule 5-3, Jeffrey A. Macey hereby notifies the Clerk of the court of changed contact information. (Macey, Jeffrey) (Entered: 08/17/2022) |
| 09/01/2022 | 105 | Joint MOTION for Extension of Time to November 14, 2022 *for Fact Discovery and to Stay Remaining Deadlines*, filed by Plaintiffs ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, LYNNETTE J. KAISER, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC. (Attachments: # 1 Text of Proposed Order)(Ewing, Pamina) (Entered: 09/01/2022) |
| 09/02/2022 | 106 | ORDER granting 105 MOTION FOR EXTENSION OF FACT DISCOVERY AND TO STAY REMAINING DEADLINES - Discovery due by 11/14/2022. SEE ORDER. Signed by Magistrate Judge Matthew P. Brookman on 9/2/2022.(JRB) (Entered: 09/02/2022) |
| 09/22/2022 | 107 | Corporate Disclosure Statement by ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP. identifying Corporate Parent Alcoa USA Holding Company, Corporate Parent Alcoa Corporation, Other Affiliate BLACKROCK, INC. for ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP... (Miller, Mark) (Entered: 09/22/2022) |
| 09/29/2022 | 108 | ORDER granting 81 Motion to Certify Class - The court GRANTS Plaintiff's motion for class certification Filing No. 81 . The court appoints the law firms Feinstein Doyle Payne & Kravec, LLC and Macy Swanson LLP as class council for the aforementioned class. The parties are ORDERED to confer and produce a proposed notice of class certification within 45 days of the date of this Entry. If the parties are unable to agree on a proposed notice, competing proposals are due 60 days from the date of this Entry. SEE ORDER. Signed by Judge Richard L. Young on 09/29/2022. (AAS) (Entered: 09/29/2022) |

| | | |
|---|---|---|
| 10/13/2022 | 109 | NOTICE of Docketing received from 7th Circuit Court of Appeals. USCA Case # 22-8018 assigned to Petition for Permission to Appeal filed by Defendants ALCOA USA CORP.; RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP.; MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA; and ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA. (LBT) (Entered: 10/17/2022) |
| 11/09/2022 | 110 | SCHEDULING ORDER: TELEPHONIC STATUS CONFERENCE set for November 21, 2022, is hereby RESCHEDULED for DECEMBER 6, 2022 at 9:30 a.m., Evansville time (CST), before the Honorable Matthew P. Brookman, United States Magistrate Judge. The information needed by counsel to participate in this telephonic conference will be provided by a separate notification. Signed by Magistrate Judge Matthew P. Brookman on 11/9/2022.(JRB) (Entered: 11/09/2022) |
| 11/14/2022 | 111 | Joint MOTION for Extension of Time to January 13, 2023 in which to 106 Order on Motion for Extension of Time to FileScheduling *TO COMPLETE FACT DISCOVERY*, filed by Defendants ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP.. (Attachments: # 1 Text of Proposed Order)(Miller, Mark) (Entered: 11/14/2022) |
| 11/15/2022 | 112 | ORDER granting 111 Motion for Extension of Time to Complete Fact Discovery by 1/13/2023. The Parties shall submit a joint proposed scheduling order for the remaining case management deadlines within seven (7) days of the completion of fact discovery. SEE ORDER. Signed by Magistrate Judge Matthew P. Brookman on 11/15/2022.(JRB) (Entered: 11/15/2022) |
| 11/15/2022 | 113 | Unopposed MOTION to Stay re 108 Order on Motion to Certify Class , filed by Defendants ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP.. (Attachments: # 1 Text of Proposed Order)(Miller, Mark) (Entered: 11/15/2022) |
| 11/17/2022 | 114 | ORDER granting 113 MOTION TO STAY CLASS-ACTION NOTICE PENDING RULE 23(f) PETITION AND APPEAL - The schedule for class-action notice set forth in the Court's order dated September 29, 2022 108 is stayed pending the U.S. Court of Appeals for the Seventh Circuit's decision on Defendants' Rule 23(f) petition and any ensuing appeal thereafter. Signed by Magistrate Judge Matthew P. Brookman on 11/17/2022. (JRB) (Entered: 11/17/2022) |
| 11/21/2022 | 115 | NOTICE received from 7th Circuit Court of Appeals (re #22-8018) - Petition for Permission to Appeal filed by Defendants is DENIED. (LBT) (Entered: 11/21/2022) |

| 12/06/2022 | 117 | MINUTE ORDER for proceedings held before Magistrate Judge Matthew P. Brookman: Status Conference held on 12/6/2022. Status Conference set for 1/13/2023 at 01:30 PM (Central Time) Telephonic before Magistrate Judge Matthew P. Brookman. Signed by Magistrate Judge Matthew P. Brookman. (TMB) (Entered: 12/06/2022) |
|---|---|---|
