# Exhibit D

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**KNOXVILLE DIVISION**

**CHARLES CURTIS, et al.,**

**Plaintiffs,**

**v.**

**ALCOA INC., Individually and as
Fiduciary of the Employees' Group
Benefits Plan of Alcoa Inc., Plan II,**

**Defendant.**

**Civil Action No. 3:06-cv-448**
**Phillips/Shirley**

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' FIRST AMENDED COMPLAINT** [1]

Defendant Alcoa Inc. ("Defendant" or "Alcoa"), for its Answer to the First Amended

Complaint filed by Plaintiffs in the above-styled action and served upon Alcoa on December 29,

2006, states as follows in response to each numbered paragraph of the First Amended Complaint:

1.    Alcoa admits the enactment of the Employee Retirement Income Security Act of

1974, 29 U.S.C. § 1001, et seq. and the National Management Relations Act of 1947, 29 U.S.C §

141 et seq., but denies the existence of facts conferring jurisdiction or justifying judgment or

---

[1] By reviewing the docket on this Court's electronic filing database, Defendant has
learned that Plaintiffs filed a Second Amended Complaint on January 12, 2007 and Third
Amended Complaint on January 16, 2007. Both of these Complaints purport to only add, delete,
or correct names of alleged Plaintiffs in this action. Defendant has not been served with the
Second Amended Complaint or Third Amended Complaint, and thus no response is necessary
pursuant to Fed. R. Civ. P. 15(a), which provides that a response to an amended pleading is not
necessary until ten days after service of the amended pleading. It also bears noting that Rule
15(a) only permits the filing of one amended pleading without leave of Court. Plaintiffs have not
sought leave of Court with respect to their Second or Third Amended Complaints, in violation of
this rule.

relief under those statutes or any other law. Alcoa denies any remaining allegations of fact contained in Paragraph 1 of the First Amended Complaint.

2.      Alcoa admits that the majority of the individuals listed in Schedule A of the First Amended Complaint are either retirees who retired from Alcoa or Reynolds Metals Company between June 1, 1993 and June 30, 2006, their spouses, their eligible dependents, or their surviving spouses. Alcoa further answers that at this time, it lacks knowledge or information sufficient to form a belief as to Plaintiffs' allegation that all of the individuals listed in Schedule A of the First Amended Complaint are either retirees, spouses, eligible dependents, or surviving spouses as described. Therefore, Plaintiffs' allegation is denied. Without waiving its denial, Alcoa will respond to the allegations in Plaintiffs' First Amended Complaint as it relates to those individuals listed in Schedule A who it has identified.

3.      Subject to Alcoa's response to Paragraph 2 supra, Alcoa admits the allegations contained in Paragraph 3 of the First Amended Complaint.

4.      Alcoa admits that the majority of Plaintiffs were employed by Alcoa or Reynolds Metals Company or are spouses, eligible dependents, or surviving spouses of such persons. Alcoa admits that it or Reynolds Metals Company had ownership of the plants listed in Schedule A to the First Amended Complaint for at least the last twenty years. Alcoa denies the remaining factual allegations contained in Paragraph 4 of the First Amended Complaint.

5.      Alcoa admits that it and Reynolds Metals Company entered into collective bargaining agreements with various unions over a number of years. Alcoa further admits that it maintained a retiree health care benefits plan entitled the Employees' Group Benefit Plan of Alcoa Inc., Plan II, the terms of which are set forth in provisions of published and distributed

collective bargaining agreements, plan documents, and summary plan descriptions. Alcoa denies the remaining allegations contained in Paragraph 5 of the First Amended Complaint.

6.      Paragraph 6 of the First Amended Complaint states a legal conclusion to which no response is required. To the extent a response is necessary, Alcoa admits the allegations contained in Paragraph 6 of the First Amended Complaint.

7.      Alcoa admits that the majority of Plaintiffs are participants or beneficiaries of the retiree medical benefits plans provided by Alcoa or Reynolds Metals Company and that the terms of these plans are set forth in provisions of published and distributed collective bargaining agreements, plan documents, and summary plan descriptions. Alcoa denies the remaining allegations contained in Paragraph 7 of the First Amended Complaint.

