# Exhibit K

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| CHARLES CURTIS, *et al.*, | ) | |
|---|---|---|
| | ) | |
| Plaintiffs, | ) | Civ. No. 3:06-cv-448 |
| | ) | Judge Phillips |
| v. | ) | |
| | ) | |
| ALCOA INC., Individually and as Fiduciary of the Employees' Group Benefits Plan of Alcoa Inc., Plan II, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

# PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES

Plaintiffs, pursuant to Fed. R. Civ. P. 54(d)(2)(B) and EDTN LR54.2, respectfully move the Court to award attorneys' fees and costs in this matter under ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1), stating that "[i]n any action under this subchapter … the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."

In support of their motion, the Plaintiffs show that, while finding against the Plaintiffs with regard to their claims on the merits for vested uncapped benefits, the Court did find that Plaintiffs have a right to vested benefits subject to a cap. This was a disputed issue in that Alcoa denied that Plaintiffs had any right to vested benefits whatsoever, while Plaintiffs contended that their benefits were vested. Plaintiffs' secondary argument after vesting without a cap was vested benefits with a cap. By ultimately finding that Plaintiffs have a right to vested benefits subject to a cap, the Court has conferred a substantial benefit on the Class achieved by this litigation. Under the applicable standard enunciated by the United States Supreme Court in *Hardt v. Reliance Standard Life Ins. Co.,* 130 S.Ct. 2149 (U.S. May 24, 2010), Plaintiffs have, thus, achieved some success on the merits of this case, entitling them to an award of attorneys' fees and expenses.

Accordingly, the Plaintiffs respectfully request that this Court find that Plaintiffs are entitled to an award of attorneys' fees and expenses and that the Court allow such supplemental submissions as it deems just and proper to determine the amount of fees and costs that should be awarded, and in particular allow the submission *in camera* of detailed time and expense records to the Court. In further support, Plaintiffs file contemporaneously herewith their Memorandum of Law and supporting Declarations.

Wherefore, Plaintiffs respectfully request that the Court grant their motion for an award of attorneys' fees and costs. Plaintiffs would request this Motion and any hearing thereon would be held in abeyance until the Court rules upon Plaintiffs' Motion for Clarification and to Amend the Judgment Order filed in this case.

Respectfully submitted, this the 23rd day of March, 2011.

> s/Gregory F. Coleman
> Gregory F. Coleman, Esq., BPR No. 014092
> Attorney for Plaintiffs
> Bank of America Center
> 550 Main Avenue, Suite 600
> Knoxville, TN 37902
> (865) 247-0080 (telephone)
> gcoleman@colemanedwardspc.com
>
> s/Mona Lisa Wallace
> Mona Lisa Wallace, Esq.
> Attorney for Plaintiffs
> Wallace and Graham, P.A.
> 525 North Main Street
> Salisbury, NC 28144
> (800) 849-5291 (telephone)
> mwallace@wallacegraham.com
> Admitted *Pro Hac Vice*
>
> s/Robert S. Catapano-Friedman
> Robert S. Catapano-Friedman
> Attorney for Plaintiff
> 11 N. Pearl St., Suite 1609
> Albany, New York 12207

2

(518) 463-7501 (telephone)
catapan@inbox.com
Admitted *Pro Hac Vice*

s/Sarah Catapano-Friedman
Sarah Catapano-Friedman, Esq.
Attorney for Plaintiffs
The Catapano-Friedman Law Firm
50 Franklin Street, 4th Floor
Boston, MA 02110
(617) 542-7711 (telephone)
scf@cflawfirm.com
Admitted *Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

> s/Gregory F. Coleman
> Gregory F. Coleman, Esq., BPR No. 014092