| 01/17/2023 | 119 | MINUTE ORDER for proceedings held before Magistrate Judge Matthew P. Brookman: Status Conference held on 1/13/2023. Status Conference set for 8/11/2023 at 09:00 AM (Central Time) Telephonic before Magistrate Judge Matthew P. Brookman. Signed by Magistrate Judge Matthew P. Brookman. (TMB) (Entered: 01/17/2023) |
| 01/20/2023 | 120 | Joint MOTION for Extension of Time to January 27, 2023 in which to 112 Order on Motion for Extension of Time to FileScheduling *submit a joint proposed scheduling order to the Court and to permit the Parties to produce a proposed notice of class certification to the Court*, filed by Defendants ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP.. (Attachments: # 1 Text of Proposed Order)(Miller, Mark) (Entered: 01/20/2023) |
| 01/23/2023 | 121 | ORDER granting 120 Motion for Extension of Time to Submit a Joint Proposed Scheduling Order and Set a date for Submission of Proposed Notice of Class Certification to 1/27/23. Signed by Magistrate Judge Matthew P. Brookman on 1/23/23. (JRB) (Entered: 01/23/2023) |
| 01/27/2023 | 122 | Joint MOTION for Extension of Time to February 1, 2023 in which to 121 Order on Motion for Extension of Time to File *SUBMIT A JOINT PROPOSED SCHEDULING ORDER AND PROPOSED NOTICE OF CLASS CERTIFICATION*, filed by Defendants ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP.. (Attachments: # 1 Text of Proposed Order)(Miller, Mark) (Entered: 01/27/2023) |
| 01/31/2023 | 123 | ORDER granting 122 Motion for Extension of Time to File Notice of Class Certification to 1/31/23. SEE ORDER. Signed by Magistrate Judge Matthew P. Brookman on 1/31/2023. (JRB) (Entered: 01/31/2023) |
| 02/01/2023 | 124 | Joint MOTION *FOR APPROVAL OF CLASS NOTICE*, filed by Defendants ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP.. (Attachments: # 1 Text of Proposed Order)(Miller, Mark) (Entered: 02/01/2023) |

| | | |
|---|---|---|
| 02/01/2023 | 125 | Joint MOTION *TO APPROVE JOINT PROPOSED SCHEDULING PLAN*, filed by Defendants ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP.. (Attachments: # 1 Text of Proposed Order)(Miller, Mark) (Entered: 02/01/2023) |
| 02/13/2023 | 126 | EXHIBIT re 124 Joint MOTION *FOR APPROVAL OF CLASS NOTICE Exhibit 1* by All Defendants. (Miller, Mark) (Entered: 02/13/2023) |
| 02/17/2023 | 127 | Statement *of Claims* by ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, LYNNETTE J. KAISER, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC. (Hurt, Joel) (Entered: 02/17/2023) |
| 02/17/2023 | 128 | Statement *of Defenses* by All Defendants. (Miller, Mark) (Entered: 02/17/2023) |
| 02/23/2023 | 129 | ORDER granting 125 Motion TO APPROVE JOINT PROPOSED SCHEDULING PLAN - Dispositive Motions due by 3/31/2023. SEE ORDER. Signed by Magistrate Judge Matthew P. Brookman on 2/23/23.(JRB) (Entered: 02/23/2023) |
| 02/23/2023 | 130 | ORDER granting 124 Motion FOR APPROVAL OF CLASS NOTICE - SEE ORDER. Signed by Magistrate Judge Matthew P. Brookman on 2/23/23. (JRB) (Entered: 02/23/2023) |
| 03/31/2023 | 131 | MOTION for Partial Summary Judgment , filed by Plaintiffs ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, LYNNETTE J. KAISER, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC. (Attachments: # 1 Text of Proposed Order)(Hurt, Joel) (Entered: 03/31/2023) |
| 03/31/2023 | 132 | BRIEF/MEMORANDUM in Support re 131 MOTION for Partial Summary Judgment , filed by Plaintiffs ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, LYNNETTE J. KAISER, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC. (Attachments: # 1 Appendix, # 2 Exhibit Ex. 1 Porter Decl, # 3 Exhibit Ex. 2 - Porter Deposition Excerpts, # 4 Exhibit Ex. 3 - Alcoa PI Brief in Curtis Excerpts, # 5 Exhibit Ex. 4 - McAdoo Deposition Excerpts, # 6 Exhibit Ex. 5 - Alcoa PFOFCOC in Curtis Excerpts, # 7 Exhibit Ex. 6 - Kovaloski Deposition Excerpts, # 8 Exhibit Ex. 7 - Alcoa ABG MOS Excerpts, # 9 Exhibit Ex. 8 - Alcoa USW MOS Excerpts, # 10 Exhibit Ex. 9 - Porter Trial Transcript in Curtis Excerpts, # 11 Exhibit Ex. 10 - 1993 Alcoa USW CBA Excerpts, # 12 Exhibit Ex. 11 - 1993 Alcoa ABG CBA Excerpts, # 13 Exhibit Ex. 12 - Alcoa's Response to Qs in Curtis Excerpts, # 14 Exhibit Ex. 13 - Storm Deposition Excerpts, # 15 Exhibit Ex. 14 - 1996 Alcoa ABG CBA Excerpts, # 16 Exhibit Ex. 15 - 2001 Alcoa USW CBA Excerpts, # 17 Exhibit Ex. 16 - 2006 Master Settlement Agreement Excerpts, # 18 Exhibit Ex. 17 - 2006 Master CBA Excerpts, # 19 Exhibit Ex. 18 - Curtis Complaint Excerpts, # 20 Exhibit Ex. 19 - Curtis PI Motion, # 21 Exhibit Ex. 20 - MSJ Oral Argument in Curtis Excerpts, # 22 Exhibit Ex. 21 - MSJ Order in Curtis |