8.      Alcoa denies the allegations contained in Paragraph 8 of the First Amended Complaint.

9.      Alcoa denies the allegations contained in Paragraph 9 of the First Amended Complaint.

10.     Alcoa denies the allegations contained in Paragraph 10 of the First Amended Complaint.

## I.      JURISDICTION AND VENUE

11.     Alcoa admits the enactment of the statutes cited in Paragraph 11 of the First Amended Complaint, but denies the existence of facts conferring jurisdiction or justifying judgment or relief under those statutes or any other law. Alcoa denies any remaining allegations of fact contained in Paragraph 11 of the First Amended Complaint.

12.     Paragraph 12 of the First Amended Complaint states a legal conclusion to which no response is required. To the extent that a response is necessary, Alcoa admits the enactment

of the statutes cited in Paragraph 12 of the First Amended Complaint and that this Court has jurisdiction over claims brought under those statutes. Alcoa denies the existence of facts conferring jurisdiction or justifying relief under those statutes or any other law.

13.     Paragraph 13 of the First Amended Complaint states a legal conclusion to which no response is required. To the extent that a response is necessary, Alcoa admits the enactment of the statutes cited in Paragraph 13 of the First Amended Complaint and that this Court has jurisdiction over claims based on those statutes. Alcoa denies the existence of facts conferring jurisdiction or justifying relief under those statutes or any other law.

14.     Paragraph 14 of the First Amended Complaint states a legal conclusion to which no response is required. To the extent that a response is necessary, Alcoa admits the enactment of the statutes referenced in Paragraph 14 of the First Amended Complaint and that this Court has jurisdiction over claims based on those statutes. Alcoa denies the existence of facts conferring jurisdiction or justifying relief under those statutes or any other law. Alcoa denies the remaining allegations contained in Paragraph 14 of the First Amended Complaint.

15.     Without waiving its right to transfer venue to a more convenient venue, Alcoa admits that venue is appropriate in this Court. Alcoa further admits the other allegations contained in Paragraph 15 of the First Amended Complaint, except for the last sentence of Paragraph 15, which states a legal conclusion to which no response is necessary.

## II.     PARTIES

16.     Upon information and belief, Alcoa admits the residency, place of employment, length of employment, and age of Charles Curtis. Alcoa also admits that Charles Curtis is a participant in the Plan provided by Alcoa. Alcoa further admits that a majority of the other

Plaintiffs listed in Schedule A to the First Amended Complaint are participants in the Plan. <u>See</u> Alcoa's response to Paragraph 2 <u>supra</u>.

17.     Alcoa admits that the majority of Plaintiffs retired between June 1, 1993 and June 30, 2006 under tax-qualified pension plans and were eligible for benefits under employee welfare benefit plans provided by Alcoa or Reynolds Metals Company (or are spouses, eligibile dependents, or surviving spouses of said retirees) and continue to be covered by the pension plans and the employee welfare benefit plans, as they may be amended. <u>See</u> Alcoa's response to Paragraph 2 <u>supra</u>.

18.     Subject to Alcoa's response to Paragraph 2 <u>supra</u>, Alcoa admits that the majority of Plaintiffs who are retirees of Alcoa or Reynolds Metals Company were members of the United Steelworkers of America Union, the Aluminum, Brick and Glass Workers International Union, and/or other unions and that these unions negotiated collective bargaining agreements with Alcoa or Reynolds Metals Company on behalf of such Plaintiffs.  These collective bargaining agreements speak for themselves, and Alcoa denies Plaintiffs' characterization of these agreements.  Alcoa further states that the summary plan descriptions described in Paragraph 18 of the First Amended Complaint speak for themselves, and Alcoa denies Plaintiffs' characterization of those summary plan descriptions.  Alcoa denies the remaining allegations contained in Paragraph 18 of the First Amended Complaint.

19.     Alcoa denies the allegations contained in Paragraph 19 of the First Amended Complaint.

20.     Alcoa admits that it is a Pennsylvania corporation and that its corporate headquarters is located at 201 Isabella Street, Pittsburgh, Pennsylvania, 15212-5858.  Further, Alcoa admits that it owns and operates a production plant in Alcoa, Tennessee and that

approximately 600 Plaintiffs are retirees, eligible dependents, or spouses of retirees or decedents from the Alcoa, Tennessee plant. Upon information and belief, Alcoa also admits that the town of Alcoa, Tennessee was incorporated in or about 1918. Alcoa denies the remaining allegations in Paragraph 20 of the First Amended Complaint.