| | | |
|---|---|---|
| | | Excerpts, # 23 Exhibit Ex. 22 - Judgment Order in Curtis, # 24 Exhibit Ex. 23 - Curtis Clarification Motion, # 25 Exhibit Ex. 24 - Curtis Clarified Judgment Order, # 26 Exhibit Ex. 25 - Curtis Fee Motion, # 27 Exhibit Ex. 26 - Alcoa Response to Clarification Motion in Curtis Excerpts, # 28 Exhibit Ex. 27 - Alcoa Response to Fee Motion in Curtis Excerpts, # 29 Exhibit Ex. 28 - 2010 Settlement Agreement Excerpts, # 30 Exhibit Ex. 29 - 2010 Master CBA Excerpts, # 31 Exhibit Ex. 30 - 2014 Settlement Agreement Excerpts, # 32 Exhibit Ex. 31 - 2014 Master CBA Excerpts, # 33 Exhibit Ex. 32 - Summary of Material Modification, # 34 Exhibit Ex. 33 - Allen Deposition Excerpts, # 35 Exhibit Ex. 34 - 2016 Separation Letter, # 36 Exhibit Ex. 35 - 2019 Settlement Agreement Excerpts, # 37 Exhibit Ex. 36 - 2019 Master CBA Excerpts, # 38 Exhibit Ex. 37 - Alcoa's Responses to Ps' 1st Set of Discovery Excerpts, # 39 Exhibit Ex. 38 - 2019 Alcoa Actions on OPEB, # 40 Exhibit Ex. 39 - Alcoa Response to Info Request Excerpts)(Hurt, Joel) (Entered: 03/31/2023) |
| 03/31/2023 | 133 | ***PLEASE DISREGARD. STRICKEN BY 142 *** MOTION for Summary Judgment , filed by Defendants ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP.. (Attachments: # 1 Text of Proposed Order)(Birsic, Thomas) Modified on 4/20/2023 (JRB). (Entered: 03/31/2023) |
| 03/31/2023 | 134 | ***PLEASE DISREGARD. STRICKEN BY 142 ***BRIEF/MEMORANDUM in Support re 133 MOTION for Summary Judgment , filed by Defendants ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP.. (Attachments: # 1 Exhibit 1 1968 Alcoa-USW CBA, # 2 Exhibit 2 1971 Alcoa-USW CBA, # 3 Exhibit 3 1977 Alcoa-USW CBA, # 4 Exhibit 4 1980 Alcoa-USW CBA, # 5 Exhibit 5 1983 Alcoa-USW CBA, # 6 Exhibit 6 1983 Alcoa-USW CBA, # 7 Exhibit 7 1986 Alcoa-USW CBA, # 8 Exhibit 8 1986 Alcoa-USW CBA, # 9 Exhibit 9 1988 Alcoa-USW CBA, # 10 Exhibit 10 1988 Alcoa-USW CBA, # 11 Exhibit 11 1993 Alcoa-USW CBA, # 12 Exhibit 12 1996 Alcoa-USW CBA, # 13 Exhibit 13 2001 Alcoa-USW CBA, # 14 Exhibit 14 1988 Alcoa-ABG CBA, # 15 Exhibit 15 1996 Alcoa-ABG CBA, # 16 Exhibit 16 1968 Alcoa-AWI CBA, # 17 Exhibit 17 1971 Alcoa-AWI CBA, # 18 Exhibit 18 Alcoa-AWI CBA, # 19 Exhibit 19 Alcoa-AWI CBA, # 20 Exhibit 20 1980 Alcoa-AWI CBA, # 21 Exhibit 21 1983 Alcoa-AWI CBA, # 22 Exhibit 22 1986 Alcoa-AWI CBA, # 23 Exhibit 23 1988 Alcoa-AWI CBA, # 24 Exhibit 24 1986 Alcoa-ATC CBA, # 25 Exhibit 25 1988 Alcoa-ATC CBA, # 26 Exhibit 26 1977 Reynolds-USW CBA, # 27 Exhibit 27 1986 Reynolds-USW CBA, # 28 Exhibit 28 1988 Reynolds-USW CBA, # 29 Exhibit 29 1993 Reynolds-USW CBA, # 30 Exhibit 30 1993 Reynolds-USW CBA)(Birsic, Thomas) Modified on 4/20/2023 (JRB). (Entered: 03/31/2023) |
| 03/31/2023 | 135 | EXHIBIT in Support of Motion re 133 MOTION for Summary Judgment , filed by Defendants ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA |

| | | |
|---|---|---|
| | | CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP.. (Attachments: # 1 Exhibit 31 1996 Reynolds-USW CBA, # 2 Exhibit 32 2001 Reynolds-USW CBA, # 3 Exhibit 33 1983 Reynolds-ABG CBA, # 4 Exhibit 34 1983 Reynolds-ABG CBA, # 5 Exhibit 35 1986 Reynolds-ABG CBA, # 6 Exhibit 36 1986 Reynolds-ABG CBA, # 7 Exhibit 37 1988 Reynolds-ABG CBA, # 8 Exhibit 38 1996 Reynolds-ABG CBA, # 9 Exhibit 39 1971 Reynolds-AWI CBA, # 10 Exhibit 40 1977 Reynolds-AWI CBA, # 11 Exhibit 41 1980 Reynolds-AWI CBA, # 12 Exhibit 42 1986 Reynolds-AWI CBA, # 13 Exhibit 43 1983 Eastalco-USW CBA, # 14 Exhibit 44 1986 Eastalco-USW CBA, # 15 Exhibit 45 1989 Eastalco-USW CBA)(Birsic, Thomas) Modified on 4/17/2023 - created link to 134 (RSF). (Entered: 03/31/2023) |
| 03/31/2023 | 136 | EXHIBIT in Support of Motion re 133 MOTION for Summary Judgment , filed by Defendants ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP.. (Attachments: # 1 Exhibit 46 2001 Alcoa Eastalco Works-USW CBA, # 2 Exhibit 47 1977 Alcoa-ABG CBA, # 3 Exhibit 48 1980 Alcoa-ABG CBA, # 4 Exhibit 49 1980 Alcoa-ABG CBA, # 5 Exhibit 50 1983 Alcoa-ABG CBA, # 6 Exhibit 51 1977 Alcoa-AWI CBA, # 7 Exhibit 52 Decl. of Tiffany Ackerman, # 8 Exhibit 53 Transcript of Porter, # 9 Exhibit 54 Porter Dep. Ex. 5, # 10 Exhibit 55 Kovaloski Dep. Ex. 1, # 11 Exhibit 56 Transcript of Kovaloski, # 12 Exhibit 57 2019 Warrick and Messena CBA, # 13 Exhibit 58 Transcript of Storm, # 14 Exhibit 59 Transcript of USW, # 15 Exhibit 60 Transcript of Conway, # 16 Exhibit 61 Transcript of Burnell)(Birsic, Thomas) Modified on 4/17/2023 - created link to 134 (RSF). (Entered: 03/31/2023) |