21.     Alcoa admits the allegations contained in Paragraph 21 of the First Amended Complaint.

22.     Alcoa admits the allegations contained in Paragraph 22 of the First Amended Complaint.

23.     Alcoa denies that it does business in vinyl siding. Alcoa admits the remaining allegations contained in Paragraph 23 of the First Amended Complaint

24.     Alcoa denies the allegations contained in Paragraph 24 of the First Amended Complaint.

25.     Alcoa admits that since at least June 1, 1993, it and/or Reynolds Metals Company has been a plan administrator and plan sponsor of the Plan, has been a fiduciary of the Plan, has exercised discretionary authority and discretionary control respecting the management of the Plan, and/or has had discretionary authority or responsibility in the administration of the Plan. Alcoa denies the remaining allegations contained in Paragraph 25 of the First Amended Complaint.

26.     Alcoa admits the allegations contained in Paragraph 26 of the First Amended Complaint.

27.     Alcoa admits the allegations contained in Paragraph 27 of the First Amended Complaint.

28.     Alcoa denies the allegations contained in Paragraph 28 of the First Amended Complaint.

29.     Alcoa denies the allegations contained in Paragraph 29 of the First Amended Complaint.

30.     Alcoa admits that it purchased the stock of Reynolds Metals Company and, as part of the purchase, assumed Reynolds Metals Company's welfare benefit-related duties and liabilities in place at the time of the purchase.  Alcoa states that the transaction occurred in May 2000.  Alcoa denies the remaining allegations contained in Paragraph 30 of the First Amended Complaint.

31.     Subject to Alcoa's response to Paragraph 2 supra, Alcoa admits the allegations contained in Paragraph 31 of the First Amended Complaint.

32.     Alcoa admits the allegations contained in Paragraph 32 of the First Amended Complaint.

33.     Alcoa denies that it took over Reynolds Metals Company in or around 1996. Instead, Alcoa states that it acquired the stock of Reynolds Metals Company in the year 2000. Alcoa admits the remaining allegations contained in Paragraph 33 of the First Amended Complaint.

34.     Alcoa admits the allegations contained in Paragraph 34 of the First Amended Complaint.

35.     Alcoa denies that it took over Reynolds Metals Company in or around 1996, but states that it acquired the stock of Reynolds Metals Company in the year 2000.  Alcoa admits that, after the stock acquisition in 2000, most former Reynolds Metals Company employees who remained actively employed and had been covered by collective bargaining agreements between

various unions and Reynolds Metals Company or its subsidiaries continued to be covered by the same collective bargaining agreements. Alcoa denies the remaining allegations contained in Paragraph 35 of the First Amended Complaint.

36.     Alcoa denies the allegations contained in Paragraph 36 of the First Amended Complaint.

37.     Paragraph 37 of the First Amended Complaint is an averment to which no response is required.

### III.     FACTS

38.     Alcoa incorporates by reference herein its responses to Paragraphs 1 - 37 above.

39.     Alcoa admits that the majority of the individuals listed in Schedule A of the First Amended Complaint are either retirees who retired from Alcoa or Reynolds Metals Company between June 1, 1993 and June 30, 2006, their spouses, their eligible dependents, or their surviving spouses. Alcoa further answers that at this time, it lacks knowledge or information sufficient to form a belief as to Plaintiffs' allegation that all of the individuals listed in Schedule A of the First Amended Complaint are either retirees, spouses, eligible dependents, or surviving spouses as described. Therefore, Plaintiffs' allegation is denied. Without waiving its denial, Alcoa will respond to the allegations in Plaintiffs' First Amended Complaint as it relates to those individuals listed in Schedule A who it has identified.

40.     Subject to Alcoa's responses to Paragraphs 2 and 39 supra, Alcoa admits the allegations contained in Paragraph 40 of the First Amended Complaint.

41.     Subject to Alcoa's responses to Paragraphs 2 and 39 supra, Alcoa admits that, between June 1, 1993 and June 30, 2006, Plaintiffs, or persons from whom Plaintiffs derive their welfare benefits under Alcoa's or Reynolds Metals Company's plans, were covered by collective

bargaining agreements between Alcoa or Reynolds Metals Company and various unions. These collective bargaining agreements speak for themselves, and Alcoa denies Plaintiffs' characterization of those agreements. Alcoa denies the remaining allegations in Paragraph 41 of the First Amended Complaint.