| 03/31/2023 | 137 | EXHIBIT in Support of Motion re 133 MOTION for Summary Judgment , filed by Defendants ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP.. (Attachments: # 1 Exhibit 62 Transcript of McAdoo, # 2 Exhibit 63 Transcript of Dale, # 3 Exhibit 64 USW Dep., Ex. 6, sample notice letter, # 4 Exhibit 65 Transcript of Apaliski, # 5 Exhibit 66 Transcript of Millsap, # 6 Exhibit 67 Transcript of Ebbott, # 7 Exhibit 68 Transcript of Kaiser, # 8 Exhibit 69 Alcoas Proposed Findings of Fact and Conclusion of Law, Curtis v. Alcoa, # 9 Exhibit 70 Transcript of Trial, Curtis v. Alcoa, # 10 Exhibit 71 Aug. 11, 1993 Ltr. from USW to Alcoa, # 11 Exhibit 72 Dec. 13, 1993 Ltr. from Alcoa to USW)(Birsic, Thomas) Modified on 4/17/2023 - created link to 134 (RSF). (Entered: 03/31/2023) |
| 03/31/2023 | 138 | MOTION *Requesting Oral Argument on Motion for Summary Judgment*, filed by Defendants ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA |

| | | |
|---|---|---|
| | | USA CORP.. (Attachments: # 1 Text of Proposed Order)(Birsic, Thomas) (Entered: 03/31/2023) |
| 04/03/2023 | 139 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (JRB) (Entered: 04/03/2023) |
| 04/04/2023 | 140 | NOTICE of Reassignment of Case to Magistrate Judge Mark J. Dinsmore. Magistrate Judge Matthew P. brookman is no longer assigned to this case. Please include the new case number, **3:20-cv-00278-RLY-MJD**, on all future filings in this matter. (JRB) (Entered: 04/04/2023) |
| 04/18/2023 | 141 | Joint MOTION for Extension of Time to *Dispositive Motion Briefing Deadlines*, filed by Plaintiffs ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, LYNNETTE J. KAISER, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC. (Attachments: # 1 Text of Proposed Order Proposed Order)(McDonnell, Ruairi) (Entered: 04/18/2023) |
| 04/20/2023 | 142 | ORDER - Court hereby STRIKES Defendants' motion for summary judgment and supporting brief and orders the Clerk to show Docket Nos. 133 and 134 as stricken. The instant motion [Dkt. 141] is GRANTED IN PART and DENIED IN PART. On or before May 10, 2023, Defendants shall respond to Plaintiffs' Motion for Partial Summary Judgment as to Liability [Dkt. 131], and shall include therein any cross-motion for summary judgment.1 Plaintiff shall respond to Defendants' cross-motion for summary judgment, and shall include therein any reply in support of Plaintiffs' Motion for Partial Summary Judgment as to Liability, on or before June 7, 2023; Defendants shall file any reply in support of their cross-motion for summary judgment on or before June 21, 2023. SEE ORDER. Signed by Magistrate Judge Mark J. Dinsmore on 4/20/2023. (JRB) (Entered: 04/20/2023) |
| 04/28/2023 | 143 | Joint MOTION *FOR CLARIFICATION OF PAGE LIMITS FOR CROSS-MOTIONS FOR SUMMARY JUDGMENT*, filed by Defendants ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP.. (Attachments: # 1 Text of Proposed Order)(Miller, Mark) (Entered: 04/28/2023) |
| 05/01/2023 | 144 | ORDER - 143 Joint Motion for Clarification of Page Limits for Cross-Motions for Summary Judgment is GRANTED. Pursuant to the cross-dispositive motions briefing schedule established by the Court's April 20, 2023 Order (Dkt. 142 ), the parties are permitted to file oversized briefs, not to exceed the designated page limits set forth in this order. Signed by Magistrate Judge Mark J. Dinsmore on 5/1/2023. (LBT) (Entered: 05/01/2023) |
| 05/10/2023 | 145 | Cross MOTION for Summary Judgment , filed by Defendants ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP.. (Attachments: # 1 Text of Proposed Order)(Birsic, Thomas) (Entered: 05/10/2023) |

| 05/10/2023 | 146 | BRIEF/MEMORANDUM in Support re 145 Cross MOTION for Summary Judgment *and in Opposition to Plaintiff's Motion for Partial Summary Judgment*, filed by Defendants ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP.. (Birsic, Thomas) (Entered: 05/10/2023) |
|---|---|---|