42.     The collective bargaining agreements between Alcoa or Reynolds Metals Company and various unions speak for themselves, and Alcoa denies Plaintiffs' characterization of those agreements. Alcoa denies the remaining allegations contained in Paragraph 42 of the First Amended Complaint.

43.     The collective bargaining agreements between Alcoa or Reynolds Metals Company and various unions speak for themselves, and Alcoa denies Plaintiffs' characterization of those agreements.

44.     The summary plan descriptions referenced in Paragraph 44 of the First Amended Complaint speak for themselves, and Alcoa denies Plaintiffs' characterization of those summary plan descriptions. Alcoa denies the remaining allegations contained in Paragraph 44 of the First Amended Complaint.

45.     The summary plan descriptions referenced in Paragraph 45 of the First Amended Complaint speak for themselves, and Alcoa denies Plaintiffs' characterization of the 2002 summary plan description.

46.     The 1997 and 2001 summary plan descriptions referenced in Paragraph 46 of the First Amended Complaint speak for themselves, and Alcoa denies Plaintiffs' characterization of those summary plan descriptions.

47.    The 1993 summary plan description referenced in Paragraph 47 of the First Amended Complaint speaks for itself, and Alcoa denies Plaintiffs' characterization of the summary plan description.

48.    The 1990 summary plan description referenced in Paragraph 48 of the First Amended Complaint speaks for itself, and Alcoa denies Plaintiffs' characterization of the summary plan description.

49.    The 1998 summary plan description referenced in Paragraph 49 of the First Amended Complaint speaks for itself, and Alcoa denies Plaintiffs' characterization of the summary plan description.

50.    Alcoa admits that it and/or Reynolds Metals Company negotiated collective bargaining agreements with various unions which became effective, without limitation, on June 1, 1993, June 1, 1996, June 1, 2001, and June 1, 2006.

51.    Alcoa admits that it and/or Reynolds Metals Company published summary plan descriptions in, without limitation, 1986, 1990, 1997, 1998, 2001, and 2002, but denies that it and/or Reynolds published a summary plan description in 1993.

52.    Alcoa admits the allegations contained in Paragraph 52 of the First Amended Complaint.

53.    Alcoa states that it acquired the stock of Reynolds Metals Company in 2000. Alcoa also admits that former Reynolds Metals Company employees received summary plan descriptions for the benefit plans under which they were covered.  Alcoa denies the remaining allegations in Paragraph 53 of the First Amended Complaint.

54.    Alcoa admits that it issued a document entitled Master Agreement Plan, dated April 1, 2002, which describes the welfare benefit plan covering Alcoa and former Reynolds

Metals Company employees and retirees. Alcoa further admits that it merged the welfare benefits plan covering former Reynolds Metals Company employees and retirees with the welfare benefits plan covering Alcoa employees and retirees. Alcoa denies the remaining allegations contained in Paragraph 54 of the First Amended Complaint.

55. Alcoa denies the allegations contained in Paragraph 55 of the First Amended Complaint.

56. Alcoa states that it and the United Steelworkers of America Union reached a tentative agreement on May 31, 2006, which was ratified on June 22, 2006. This collective bargaining agreement speaks for itself, and Alcoa denies Plaintiffs' characterization of the collective bargaining agreement. Alcoa denies the remaining allegations contained in Paragraph 56 of the First Amended Complaint.

57. The collective bargaining agreement described in Paragraph 57 of the First Amended Complaint speaks for itself, and Alcoa denies Plaintiffs' characterization of the collective bargaining agreement. Alcoa denies the remaining allegations contained in Paragraph 57 of the First Amended Complaint.

58. The collective bargaining agreement described in Paragraph 58 of the First Amended Complaint speaks for itself, and Alcoa denies Plaintiffs' characterization of the collective bargaining agreement. Alcoa denies the remaining allegations contained in Paragraph 58 of the First Amended Complaint.

59. Alcoa denies the allegations contained in Paragraph 59 of the First Amended Complaint.

60.     Alcoa denies the allegations contained in Paragraph 60 of the First Amended Complaint and states that Plaintiffs ratified the collective bargaining agreements under which they retired and these agreements provided for a limit on benefits to be provided.

61.     Alcoa admits that certain Plaintiffs have written Alcoa making a claim for benefits under Alcoa's Plan, and Alcoa has responded in writing to most of these claims. Answering further, Alcoa states that Plaintiffs who have received Alcoa's letter initially denying such claims have 180 days from the date of receipt to seek review of the denial through the administrative appeal process. Alcoa denies the remaining allegations contained in Paragraph 61 of the First Amended Complaint.