| 05/10/2023 | 147 | APPENDIX re 146 Brief/Memorandum in Support, 145 Cross MOTION for Summary Judgment *in Support of* by ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP.. (Attachments: # 1 Exhibit 1 1968 Alcoa-USW CBA, # 2 Exhibit 2 1971 Alcoa-USW CBA, # 3 Exhibit 3 1977 Alcoa-USW CBA, # 4 Exhibit 4 1980 Alcoa-USW CBA, # 5 Exhibit 5 1983 Alcoa-USW CBA, # 6 Exhibit 6 1983 Alcoa-USW CBA, # 7 Exhibit 7 1986 Alcoa-USW CBA, # 8 Exhibit 8 1986 Alcoa-USW CBA, # 9 Exhibit 9 1988 Alcoa-USW CBA, # 10 Exhibit 10 1988 Alcoa-USW CBA, # 11 Exhibit 11 1993 Alcoa-USW CBA, # 12 Exhibit 12 1996 Alcoa-USW CBA, # 13 Exhibit 13 2001 Alcoa-USW CBA, # 14 Exhibit 14 1988 Alcoa-ABG CBA, # 15 Exhibit 15 1996 Alcoa-ABG CBA, # 16 Exhibit 16 1968 Alcoa-AWI CBA, # 17 Exhibit 17 1971 Alcoa-AWI CBA, # 18 Exhibit 18 1974 Alcoa-AWI CBA, # 19 Exhibit 19 1977 Alcoa-AWI CBA, # 20 Exhibit 20 1980 Alcoa-AWI CBA, # 21 Exhibit 21 1983 Alcoa-AWI CBA, # 22 Exhibit 22 1986 Alcoa-AWI CBA, # 23 Exhibit 23 1988 Alcoa-AWI CBA, # 24 Exhibit 24 1986 Alcoa-ATC CBA, # 25 Exhibit 25 1988 Alcoa-ATC CBA, # 26 Exhibit 26 1977 Reynolds-USW CBA, # 27 Exhibit 27 1986 Reynolds-USW CBA, # 28 Exhibit 28 1988 Reynolds-USW CBA, # 29 Exhibit 29 1993 Reynolds-USW CBA, # 30 Exhibit 30 1993 Reynolds-USW CBA, # 31 Exhibit 31 Excerpts of Transcript of April 19, 2022 Deposition of Michael Millsap, # 32 Exhibit 32 Excerpts of Transcript of July 26, 2022 Deposition of Russell Porter, Jr, # 33 Exhibit 33 Excerpts of Transcript of August 25, 2022 Deposition of Nicholaas Storm)(Birsic, Thomas) (Entered: 05/10/2023) |
| 05/10/2023 | 148 | MOTION *for Oral Argument on the Parties' Cross-Motions for Summary Judgment*, filed by Defendants ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP.. (Attachments: # 1 Text of Proposed Order)(Birsic, Thomas) (Entered: 05/10/2023) |
| 05/31/2023 | 149 | NOTICE *Regarding Mailing of Class Notice*, filed by Plaintiffs ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, LYNNETTE J. KAISER, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC (Attachments: # 1 Affidavit Decl. of N. Fiori) (Hurt, Joel) (Entered: 05/31/2023) |

| 06/07/2023 | 150 | REPLY in Support of Motion re 131 MOTION for Partial Summary Judgment *Plaintiffs' Reply in Support of Their Motion for Partial Summary Judgment as to Liability and Response in Opposition to Alcoa's Motion for Summary Judgment*, filed by Plaintiffs ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, LYNNETTE J. KAISER, ROBERT W. SIMPKINS, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC. (Attachments: # 1 Exhibit 1 - Porter Trial Transcript in Curtis, # 2 Exhibit 2 - Storm Deposition, # 3 Exhibit 3 - Porter Deposition, # 4 Exhibit Ex. 4 - Quaglia Trial Transcript in Curtis, # 5 Exhibit 5 - Allen Deposition, # 6 Exhibit 6 - Miles Settlement)(Hurt, Joel) (Entered: 06/07/2023) |
| 06/07/2023 | 151 | AFFIDAVIT in Support of Reply in Support of Motion re 131 MOTION for Partial Summary Judgment *Declaration of Joel R. Hurt*, filed by Plaintiffs ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, LYNNETTE J. KAISER, ROBERT W. SIMPKINS, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC. (Attachments: # 1 Exhibit A - 2013 Retiree Healthcare Benefits Agmt Excerpt, # 2 Exhibit B - 2020-12-01 K Allen Email, # 3 Exhibit C - 1990-93 Agmt re Richmond IN, # 4 Exhibit D - 1939-04-12 NLRB Decision, # 5 Exhibit E - 2012-08-21 Memo Agmt re Tapoco Sale, # 6 Exhibit F-1 1974-02-01 Alcoa USW CBA, # 7 Exhibit F-2 1974-02-01 Alcoa USW CBA, # 8 Exhibit F-3 1974-02-01 Alcoa USW CBA, # 9 Exhibit G-1 - 1974-02-01 Reynolds USW CBA, # 10 Exhibit G-2 - 1974-02-01 Reynolds USW CBA, # 11 Exhibit G-3 - 1974-02-01 Reynolds USW CBA, # 12 Exhibit H-1 - 1980-05-29 Reynolds USW CBA, # 13 Exhibit H-2 - 1980-05-29 Reynolds USW CBA, # 14 Exhibit I-1 - 1980-08-01 Frederick MD CBA, # 15 Exhibit I-2 - 1980-08-01 Frederick MD CBA, # 16 Exhibit J - 1992-10-01 Frederick MD CBA, # 17 Exhibit K-1 - 1995-10-01 Frederick MD CBA, # 18 Exhibit K-2 - 1995-10-01 Frederick MD CBA, # 19 Exhibit L - 1986-06-01 St Lawrence NY CBA, # 20 Exhibit L - 1986-06-01 St Lawrence NY CBA, # 21 Exhibit N - 1986-06-01 Longview WA CBA, # 22 Exhibit O - 1988-11-01 Longview WA CBA, # 23 Exhibit P - 2023-03-22 R Alito Email)(Hurt, Joel) (Entered: 06/07/2023) |
| 06/07/2023 | 152 | MOTION *for Oral Argument*, filed by Plaintiffs ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, LYNNETTE J. KAISER, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC. (Macey, Jeffrey) (Entered: 06/07/2023) |
| 06/21/2023 | 153 | REPLY in Support of Motion re 145 Cross MOTION for Summary Judgment , filed by Defendants ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP.. (Birsic, Thomas) (Entered: 06/21/2023) |

| 08/10/2023 | 154 | AMENDED SCHEDULING ORDER: The Court, *sua sponte*, hereby CONTINUES the 8/11/2023 Telephonic Status Conference to 9/13/2023 at 11:30 AM (Central Time) / 12:30 PM (Eastern Time). *SEE ORDER.* Signed by Magistrate Judge Mark J. Dinsmore on 8/10/2023. (GD) (Entered: 08/10/2023) |