62.     The collective bargaining agreement referenced in Paragraph 62 and the plan documents speak for themselves, and Alcoa denies Plaintiffs' characterization of the collective bargaining agreement. Alcoa denies the remaining allegations contained in Paragraph 62 of the First Amended Complaint.

63.     Alcoa denies the allegations contained in Paragraph 63 of the First Amended Complaint.

64.     Alcoa denies the allegations contained in Paragraph 64 of the First Amended Complaint.

**FIRST CAUSE OF ACTION**

65.     Alcoa incorporates by reference herein its responses to Paragraphs 1 - 64 above.

66.     Alcoa admits that 29 U.S.C. § 1132(a) provides as alleged, but denies the existence of any facts justifying relief under that statute.

67.     Alcoa admits that the majority of Plaintiffs are participants or beneficiaries in its welfare benefits plan. Alcoa further answers that at this time, it lacks knowledge or information

sufficient to form a belief as to Plaintiffs' allegation that all Plaintiffs are participants or beneficiaries in its welfare benefits plan. See Alcoa's responses to Paragraphs 2 and 39 supra.

68.     Alcoa denies the allegations contained in Paragraph 68 of the First Amended Complaint.

69.     Alcoa denies the allegations contained in Paragraph 69 of the First Amended Complaint.

70.     Alcoa denies the allegations contained in Paragraph 70 of the First Amended Complaint.

71.     Alcoa restates and incorporates by reference its response to Paragraph 67 of the First Amended Complaint.

72.     Alcoa denies the allegations contained in Paragraph 72 of the First Amended Complaint.  Alcoa specifically denies that Plaintiffs are entitled to any of the relief sought in Paragraph 72 of the First Amended Complaint.

## SECOND CAUSE OF ACTION

73.     Alcoa incorporates by reference herein its responses to Paragraphs 1 - 72 above.

74.     Alcoa states that it and various unions of which many of the Plaintiffs were members until retirement (or spouses or eligible dependents of members) entered into several collective bargaining agreements before or between 1993 and present.  These collective bargaining agreements speak for themselves, and Alcoa denies Plaintiffs' characterization of these agreements.  Alcoa denies the remaining allegations contained in Paragraph 74 of the First Amended Complaint.

75.     Alcoa admits that the relevant collective bargaining agreements incorporated by reference the summary plan descriptions.   The summary plan descriptions and collective

bargaining agreements described in Paragraph 75 of the First Amended Complaint speak for themselves, and Alcoa denies Plaintiffs' characterization of these summary plan descriptions and collective bargaining agreements.

76.     Alcoa denies the allegations contained in Paragraph 76 of the First Amended Complaint.

77.     Alcoa denies the allegations contained in Paragraph 77 of the First Amended Complaint.

78.     Alcoa denies the allegations contained in Paragraph 78 of the First Amended Complaint.  Alcoa specifically denies that Plaintiffs are entitled to any of the relief sought in Paragraph 78 of the First Amended Complaint.

## THIRD CAUSE OF ACTION

79.     Alcoa incorporates by reference herein its responses to Paragraphs 1 - 78 above.

80.     Alcoa admits that 29 U.S.C. § 1132(a)(3) provides as alleged, but denies the existence of facts justifying relief under that statute.

81.     Alcoa admits the allegations contained in Paragraph 81 of the First Amended Complaint.

82.     Alcoa denies the allegations contained in Paragraph 82 of the First Amended Complaint.

83.     Alcoa denies the allegations contained in Paragraph 83 of the First Amended Complaint.

84.     Alcoa denies the allegations contained in Paragraph 84 of the First Amended Complaint.

85.     Alcoa denies the allegations contained in Paragraph 85 of the First Amended Complaint.

86.     Alcoa denies the allegations contained in Paragraph 86 of the First Amended Complaint.

87.     Alcoa denies the allegations contained in Paragraph 87 of the First Amended Complaint.

88.     Alcoa denies the allegations contained in Paragraph 88 of the First Amended Complaint.  Alcoa specifically denies that Plaintiffs are entitled to any of the relief sought in Paragraph 88 of the First Amended Complaint.

## FOURTH CAUSE OF ACTION

89.     Alcoa incorporates by reference herein its responses to Paragraphs 1 - 88 above.

90.     Alcoa admits the enactment of ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), but denies the existence of facts justifying jurisdiction or relief under this statute.  Alcoa further states that 29 U.S.C. § 2201 has been repealed.