|---|---|---|
| 09/05/2023 | 155 | Notice of Reassignment of Case to Magistrate Judge Crystal S. Wildeman. Magistrate Judge Mark J. Dinsmore is no longer assigned to this case. Please include the new case number (3:20-cv-00278-RLY-CSW), which includes the initials of the newly assigned judge, on all future filings in this matter. (RSF) (Entered: 09/05/2023) |
| 09/14/2023 | 157 | MINUTE ORDER for proceedings held before Magistrate Judge Crystal S. Wildeman: Status Conference held on 9/13/2023. Status Conference set for 12/11/2023 at 09:00 AM (Central Time) Telephonic before Magistrate Judge Crystal S. Wildeman. Signed by Magistrate Judge Crystal S. Wildeman. (TMB) (Entered: 09/14/2023) |
| 10/06/2023 | 158 | ENTRY GRANTING PARTIES' MOTIONS FOR ORAL ARGUMENT - The parties move for Oral Argument on the Parties' Cross-Motions for Summary Judgment. (Filing No. 148 , 152 ). Those motions are GRANTED, and the parties will be afforded 30 minutes to present argument. Oral argument will be scheduled by separate order. Signed by District Judge Richard L Young on 10/6/2023. (JRB) (Entered: 10/06/2023) |
| 10/06/2023 | 159 | **PLEASE DISREGARD. DUPLICATE ENTRY**ENTRY GRANTING PARTIES' MOTIONS FOR ORAL ARGUMENT - The parties move for Oral Argument on the Parties' Cross-Motions for Summary Judgment. (Filing No. 148 , 152 ). Those motions are GRANTED, and the parties will be afforded 30 minutes to present argument. Oral argument will be scheduled by separate order. Signed by District Judge Richard L Young on 10/6/2023. (LBT) Modified on 12/7/2023 (LBT). (Entered: 10/06/2023) |
| 10/13/2023 | 160 | SCHEDULING ORDER: The court sets this matter for oral argument on Parties' Cross Motions for Summary Judgment (Filing No. 148 , 152 ) for JANUARY 25, 2024, at 1:30 p.m. Counsel shall appear before the Honorable Richard L. Young, Judge, in room 301 of the Federal Building, 101 N.W. Martin Luther King, Jr., Blvd., Evansville, Indiana 47708. Signed by District Judge Richard L Young on 10/13/2023.(JRB) (Entered: 10/16/2023) |
| 12/08/2023 | 162 | ORDER VACATING STATUS CONFERENCE - Comes now the Court, sua sponte, and VACATES the TELEPHONIC STATUS CONFERENCE currently set in this matter on December 11, 2023, at 9:00 a.m. (CST). Signed by Magistrate Judge Crystal S. Wildeman on 12/8/2023.(JRB) (Entered: 12/08/2023) |
| 01/25/2024 | 163 | Minute Entry for oral argument re Plaintiffs' 131 MOTION for Summary Judgment and defendants' 145 Cross MOTION for Summary Judgment held 1/25/2024 before District Judge Richard L Young. Plaintiffs appeared by counsel Ruari McDonnell, Joel Hurt, and Barry Macey, and the Defendants appeared by counsel Tom Birsic, Rosemary Alito, and Mark Miller. The court takes those motions UNDER ADVISEMENT. (Court Reporter Beth Culiver.) (TMD) (Entered: 01/29/2024) |
| 02/09/2024 | 164 | TRANSCRIPT of Oral argument held on 1/25/2024 before District Judge Richard L Young. (54 pages.) Court Reporter/Transcriber: Beth Culiver (Email: Beth_Culiver@insd.uscourts.gov). Please review Local Rule 80-2 for more |

| | | information on redaction procedures. Redaction Statement due 3/1/2024. Release of Transcript Restriction set for 5/9/2024. (Culiver, Elizabeth) Released on 5/9/2024 (SWM). (Entered: 02/09/2024) |
|---|---|---|
| 02/09/2024 | 165 | NOTICE of FILING of OFFICIAL TRANSCRIPT of Oral Argument held before District Judge Richard L Young on 1/25/2024 (Culiver, Elizabeth) (Entered: 02/09/2024) |
| 03/25/2024 | 166 | ENTRY GRANTING PLAINTIFFS' PARTIAL MOTION FOR SUMMARY JUDGMENT AS TO LIABILITY AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT - The court GRANTS Plaintiffs' Partial Motion for Summary Judgment as to Liability (Filing No. 131 ) and GRANTS in part and DENIES in part Defendants' Cross-Motion for Summary Judgment (Filing No. 145 ). Defendants' Cross-Motion is granted only with respect to Plaintiffs' claim under 29 U.S.C. § 1132(a)(3) and denied on every other ground. (See Order.) Signed by District Judge Richard L Young on 3/25/24. (RSF) (Entered: 03/26/2024) |
| 05/03/2024 | 167 | MOTION *for Entry of Order of Judgment*, filed by Plaintiffs ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, LYNNETTE J. KAISER, ROBERT W. SIMPKINS, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC. (Attachments: # 1 Text of Proposed Order)(Hurt, Joel) (Entered: 05/03/2024) |