91.     Alcoa admits that Plaintiffs do not have vested welfare benefits and that it is entitled to amend those benefits.  Alcoa denies the remaining allegations contained in Paragraph 91 of the First Amended Complaint.

92.     Alcoa denies the allegations contained in Paragraph 92 of the First Amended Complaint.  Alcoa specifically denies that Plaintiffs are entitled to any of the relief sought in Paragraph 92 of the First Amended Complaint.

## JURY DEMAND

93.     Alcoa denies that Plaintiffs are entitled to a jury trial in this action.

94.    All allegations in the First Amended Complaint that are not specifically admitted are hereby expressly denied.

## PRAYER FOR RELIEF

With respect to the Prayer for Relief following Paragraph 93 of the First Amended Complaint, Alcoa denies that Plaintiffs are entitled to any of the relief requested therein, including subsections (1) - (5), denies that Plaintiffs are entitled to any relief whatsoever in this action, and further denies any allegations of fact set forth in the Prayer for Relief.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Alcoa hereby states the following affirmative and additional defenses, but does not assume the burden of proof on any such defenses except as required by law with respect to the particular defense asserted.

## FIRST DEFENSE

Some or all of the claims in the First Amended Complaint fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

Some or all of Plaintiffs' claims are barred, in whole or in part, by the applicable statute(s) of limitations or the doctrine of laches.

## THIRD DEFENSE

Some or all of Plaintiffs' claims are barred by the failure to exhaust administrative remedies.

## FOURTH DEFENSE

Alcoa has complied with and performed all applicable duties and responsibilities under the applicable collective bargaining agreements and benefit plans.

## FIFTH DEFENSE

Some or all of Plaintiffs' claims are barred by the doctrines of waiver, estoppel, unclean hands, and/or release.

## SIXTH DEFENSE

This Court is an inconvenient venue for this action.

## SEVENTH DEFENSE

Plaintiffs have failed to join indispensable parties.

## EIGHTH DEFENSE

Plaintiffs' First Amended Complaint seeks relief in a form or amount that is not available as a matter of law.

WHEREFORE, having fully answered, Alcoa respectfully requests that this action be dismissed with prejudice and that it be awarded costs, attorneys' fees, and any other relief that the Court deems appropriate.

This the 18th day of January, 2007.

Respectfully Submitted,

**ALCOA INC.**


By: _____*s/ John T. Winemiller*_____
        Counsel

John A. Lucas (Tenn. Bar No. 011198)
John T. Winemiller (Tenn. Bar No. 021084)
HUNTON & WILLIAMS LLP
2000 Riverview Tower
900 South Gay Street
P.O. Box 951
Knoxville, Tennessee 37902
865.549.7700 (telephone)
865.549.7704 (facsimile)
*jlucas@hunton.com / jwinemiller@hunton.com*

*Patricia K. Epps (Va. Bar No. 23007)
*Ryan A. Glasgow (Va. Bar No. 71023)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
804.788.8200 (telephone)
804.788.8218 (facsimile)
*pepps@hunton.com / rglasgow@hunton.com*

**Wood W. Lay (NC Bar No. 25126)
**Eric M. D. Zion (NC Bar No. 28347)
HUNTON & WILLIAMS LLP
Bank of America Plaza, Suite 3500
101 South Tryon Street
Charlotte, North Carolina 28280
704.378.4700 (telephone)
704.378.4890 (facsimile)
*wlay@hunton.com / ezion@hunton.com*

(* Motion for admission *pro hac vice* filed and pending)
(** Motion for admission *pro hac vice* to be filed)

**Counsel for Defendant Alcoa Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of January, 2007, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such a filing to the following:

Gregory F. Coleman, Esq.
6204 Baum Drive
Knoxville, Tennessee 37919

Robert S. Catapano-Friedman, Esq.
Robert S. Catapano-Friedman, PC
744 Broadway
Albany, New York 12207

Sarah Catapano-Friedman, Esq.
The Catapano-Friedman Law Firm
50 Franklin Street, 4th Floor
Boston, MA 02110

Mona Lisa Wallace, Esq.
Wallace & Graham, P.A.
525 North Main Street
Salisbury, NC 28144

_____ *s/ John T. Winemiller* _____
Counsel for Defendant Alcoa Inc.