| 05/13/2024 | 168 | Joint MOTION for Extension of Time to File Response to May 31, 2024 re 167 MOTION *for Entry of Order of Judgment Plaintiffs Reply Due on or before June 14, 2024,* filed by Defendants ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP.. (Attachments: # 1 Text of Proposed Order)(Miller, Mark) (Entered: 05/13/2024) |
| 05/14/2024 | 169 | ORDER GRANTING 168 JOINT MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO MOTION FOR ENTRY OF ORDER OF JUDGMENT - The deadlines for Plaintiffs' Motion for Entry of Order of Judgment ("Motion"), (Dkt. No. 167 ), are amended as follows: Defendants' response to Motion is due by May 31, 2024. Plaintiffs' reply in support of Motion is due by June 14, 2024. Signed by Magistrate Judge Crystal S. Wildeman on 05/14/2024. (AAS) (Entered: 05/14/2024) |
| 05/31/2024 | 170 | RESPONSE in Opposition re 167 MOTION *for Entry of Order of Judgment* , filed by Defendants ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP.. (Attachments: # 1 Appendix of Exhibits to Defs.' Resp. to Plfs.' Mtn. for Entry of Order of Judgment, # 2 Exhibit 1 First Declaration of Tiffany Ackerman, # 3 Exhibit 2 Tom Conway Deposition Excerpts, # 4 Exhibit 3 Second Declaration of Tiffany Ackerman, # 5 Exhibit 4 Hackett Defs.' Resp in OPP to Mtn. for Attorneys' Fees, # 6 Exhibit 5 Powers Pls. Br. Supp. Pls. Complaint, # 7 Exhibit |

| | | |
|---|---|---|
| | | 6 Hargrove Order Approving Settlement, # 8 Exhibit 7 Kelsey-Hayes Defs. Br. in Opp. to Pls. Mot. for Permanent Injunction, # 9 Exhibit 8 Kelsey-Hayes Order Granting Final Approval of Class Settlement, # 10 Envelope 9 Kelsey-Hayes Notice to Parties Regarding Consolidated Case)(Birsic, Thomas) (Entered: 05/31/2024) |
| 06/14/2024 | 171 | Joint MOTION for Extension of Time to TBD in which to 167 MOTION *for Entry of Order of Judgment* , filed by Plaintiffs ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, LYNNETTE J. KAISER, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC. (Attachments: # 1 Text of Proposed Order)(McDonnell, Ruairi) (Entered: 06/14/2024) |
| 06/19/2024 | 172 | NOTICE *REGARDING DEPOSITION SCHEDULING RELEVANT TO THE PARTIES JOINT MOTION FOR EXTENSION OF TIME TO FILE REPLY TO MOTION FOR ENTRY OF ORDER OF JUDGMENT AND FOR SURREPLY*, filed by Plaintiffs ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, LYNNETTE J. KAISER, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC, re 171 Joint MOTION for Extension of Time to TBD in which to 167 MOTION *for Entry of Order of Judgment* . (McDonnell, Ruairi) (Entered: 06/19/2024) |
| 06/20/2024 | 173 | Amended MOTION for Extension of Time to File Reply to July 22, 2024 re 167 MOTION *for Entry of Order of Judgment and to File Surreply to August 5, 2024*, filed by Defendants ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP.. (Attachments: # 1 Text of Proposed Order)(Miller, Mark) (Entered: 06/20/2024) |
| 06/21/2024 | 174 | ORDER GRANTING AMENDED JOINT MOTION FOR EXTENSION OF TIME TO FILE REPLY TO MOTION FOR ENTRY OF ORDER OF JUDGMENT AND FOR SURREPLY - This 21st day of June, 2024, upon consideration of the Parties' Joint Motion for Extension of Time to File Reply to Motion for Entry of Order of Judgment and for Surreply (Dkt. No. 171) and their Amended Joint Motion for Extension of Time to File Reply to Motion for Entry of Order of Judgment and for Surreply (Dkt. No. 173), the Motions are hereby GRANTED. IT IS THEREFORE ORDERED that Plaintiffs shall have 10 days from the date of Tiffany Ackerman's deposition to file their reply. Ms. Ackerman's deposition is scheduled for July 10, 2024, and therefore Plaintiffs' reply is due by July 22, 2024. Defendants shall file any surreply by August 5, 2024. SO ORDERED. Signed by Magistrate Judge Crystal S. Wildeman on 06/21/2024. (AJG) (Entered: 06/21/2024) |
| 07/22/2024 | 175 | REPLY in Support of Motion re 167 MOTION *for Entry of Order of Judgment* , filed by Plaintiffs ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, LYNNETTE J. KAISER, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC. (Attachments: # 1 Exhibit 1. Tiffany Ackerman 071024 Full Size |

| | | |
|---|---|---|
| | | (Excerpt), # 2 Exhibit 2. Transcript of Oral Argument Excerpt, # 3 Exhibit 3. SPK00005992-SPK0006043 HourlyRetiree_SPD1, # 4 Exhibit 4. Aetna-Y0001-S5601-SB-2024-M-SF20240217, # 5 Exhibit 5. 2002-01-01 Medical SPD (RET-40) SPK6084)(Hurt, Joel) (Entered: 07/22/2024) |
| 08/05/2024 | 176 | Surreply re 167 MOTION *for Entry of Order of Judgment in Opposition thereto*, filed by Defendants ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP.. (Miller, Mark) (Entered: 08/05/2024) |
| 08/13/2024 | 177 | MOTION to Strike 176 Surreply , filed by Plaintiffs ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, LYNNETTE J. KAISER, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC. (Attachments: # 1 Text of Proposed Order)(Hurt, Joel) (Entered: 08/13/2024) |
| 08/27/2024 | 178 | RESPONSE in Opposition re 177 MOTION to Strike 176 Surreply , filed by Defendants ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP.. (Attachments: # 1 Exhibit 1 Email from M. Pence to Plaintiffs' Counsel, # 2 Exhibit 2 Email from J. Hurt to Defendants' Counsel)(Birsic, Thomas) (Entered: 08/27/2024) |
| 09/03/2024 | 179 | REPLY in Support of Motion re 177 MOTION to Strike 176 Surreply *of ALcoa*, filed by Plaintiffs ALUMINUM TRADES COUNCIL OF WENATCHEE, WASHINGTON AFL-CIO, LYNNETTE J. KAISER, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC. (Attachments: # 1 Exhibit A. R. McDonnell email to Pence)(McDonnell, Ruairi) (Entered: 09/03/2024) |
| 03/28/2025 | 180 | ENTRY GRANTING PLAINTIFFS' MOTION FOR ENTRY OF ORDER OF JUDGMENT - Plaintiffs' Motion to Strike Alcoa's Surreply (Filing No. 177 ) is DENIED. Plaintiffs' Motion for Entry of Order of Judgment (Filing No. 167 ) is GRANTED, except to the extent the court in its discretion awards prejudgment interest at the average prime rate. Plaintiffs shall have 45 days from the date of this Entry to file a motion for attorney's fees, costs, and expenses. The injunction shall be set forth in a separate order. Additionally, final judgment shall follow by separate order. (See Order.) Signed by District Judge Richard L. Young on 3/28/2025. (JSR) (Entered: 03/28/2025) |
| 03/28/2025 | 181 | ORDER GRANTING PERMANENT INJUNCTION - Consistent with the court's summary judgment entry concluding that class members had a right to lifetime healthcare benefits from Alcoa and that Alcoa breached their collective bargaining agreements by unilaterally reducing their healthcare benefits, the court DECLARES that class members are entitled to lifetime healthcare benefits from Alcoa and issues the following permanent injunction: (See Order.) Signed by District Judge Richard |

| | | L. Young on 3/28/2025. (JSR) (Entered: 03/28/2025) |
|---|---|---|
| 03/28/2025 | 182 | FINAL JUDGMENT - The court has granted summary judgment for Plaintiffs and issued a permanent injunction. Accordingly, the court now enters final judgment in favor of the Plaintiffs and against the Defendants. Signed by District Judge Richard L. Young on 3/28/2025. (JSR) (Entered: 03/28/2025) |
| 04/11/2025 | 183 | NOTICE OF APPEAL as to 166 Entry Granting Plaintiffs' Partial Motion for Summary Judgment as to Liability and Granting in Part and Denying in Part Defendants' Cross-Motion for Summary Judgment, 180 Entry Granting Plaintiffs' Motion for Entry of Order of Judgment, 181 Order Granting Permanent Injunction and 182 Closed Judgment, filed by Defendants ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP. (Filing fee $605, receipt number BINSDC-8629717) (Birsic, Thomas) Modified on 4/14/2025 to create link to add'l documents (LBT). (Entered: 04/11/2025) |
| 04/11/2025 | 184 | MOTION to Stay re 181 Permanent Injunction *Pending Appeal*, filed by Defendants ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP.. (Attachments: # 1 Text of Proposed Order)(Birsic, Thomas) (Entered: 04/11/2025) |
| 04/11/2025 | 185 | BRIEF/MEMORANDUM in Support re 184 MOTION to Stay re 181 Permanent Injunction *Pending Appeal* , filed by Defendants ALCOA MEDICARE PART B REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA USA, ALCOA USA CORP., MEDICARE EXCHANGE HEALTHCARE REIMBURSEMENT PLAN FOR CERTAIN MEDICARE ELIGIBLE RETIREES OF ALCOA, RETIREES GROUP BENEFIT PLAN FOR CERTAIN HOURLY EMPLOYEES OF ALCOA USA CORP.. (Attachments: # 1 Appendix of Exhibits, # 2 Exhibit A First Declaration of Tiffany Ackerman, # 3 Exhibit B Second Declaration of Tiffany Ackerman, # 4 Exhibit C Curtis - Judgment Order, # 5 Exhibit D Curtis - Alcoa's Answer, # 6 Exhibit E Alcoa Opp. to Prelim. Inj. Mot_, # 7 Exhibit F Curtis - MSJ transcript oral argument, # 8 Exhibit G Curtis - Alcoa's Proposed Findings and Conclusions, # 9 Exhibit H Curtis - PLs Mem ISO motion to amend, # 10 Exhibit I Curtis - Pls Motion to Amend Judgment, # 11 Exhibit J Curtis - Pls proposed order amended judgment, # 12 Exhibit K Curtis - Pls.' Mot. for Attorneys Fees, # 13 Exhibit L Curtis - Alcoa's Opp. to Pls.' Motion to Amend J_, # 14 Exhibit M Curtis order denying motion to amend ruling)(Birsic, Thomas) (Entered: 04/11/2025) |

**Case #: 3:20-cv-00278-RLY-CSW**